HOWARD HOLDERNESS, State Bar No. 169814
BRETT M. SCHUMAN, State Bar No. 189247
MORGAN, LEWIS & BOCKIUS LLP
One Market - Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:    415.442.1001
Email: hholderness@morganlewis.com

Attorneys for Defendants
ANDREAS BECHTOLSHEIM and
CISCO SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAIC SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ANDREAS BECHTOLSHEIM, and DOES 1-20, <br><br> Defendants. | Case No. C-07-3892-SI <br><br> **DEFENDANT BECHTOLSHEIM'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** <br><br> **[F.R.C.P. RULE 9(b), 12(b)(6) AND 12(e)]** |
| MOSAIC SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CISCO SYSTEMS, INC., and DOES 1-20, <br><br> Defendants. | Date:            September 21, 2007 <br> Time:            9:00 a.m. <br> Courtroom:    10 <br> Judge:           Hon. Susan Illston <br><br> **JURY TRIAL DEMANDED** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ............................................................................1

ISSUES TO BE DECIDED (LOCAL RULE 7-4) ............................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................2

I.      INTRODUCTION ...................................................................................................2

II.     STATEMENT OF THE CASE................................................................................3

III.    LEGAL STANDARD .............................................................................................5

IV.     ARGUMENT ..........................................................................................................6

        A.      The Statute of Limitations for Fraud Has Run for Causes of Action
               Sounding in Fraud Including the First, Second, Third, Fourth, Seventh and
               Eighth Causes of Action. ...........................................................................6

               1.      If a Cause of Action Sounds in Fraud, a Plaintiff Cannot Rely on a
                       Longer Statute of Limitations Simply by Labeling it Something
                       Different ...........................................................................................7

                       a.      The First Cause of Action for "Breach of Fiduciary Duty –
                             Breach of Loyalty" is Fraud in Disguise........................................9

                       b.      The Second Cause of Action for "Breach of Fiduciary Duty
                             – Breach of Honesty" Also Sounds in Fraud. ..............................10

                       c.      The Three-Year Statute for Fraud Also Applies to the Third
                             Cause of Action for "Breach of Fiduciary Duty – Duty of
                           Care." ............................................................................................10

                       d.      The Fourth Cause of Action for "Breach of Fiduciary Duty
                             – Duty of Good Faith" is Also a Fraud Cause of Action. ...........11

                 2.      Statute of Limitations for Fraud Expires Three Years after a
                       Reasonably Prudent Person would become "Suspicious" of the
                       Occurrence of Fraud...........................................................................11

                 3.      The Fraud Causes of Action are not Pled with Sufficient
                       Particularity as Required for Allegations of Fraud under Rule 9(b)........14

        B.      The Sixth Causes of Action is Time-Barred by the Three-Year Statute of
                Limitations for the Misappropriation of Trade Secrets.......................................15

        C.      The Fifth Cause of Action is Vague and Ambiguous and Should be
                Dismissed so that a more Definite Statement can be Provided...........................16

V.      CONCLUSION .....................................................................................................17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                                                i                              Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

## CASES

*Apple Valley Unified Sch. Dist. v. Vavrinek*
  98 Cal. App. 4th 934 (2002) ...............................................................................11

*Ashton-Tate Corp. v. Ross*
  916 F.2d 516 (9th Cir. 1990) ..............................................................................15

*Briano v. Rubio*
  46 Cal.App.4th 1167 (1996) ................................................................................9

*Butner v. Neustadter*
  324 F.2d 783 (9th Cir. 1963) ..............................................................................5

*City of Vista v. Robert Thomas Securities, Inc.*
  84 Cal. App. 4th 882 (2000) ...............................................................................7

*Conerly v. Westinghouse Electric Corp.*
  623 F.2d 117 (9th Cir. 1980) ..............................................................................5

*Consolidated Reservoir & Power Co. v. Scarborough*
  216 Cal. 698 (1932) ...........................................................................................12

*Crayton v. Superior Court*
  165 Cal.App.3d 443 (1985) .................................................................................7

*Curtis v. Kellogg & Andelson*
  73 Cal. App. 4th 492 (1999) ...............................................................................10

*Eminence Capital, LLC v. Aspeon, Inc.*
  316 F.3d 1048 (9th Cir. 2003) ............................................................................5

*Engalla v. Permanente Medical Group, Inc.*
  15 Cal.4th 951 (1977) .........................................................................................8

*Forcier v. Microsoft Corp.*
  123 F.Supp. 520 (N.D. Cal. 2000) ......................................................................15

*Hensler v. City of Glendale*
  8 Cal. 4th 1 (1994) .........................................................................................7, 15

*Hobart v. Hobart Estate Company*
  26 Cal. 2d 412 (1945) ...................................................................................11, 12

*Hydro-Mill Co. v. Hayward Tilton & Rolapp Ins. Assocs.*
  115 Cal. App. 4th 1145 (2004) ...............................................................7, 9, 10, 15

*Intermedics v. Ventritex Co.*
  775 F.Supp. 1258 (N.D. Cal. 1991) .....................................................................17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

*Jolly v. Eli Lilly & Co.*
  44 Cal. 3d 1103 (1988) ...................................................................................................11

*Lehman v. Superior. Court*
  145 Cal.App.4th 109 (2006) ......................................................................................6, 7, 9

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*
  6 Cal.App.4th 603 (1992) ...............................................................................................8

*MCV Inc. v. King-Steeley Thermos Co.*
  870 F.2d 1568 (Fed. Cir. 1989).....................................................................................16

*Miller v. Bechtel Corp.*
  33 Cal. 3d 868 (1983) ...................................................................................................12

*Smith v. Superior Court*
  217 Cal.App.3d 950 (1990)...............................................................................................9

*Stevens v. Superior Court*
  180 Cal.App.3d 605 (1986)...............................................................................................8

*TwoRivers v. Lewis*
  174 F.3d 987 (9th Cir. 1999)......................................................................................3, 5

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003)..........................................................................5, 12, 14

*Washington Consolidated Co. v. Wood*
  113 Cal. 482 (1986) ......................................................................................................12

**STATUTES**

California Civil Code Section 19 ...........................................................................................11

California Civil Code Section 1709 .....................................................................................8, 10

California Civil Code Section 1710 ..................................................................................7, 8, 10

California Code of Civil Procedure Section 359......................................................................9

California Code of Civil Procedure Section 338(d)....................................................7, 9, 10, 11

California Code of Civil Procedure Section 3426.6.................................................................15

California Corporations Code Section 309 .............................................................................9

Federal Rule of Civil Procedure 12(b)(6) .....................................................................1, 3, 5

Federal Rule of Civil Procedure 12(e) ...........................................................................1, 16

35 United States Code Section 256........................................................................................16

**TREATISES**

3 Witkin, Cal. Procedure (3d ed. 1985) ...................................................................................7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1

## NOTICE OF MOTION AND MOTION

2

3       PLEASE TAKE NOTICE that on September 21, 2007, at 9:00 a.m., before the Honorable

4   Susan Illston, at the United States District Court for the Northern District of California, located in

5   San Francisco, California, Defendant Andreas Bechtolsheim ("Mr. Bechtolsheim") will, and

6   hereby does, move the Court pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and Rule

7   9(b) for an order dismissing the First Amended Complaint filed against Mr. Bechtolsheim in this

8   action for failure to state a claim upon which relief can be granted and, in the alternative, for

9   failure to aver fraud with sufficient particularity.  Mr. Bechtolsheim also moves pursuant to Rule

10  12(e) for a more definite statement as to the fifth cause of action.

11      This Motion is based on this Notice of Motion and Motion, the following Memorandum

12  of Points and Authorities, the accompanying Request for Judicial Notice ("RJN") and exhibits

13  thereto, and all pleadings and papers filed in this case.[1]

14

15

## ISSUES TO BE DECIDED (LOCAL RULE 7-4)

16      1.  Whether the first, second, third, fourth, seventh and eighth causes of action are

17          barred by the three-year statute of limitations for fraud.

18      2.  Whether the sixth cause of action is barred by the three-year statute of limitations

19          for the misappropriation of trade-secrets.

20      3.  Whether the fifth cause of action should be dismissed so that a more definite

21          statement can be made, or whether it is barred by the three-year statute of

22          limitations for the misappropriation of trade-secrets.

23

24

25

26

27

28

---

[1] Citation herein to a "Rule" is to a Federal Rule of Civil Procedure, unless otherwise noted.  The California Code of Civil Procedure is cited as "C.C.P. §_," and the California Civil Code as "Civil Code §_."  Emphasis is added unless otherwise noted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3      Plaintiff Mosaic Systems, Inc. ("Mosaic") originally filed an action against Defendant

4  Cisco Systems, Inc. ("Cisco") in state court three-and-a-half years ago.  Three amended

5  complaints followed.  Although he is mentioned repeatedly in the operable complaint against

6  Cisco, it was not until late 2006 that Mosaic got around to suing Andreas Bechtolsheim, a former

7  Mosaic board member and a former vice president at Cisco.  In doing so, Mosaic made

8  allegations almost identical to those that it had previously made against Cisco.  Because of the

9  overlapping factual allegations and legal theories, the state court consolidated the actions against

10  Cisco and Mr. Bechtolsheim for at least pre-trial purposes.

11      While the state court considered the issue of consolidation, Mr. Bechtolsheim exercised

12  his right to challenge the legal sufficiency of the complaint filed against him as an individual.

13  Not surprisingly, given the delay in naming him as a defendant, his key argument was that the

14  statute of limitations had run on the claims for which he was named as a defendant.  The state

15  court sustained his demurrer but granted leave to amend.  In doing so, it held that the gravamen of

16  Mosaic's breach of fiduciary duty claim against Mr. Bechtolsheim was *fraud* and that Mosaic had

17  not alleged a timely fraud cause of action.  The state court granted leave to amend to give Mosaic

18  another chance to plead late discovery of the alleged fraud, a pleading requirement that Mosaic

19  had not met in the original complaint against Mr. Bechtolsheim.

20      Last month, Mosaic filed a First Amended Complaint ("FAC") against Mr. Bechtolsheim.

21  In the FAC, Mosaic – for the first time in the history of this litigation – challenged the

22  inventorship of a patent that two Cisco employees had applied for in June 2003, and thus, stated a

23  cause of action that arises under the patent laws of the United States.  For this reason, Defendants

24  removed the consolidated actions to federal court.  Because Mr. Bechtolsheim has not yet

25  answered the complaint against him in state court, he is here exercising his right to challenge the

26  FAC pursuant to Rule 81(c).

27      This Court should reach the same conclusions the state court did: most, if not all, of the

28  claims against Mr. Bechtolsheim are time barred.  The FAC may look a little different from the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                          2                          Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1   Original Bechtolsheim Complaint, but with the exception of a new patent allegation, the

2   gravamen of the FAC is still fraud.  Moreover, these fraud allegations are even more obviously

3   untimely.  Where as the Original Bechtolsheim Complaint alleged discovery of the breach of

4   fiduciary duties "sometime in 2003," Mosaic now admits in an allegation incorporated in every

5   one of its causes of action that it believed in February 2003 that Mr. Bechtolsheim was in breach

6   of his fiduciary duties because his misrepresentations, concealments and fraud had caused Mosaic

7   irreparable damages.  Accordingly, Mosaic's first, second, third, fourth, seventh and eighth

8   causes of action remain time barred and should be dismissed by this Court.

9          Similarly, the sixth cause of action for breach of fiduciary duty lifts and embellishes

10  allegations relating to the misappropriation of trade-secrets contained in the Original

11  Bechtolsheim Complaint.  Because this embellished breach of fiduciary duty claim is at its root

12  an alleged misappropriation of trade secrets, the sixth cause of action is also time-barred by the

13  applicable three-year statute of limitations.

14         Finally, the fifth cause of action for Patent Theft is simply too vague.  If Mosaic is going

15  to threaten a patent granted to Cisco's employees by alleging that Mr. Bechtolsheim participated

16  in the misidentification of the inventors, Mosaic should do so explicitly and allege who it believes

17  to be the true inventor.  Federal practice dictates a level of specificity that is missing here.  As a

18  result, it remains unclear what Mosaic's legal theories are that relate to the patent, and an

19  intelligible response to the allegations is impossible.

20  **II.     STATEMENT OF THE CASE[2]**

21         The origins of this dispute date back to mid-2000.  FAC ¶10.  As a result, a timeline of

22  events effectively sets forth the background and procedural history of this case.

23         •     In July of 2000, Mr. Bechtolsheim, who was an investor in Mosaic, joined

24               Mosaic's Board of Directors.  FAC ¶12.

---

[2] On this Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe all **reasonable** inferences in favor of the plaintiff.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  For this reason, the "facts" in this motion draw largely from the plaintiff's narrative of events.  By doing so, neither Mr. Bechtolsheim nor Cisco *in any way* accepts as true the allegations or facts as presented by Mosaic's pleadings or papers.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1    •    In mid-2000, Mosaic and Cisco, through Mr. Bechtolsheim who was a Vice
2         President and General Manager at Cisco, engaged in discussions concerning the
3         development of a high-speed SRAM chip.  FAC ¶¶11, 16.

4    •    On May 2, 2001, Mosaic and Cisco entered into a written Mutual Non-Disclosure
5         Agreement ("NDA") to protect the exchange of confidential material.  FAC ¶18.

6    •    On June 6, 2002, Cisco proposed the idea of developing a new, custom SRAM to
7         be called CSRAM.  FAC ¶¶23, 24.  Mosaic believed that it was the only company
8         Cisco was working with to develop the SRAM chip.  FAC ¶25.

9    •    In August of 2002, Mosaic first became aware of and concerned with competitors
10        for Cisco's business for SRAM chips.  FAC ¶27.

11   •    In January of 2003, Cisco informed Mosaic that it would not enter into a supplier
12        deal with Mosaic for CSRAM chips and that Cisco had chosen other suppliers for
13        the CSRAM chips.  FAC ¶¶41, 43.

14   •    In February of 2003, Mosaic discovered Mr. Bechtolsheim's breaches of his duty
15        of loyalty.  FAC ¶65.

16   •    In March of 2003, Mosaic through its board of directors began investigating
17        potential legal claims.  FAC ¶48.

18   •    On June 16, 2003, Cisco applied for patent US 7,047,385 B1 called "High-Speed
19        Memory for Use in Networking Systems" ("385 Patent").  FAC ¶53.

20   •    On September 4, 2003, Mosaic sent Cisco a formal demand letter that ultimately
21        served as the basis for Mosaic's suit against Cisco.  RJN Exh. A.  On that same
22        day, Mr. Bechtolsheim resigned from Mosaic's Board of Directors.  FAC ¶50.

23   •    On March 29, 2004, Mosaic sued Cisco in Santa Clara Superior Court alleging, in
24        part, that Cisco aided and abetted Mr. Bechtolsheim in his breaches of fiduciary
25        duty towards Mosaic.  RJN Exh. B & E.

26   •    On October 13, 2006, Mosaic sued Mr. Bechtolsheim in Santa Clara Superior
27        Court for Breach of Fiduciary Duty, Negligent Misrepresentation, Constructive

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7584886.2                          4                     Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1      Fraud, Concealment and Unfair Competition.  RJN Exh. C. ("Original

2      Bechtolsheim Complaint")

3   •   On July 3, 2007, the Honorable Kevin E. McKenney sustained with leave to

4      amend Mr. Bechtolsheim's demurrer on all causes of action.  RJN Exh. D.

5   •   On July 18, 2007, Mosaic served Bechtolsheim with the FAC, contesting for the

6      first time the inventorship of Cisco's 385 Patent.  FAC ¶¶53, 98-101.

7   •   On July 30, 2007, Bechtolsheim removed to this Court on the basis of the

8      challenge to the inventorship of Cisco's 385 Patent because such a dispute arises

9      under patent law for the purposes of federal subject matter jurisdiction.

10  **III.    LEGAL STANDARD**

11      A federal court must dismiss a suit pursuant to Rule 12(b)(6) if the suit fails to state a

12  claim upon which relief can be granted.  Dismissal based on the statute of limitations is proper

13  under Rule 12(b)(6), if the complaint, when read liberally, would not permit the plaintiff to prove

14  that the statute was tolled.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  It is "firmly

15  established" that "federal courts must borrow the state statute of limitations" and use state law on

16  issues related to the tolling of the statute.  *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117,

17  119 (9th Cir. 1980).  Moreover, because in this case there is a history that preceded removal, this

18  Court should treat everything that occurred in the state court "as if it had taken place in federal

19  court."  *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963).

20      In addition, complaints grounded in fraud must meet a heightened pleading standard

21  pursuant to Rule 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

22  Failure to plead fraud with sufficient particularity can lead to dismissal.  *Id*., at 1107.  A motion to

23  dismiss under Rule 9(b), is the functional equivalent of a motion to dismiss under Rule 12(b)(6).

24  *Id*., at 1107.  If the complaint cannot be saved by amendment, dismissal may be with prejudice

25  and without leave to amend.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

26  (9th Cir. 2003).

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

IV.    **ARGUMENT**

    A.    **The Statute of Limitations for Fraud Has Run for Causes of Action Sounding in Fraud Including the First, Second, Third, Fourth, Seventh and Eighth Causes of Action.**

The state court had a very similar complaint before it, and it dismissed Mosaic's "Breach of Fiduciary Duty" cause of action with leave to amend because it sounded in fraud, and there was no indication that the complaint was filed within the applicable three-year statute of limitations:

> The demurrer to the First Cause of Action for Breach of Fiduciary Duty on the ground that it is barred by the statute of limitations is SUSTAINED with 10 days leave to amend. "To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." (*Lehman v. Sup. Ct.* (2006) 145 Cal.App.4th 109, 122.)  Here, though labeled a cause of action for breach of fiduciary duty, the gravamen appears to lie in fraud, since it is predicated largely upon allegations that Defendant made misrepresentations and false promises.  An action for fraud must be brought within three years after the cause of action accrues.  (Code Civ. Proc., §338, subd. (d).)

Order, attached as Exhibit D to the RJN, at 1-2

In the same Order, the state court dismissed the Constructive Fraud and Concealment causes of action with leave to amend for identical reasons.

Given that the state court dismissed with leave to amend, the ultimate questions that this Court must address are similar to the questions addressed by the state court in its Order. Specifically, this Court must decide:

- Does fraud's three year statute of limitations apply to each of Mosaic's newly drafted Breach of Fiduciary Causes of Action, as well as the Fraud and Concealment Causes of Action?

- Given the allegations made in the FAC, is it impossible for Mosaic to demonstrate that it was free of suspicion as to Mr. Bechtolsheim's actions until after October 13, 2003?

The answer to both questions is "yes."  The causes of action alleged in the FAC are not materially different from those in the Original Bechtolsheim Complaint.  *Compare* Original

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                                    6                          Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

Bechtolsheim Complaint ¶¶1-43 *with* FAC ¶¶1-44 (only ¶13 is entirely new). They have just grown in number. Where the state court found a single breach of fiduciary duty claim "predicated largely upon allegations that Defendant made misrepresentations and false promises," *see* Order at 1-2, this Court now simply faces multiple breaches of fiduciary duty claims that similarly allege misrepresentations and false promises. In the end, the number of causes of action makes not difference. It is the gravamen of each that is dispositive and here the "amended" causes of action are as easily disposed of as they were in the state court. This time, however, dismissal should be with prejudice.

1.    **If a Cause of Action Sounds in Fraud, a Plaintiff Cannot Rely on a Longer Statute of Limitations Simply by Labeling it Something Different**

California Code of Civil Procedure Section 338(d) establishes a three-year statute of limitations for fraud and expressly applies to the Seventh Cause of Action for Constructive Fraud. The application of this statute is, however, not limited to causes of action labeled with the word "Fraud." Rather, Section 338(d) is comprehensive and applies 'if fraud or mistake is the basis of the legal injury (the ground of the action)… regardless of whether the complaint seeks legal or equitable relief or pleads a cause of action in tort or contract.'" *Hatch*, 225 Cal.App.3d at 1110 (citing 3 Witkin Cal.Proc.3d §448, 1985). To determine which statute of limitations applies "it is necessary to identify the *nature* of the cause of action, *i.e.*, the '*gravamen*' of the cause of action…. The nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code." *Hensler v. City of Glendale*, 8 Cal.4th 1, 22-23 (1994); *see also Hydro-Mill Co. v. Hayward Tilton & Rolapp Ins. Assocs.*, 115 Cal.App.4th 1145, 1153 (2004); *Lehman v. Superior. Court,* 145 Cal.App.4th 109, 122 (2006). For example, the gravamen of any concealment claim is readily identified as fraud. *Crayton v. Superior Court*, 165 Cal.App.3d 443, 451 (1985) ("Fraud in the form of concealment is defined in subdivision 3 of [Civil Code] section 1710"). Similarly, there are multiple cases in California in which courts ruled that a breach of fiduciary duty claim had its gravamen in fraud for statute of limitations purposes. *See City of Vista v. Robert Thomas Securities, Inc.,* 84 Cal.App.4th 882, 889 (2000); *Hatch v. Collins*, 225 Cal.App.3d 1104, 1110 (1990).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                    7                    Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1    After initially failing in its efforts to pass off fraud allegations as breaches of fiduciary

2    duties, Mosaic has tried again in the FAC.  Its efforts again fail.  Although styled as causes of

3    action for breach of fiduciary duty, the first four causes of action actually sound in fraud and

4    misrepresentation.[3]

5    The analysis of these four causes of action is made easier with the elements of fraud in

6    mind.  The elements are "(a) misrepresentation (false representation, concealment, or

7    nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce

8    reliance; (d) justifiable reliance; and (e) resulting damage."  *Engalla v. Permanente Medical*

9    *Group, Inc.*, 15 Cal.4th 951, 974 (1977).  Intentional misrepresentation, negligent

10   misrepresentation and concealment are simply species of deceit.  *See* California Civil Code

11   §§ 1709 and 1710; *see also Stevens v. Superior Court,* 180 Cal.App.3d 605, 608 (1986).  The

12   elements of an action for "fraud and deceit based on a concealment are: (1) the defendant must

13   have concealed or suppressed a material fact, (2) the defendant must have been under a duty to

14   disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or

15   suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been

16   unaware of the fact and would not have acted as he did if he had known of the concealed or

17   suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff

18   must have sustained damage."  *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal.App.4th

19   603, 612-613 (1992).

20   In the end, this Court is free to and should disregard Mosaic's characterization of its

21   causes of action for purposes of determining which limitations period applies.  As explained in

---

[3] The Original Bechtolsheim Complaint's cause of action for "Breach of Fiduciary Duty" explicitly "includes, but is not limited to, obligations to be <u>truthful</u> to Mosaic, to exercise <u>good faith</u> and <u>due diligence</u> in his [Mr. Bechtolsheim's] directives to Mosaic and to reasonably look after Mosaic's <u>best interests</u>."  *See* Complaint ¶47.  The FAC simply splits those four compounded fiduciary duties into four discrete causes of action: truthful became a "Duty of Honesty" in the second cause of action, good faith remained a "Duty of Good Faith" in the fourth cause of action, due diligence became care in the "Duty of Care" for the third cause of action, and looking after Mosaic's best interests became a "Duty of Loyalty," the first cause of action.  Thus, the first four causes of action in Mosaic's FAC – each for "Breach of Fiduciary Duty" – are bite-sized pieces from the expansive original cause of action for breach of fiduciary duty, and thus, the state court's reason for granting the demurrer because the original complaint was untimely under the fraud statute of limitations continues to hold true here.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                          8                          Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1  more detail below, Mosaic cannot prolong this limitations period by attempting to disguise fraud

2  causes of action.[4]  *Hydro-Mill Co. v. Hayward Tilton & Rolapp Ins. Assocs.*, 115 Cal.App.4th

3  1145, 1159 (2004).  The state court rejected such efforts, this Court should as well.

4           a.    The First Cause of Action for "Breach of Fiduciary Duty – Breach
                  of Loyalty" is Fraud in Disguise.

5

6           Mosaic's first cause of action for breach of loyalty relies on a theory of fraud and

7  misrepresentation.  While many events dating back as far as 2000 are discussed in this cause of

8  action, the first breach of loyalty seems to be connected with a non-disclosure agreement or NDA.

9  Mosaic alleges that Mr. Bechtolsheim "signed the NDA on behalf of Cisco" but that he concealed

10 the fact that Cisco was using Mosaic's trade-secrets "in breach of the NDA."  FAC ¶¶26, 57.

11 Mosaic also alleges that Mr. Bechtolsheim's position at Cisco "involved business activities with

12 other companies" but that he concealed the fact that "Cisco was in fact actively soliciting quotes

13 on the CSRAM chip from Plaintiff's competitors."  FAC ¶¶31, 59.  In addition to these acts of

14 active concealment, the elements of an alleged misrepresentation are also manifest: promises that

15 were false, reliance on those promises, and harm suffered as a result.  FAC ¶¶64, 66.

16          Stated another way, if this cause of action were devoid of concealments and actionable

17 misrepresentations, would there be anything left?  The obvious answer is no.  Thus, this cause of

18 action sounds in fraud and Section 338(d) is the applicable statute of limitation.

19

20

21

22 [4] Mosaic has styled its causes of action as breaches of fiduciary duty, and while some California
   courts have held that the statute of limitations for breach of fiduciary duty is three years, the case
23 law is not conclusive.  In *Smith v. Superior Court*, 217 Cal.App.3d 950 (1990), the Fourth
   Appellate District Court concluded that a traditional breach of fiduciary claim was based on the
24 statutory standard set forth in California Corporations Code §309, and thus was a "liability
   created by law" subject to the three year statute of limitations period of C.C.P. §359.  The Sixth
25 Appellate District Court disagreed, and held in *Briano v. Rubio*, 46 Cal.App.4th 1167 (1996), that
   the cause of action for a traditional breach of fiduciary duty was not subject to §359 because
26 under that statute, a cause of action is based upon a liability created by law only if it exists by
   virtue of an express statute or constitutional provision and did not exist at common law – and
27 Corporations Code §309 codifies the common law.  The Second Appellate District Court in
   *Lehman v. Superior Court*, 145 Cal.App.4th 109 (2006), agreed with the reasoning of *Briano v.*
28 *Rubio* and adopted its holding.

1      b.  The Second Cause of Action for "Breach of Fiduciary Duty –
         Breach of Honesty" Also Sounds in Fraud.

2

3    The gravamen of Mosaic's second cause of action for breach of honesty is also fraud and

4  misrepresentation.  For example, Mosaic alleges that "Bechtolsheim chose to omit material facts,"

5  that "Defendant hid several material facts" and that "these misrepresentations were negligent

6  and/or made in bad faith." FAC ¶¶70, 74.  Recall the elements of misrepresentation and deceit:

7  making statements ("Bechtolsheim repeatedly assured Plaintiff that Mosaic's technology was far

8  ahead" and "Bechtolsheim promised an acquisition offer"), that are alleged to be false

9  ("assurances were untrue" and "these misrepresentations were negligence and/or made in bad

10  faith"), that Mosaic relied on ("prevent[ed] Plaintiff from seeking out other potential business

11  partners" and "caused Plaintiff to entrust"), to its detriment ("served to lock Plaintiff out of the

12  SRAM market" and "waste thousands of person-hours"). FAC ¶¶72-74.  They are all there.

13    In the end, allegations of deceit are at the root of this cause of action and Section 338(d)

14  applies.  *See also* Civil Code §§ 1709 and 1710.[5]

15      c.  The Three-Year Statute for Fraud Also Applies to the Third Cause
         of Action for "Breach of Fiduciary Duty – Duty of Care."

16

17    The gravamen of Mosaic's third cause of action for the breach of duty of care is fraud and

18  misrepresentation.  At the heart of the cause of action, Mosaic alleges "Bechtolsheim repeatedly

19  failed to disclose information pertinent to Mosaic… deliberately allowing Mosaic to operate

20  under false assumptions for his own and for Cisco's gain."  FAC ¶83.  The FAC alleges that

21  "Bechtolsheim made specific representations," "repeatedly assured Mosaic," "failed to investigate

22  the veracity of the many representations and assurances he made to Mosaic," and that "Defendant

23  made repeated promises and assurances, which he knew to be false or misleading," FAC ¶¶78-80,

24  84.  False and misleading representations, promises and assurance are by their very nature

25  ─────────────
[5] Insofar as the second and fourth causes of action might be grounded in professional negligence,
FAC ¶74 and FAC ¶93, they would also clearly be time-barred.  As the state court found in
response to Mr. Bechtolsheim's demurrer, when the gravamen of a breach of fiduciary duty claim
is professional negligence, the two-year limitations period in C.C.P. §339 applies.  *See Hydro-*
*Mill Co.,* 115 Cal.App.4th at 1153; *Curtis v. Kellogg & Andelson*, 73 Cal.App.4th 492, 503
(1999).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1   fraudulent, and Section 338(d) applies to this cause of action as well.

2           d.      The Fourth Cause of Action for "Breach of Fiduciary Duty – Duty
                    of Good Faith" is Also a Fraud Cause of Action.
3

4           Deceit and fraud are also central to the fourth cause of action for breach of duty of good

5   faith.  Mosaic alleges that Mr. Bechtolsheim "promised an acquisition offer by Cisco."  FAC ¶91.

6   It then complains the promised acquisition did not happen.  FAC ¶32.  Moreover, the FAC also

7   alleges that Mr. Bechtolsheim actually hid "several material facts from Mosaic regarding Cisco's

8   ongoing negotiations with Plaintiff's competitors."  FAC ¶91.  Finally, contrary to an alleged

9   duty to disclose, the cause of action avers that "Defendant did not inform Mosaic that a patent

10  was being filed on its ideas."  FAC ¶92.  These misrepresentations and concealments were relied

11  on by Mosaic to its detriment, FAC ¶¶89, 90, and thus, the gravamen of the claim is fraud.

12          2.      **Statute of Limitations for Fraud Expires Three Years after a
                    Reasonably Prudent Person would become "Suspicious" of the
13                  Occurrence of Fraud.**

14          Pursuant to Section 338(d), "an action for relief on the ground of fraud or mistake" must

15  be brought within three years of its accrual.  A cause of action for fraud does not accrue "until the

16  discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  C.C.P. §338(d).

17  But, a "person who has actual notice of circumstances sufficient to put a prudent man upon

18  inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by

19  prosecuting such inquiry, he might have learned such fact."  Civil Code §19.  That rule of inquiry

20  notice applies to the discovery of fraud.  *See Hobart v. Hobart Estate Company,* 26 Cal.2d 412,

21  437 (1945).  Thus, in fraud cases the *means* of knowledge are equivalent to *actual* knowledge

22  where a person knows facts that would make a reasonably prudent person suspicious of fraud, and

23  at that point of suspicion, the statute of limitations starts to run.  *Id.*, at 442; *see also Jolly v. Eli*

24  *Lilly & Co.,* 44 Cal.3d 1103, 1110 (1988); *Apple Valley Unified School Dist. v. Vavrinek,* 98

25  Cal.App.4th 934, 943 (2002).

26          Generally, the statute of limitations runs from the time a wrong is committed, so this

27  "discovery rule" is considered an exception to the general rule, and a plaintiff must affirmatively

28  bring himself within the terms of the exception.  *See Consolidated Reservoir & Power Co. v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                           11                           Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1    *Scarborough*, 216 Cal. 698, 701 (1932) (citing *Lady Washington Consolidated Co. v. Wood,* 113

2    Cal. 482, 486 (1896)).  A plaintiff has to prove that the fraud was committed in such a

3    circumstance that he could not be presumed to have known about it or suspected it, and he must

4    explain in the complaint when and how he came to facts sufficient to put him on notice inquiry.

5    *Consolidated Reservoir*, 216 Cal. at 703; *see also Vess*, 317 F.3d at 1106 (pursuant to Rule 9(b),

6    averments of fraud must be accompanied by the "who, what, when, where, and how" of the

7    misconduct charged).

8           Even where a fiduciary relationship exists such that "facts which would ordinarily require

9    investigation may not excite suspicion, and that the same degree of diligence is not required," the

10   statute of limitations still starts as soon as a plaintiff learns of some incident or some fact

11   sufficient to arouse the suspicions of a reasonable person.  *Consolidated Reservoir*, 216 Cal. at

12   703; *see also Miller v. Bechtel Corp*., 33 Cal.3d 868, 873 (1983) (despite a fiduciary relationship,

13   early suspicion put plaintiff on inquiry notice of the potential wrongdoing and barred the action).

14          Because Mr. Bechtolsheim resigned from the Mosaic board of directors more than three

15   years before Mosaic filed a complaint against him, the application of the discovery rule comes

16   down to the issue of whether Mosaic has admitted that it was or should have been suspicious of

17   Mr. Bechtolsheim prior to October 2003.[6]  To this end, Mosaic's FAC demonstrates that Mosaic

18   was aware of some of Mr. Bechtolsheim's alleged fraudulent conduct more than three years prior

19   to the filing of this action.  Specifically, Mosaic incorporates in each of its causes of action the

20   allegation that it "reasonably acted on Defendant's reassurances and information as a member of

21   the Board of Directors, and consequently suffered irreparable harm from his intentional breach of

22   fiduciary duty."  FAC ¶64.  By alleging that Mr. Bechtolsheim intentionally provided Mosaic

23   with reassurances and information in order to mislead or harm, Mosaic is alleging that Mr.

24   Bechtolsheim acted fraudulently.  Mosaic further alleges that it "discovered Defendant's breaches

25

26   [6] To the extent that the Court has any questions concerning when Mosaic became suspicious, it is
     as discussed above for Mosaic to make sufficiently precise allegations so that the Court and the
27   parties may reasonably analyze the allegations.  The Court could enter such an order as an
     alternative to dismissal with prejudice.  Such allegations must, of course, be made in compliance
28   with Rule 11 obligations.  *See* II.C *infra.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                                    12                          Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1  of his duty of loyalty starting in February 2003 following the collapse of Mosaic's relationship

2  with Cisco."  FAC ¶65.   By this allegation Mosaic admits that it learned of Mr. Bechtolsheim's

3  alleged fraudulent conduct in February of 2003.  Not only did this put Mosaic on actual notice

4  that Mr. Bechtolsheim had allegedly breached his duty of loyalty, but it had to have put the

5  company on notice with regards to his treatment of fiduciary obligations in general.  After all, by

6  this date, Mosaic alleges that significant trade secrets had been acquired by Mr. Bechtolsheim and

7  that it had come to rely on his many representations to the company.  If one knows a fiduciary has

8  breached his duty of loyalty, suspicion should exist by definition, and a prudent actor would be on

9  inquiry notice that there might be other breaches.  Accordingly, there is no doubt on the face of

10  the FAC that the statute of limitations for Mosaic's causes of action sounding in fraud began to

11  run in February of 2003 at the latest.  That statute, therefore, expired by February 2006, eight

12  months before Mosaic filed the Original Bechtolsheim Complaint, and all of causes of action

13  sounding in fraud are, thus, untimely.

14  Additionally, even if the Court were to find that the FAC is not sufficiently clear that

15  Mosaic became suspicious of fraud in February 2003, there are at least two other relevant events

16  of which the Court may take judicial notice.  Both indicate that Mosaic was suspicious of fraud

17  more than three years prior to the commencement of this action.  The first event is Mosaic's

18  investigation in March 2003 of potential legal claims arising out of the failed negotiations

19  between Cisco and Mosaic.  FAC ¶48.  The second event is Mosaic's subsequent issuance of a

20  pre-litigation demand letter to Cisco on September 4, 2003, concerning potential legal claims

21  arising out of Mosaic's, Mr. Bechtolsheim's and Cisco's interactions regarding SRAM memory

22  chips, and Mr. Bechtolsheim's immediate resignation from Mosaic's Board of Directors upon

23  learning of the demand letter.  RJN Exh. A; FAC ¶50.  A pre-litigation investigation into whether

24  there were any viable causes of action against Cisco and Mr. Bechtolsheim and the issuance of a

25  demand letter based on the underlying alleged facts of the fraud allegations, separately and

26  together, indicate that Mosaic was suspicious of fraud or wrongdoing before October 13, 2003.

27  Since suspicion is the triggering event for the running of the statute of limitations in causes of

28  action sounding in fraud, Mosaic's fraud causes of action are untimely.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1   In sum, Mosaic knew about any alleged fraud well over three years prior to suing Mr.

2   Bechtolsheim. The FAC clearly demonstrates that. Thus, Mosaic's fraud-based causes of action

3   are barred by the three-year statute of limitations. Accordingly, this Court should grant Mr.

4   Bechtolsheim's motion to dismiss Mosaic's first, second, third, fourth, seventh and eighth causes

5   of action with prejudice.

6        3.    **The Fraud Causes of Action are not Pled with Sufficient Particularity as Required for Allegations of Fraud under Rule 9(b).**

7

8   Pursuant to Rule 9(b), claims of fraud must be plead with "particularity," meaning

9   averments of fraud must be accompanied by the "who, what, when, where, and how" of the

10  misconduct charged. *Vess*, 317 F.3d at 1106. Mosaic does not come close to meeting this

11  standard. In one part of the FAC, Mosaic vaguely alleges (with no support) that it did not

12  discover Cisco's true intentions (or Mr. Bechtolsheim's role therein), until "early 2005." FAC

13  ¶¶124, 131. But Mosaic contradicts that by admitting it learned of alleged differences between

14  the role Mr. Bechtolsheim played and the role Mosaic thought he had played on "November 18,

15  2004." FAC ¶52. And in the original Complaint, Mosaic equally vaguely claimed it did not learn

16  of these causes of action "until 2003." *See* Original Bechtolsheim Complaint at ¶58. These

17  wishy-washy self-contradictory and self-serving allegations do not square with the facts – as

18  presented on the face of the allegation and in other judicially noticeable filings – that Mosaic

19  *knew* of breaches of fiduciary duty by February 2003, *started* an investigation into the Cisco

20  matter by March 2003, and *sent* a demand letter on September 4, 2003, the same day Mr.

21  Bechtolsheim resigned. Mosaic must therefore plead *with specificity* facts that show it did not

22  discover the alleged fraud and that it should not be charged with having discovered that fraud,

23  prior to October 13, 2003. Mosaic's FAC fails to plead such facts, and on this basis, Mr.

24  Bechtolsheim's motion to dismiss Mosaic's fraud causes of action should be granted, this time,

25  with prejudice. In the alternative, however, Mosaic must be forced to plead facts that are

26  consistent both with its historic allegations and its Rule 11 obligations and that demonstrate

27  suspicion arising only after October 13, 2003.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                    14                    Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1

**B.    The Sixth Causes of Action is Time-Barred by the Three-Year Statute of Limitations for the Misappropriation of Trade Secrets**

2

3    Although styled as a cause of action for breach of fiduciary duty, the gravamen of the

4    sixth cause of action for "Theft of Trade Secrets," is clearly the misappropriation of trade-secrets.

5    As with the fraud analysis above, to determine which statute of limitations applies "it is necessary

6    to identify the *nature* of the cause of action, *i.e.*, the '*gravamen*' of the cause of action.... The

7    nature of the right sued upon and not the form of action nor the relief demanded determines the

8    applicability of the statute of limitations under our code." *Hensler,* 8 Cal.4th at 22-23.

9    In the sixth cause of action, Mosaic asserts that a non-disclosure agreement limited the

10    uses Cisco could make of Mosaic's trade secrets; that Mosaic turned over trade secrets to Cisco in

11    reliance on that NDA; and that it found that the trade secrets had been used beyond the scope of

12    the agreement.  FAC ¶¶ 108-111. Mosaic calls this "an obvious misappropriation of trade

13    secrets."  FAC ¶113.  Perhaps just as "obviously," the cause of action it pursues is for the

14    misappropriation of trade secrets, and claims for the misappropriation of trade-secrets must be

15    brought within a three-year statute of limitations. *See* Civil Code § 3426.6.  Mosaic cannot

16    prolong the limitations period by invoking a fiduciary theory of liability. *See*, *e.g.*, *Hydro-Mill*

17    *Co.,* 115 Cal.App.4th at 1159.

18    Mosaic also admits it could have discovered this misappropriation on June 16, 2003, when

19    the misappropriation was made public in a patent application by Cisco employees.  FAC ¶49.

20    Thus, the complaint should have been filed before July 16, 2006 – but it was not. *See Ashton-*

21    *Tate Corp. v. Ross*, 916 F.2d 516, 523-4 (9th Cir. 1990); *see also* Civil Code §3426.6

22    ("misappropriation must be brought within three years after the misappropriation is discovered or

23    by the exercise of reasonable diligence should have been discovered"); *Forcier v. Microsoft*

24    *Corp.*, 123 F.Supp. 520, 528 (N.D. Cal. 2000) (patent application places trade secrets in the

25    public domain).

26    Alternatively, Mosaic began investigating its dealings with Cisco in March 2003 because

27    it knew of breaches in fiduciary duties as early as February 2003.  FAC ¶¶ 48, 65.  The result of

28    that investigation should have put the company on notice of any misappropriation or any related

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1  breach of fiduciary duty claim including one based on the misappropriation of trade secrets.  Like

2  the fraud-based causes of action, the Court should dismiss this cause of action because it is

3  nothing more than a claim of misappropriation of trade secrets, and as such, it is untimely.

**C.    The Fifth Cause of Action is Vague and Ambiguous and Should be Dismissed so that a more Definite Statement can be Provided**

6      In the fifth cause of action for "Theft of Patent," Mosaic claims that the two Cisco

7  employees credited as the inventors on the 385 patent, were not actually the inventors.  Rather,

8  Mosaic claims an unnamed party was unjustly denied credit for the inventorship of the patent.

9  FAC ¶98 ("Mosaic's Trade Secrets and Confidential Information were being used to apply for a

10  patent by Cisco"); ¶101 ("Not only did he [Bechtolsheim] fail to protect Mosaic's proprietary and

11  confidential information, Defendant instead purported ownership over it and actively helped

12  others take the credit.").  And yet, the fifth cause of action does not actually state anywhere that it

13  is a cause of action to resolve a dispute over inventorship.  *See, e.g.*, *MCV Inc. v. King-Steeley*

14  *Thermos Co.*, 870 F.2d 1568 (Fed. Cir. 1989) (the resolution of inventorship disputes is provided

15  for by 35 U.S.C. §256).  Nor does the FAC name the Mosaic employees who were the actual

16  invetor(s) of this patent.

17      But if the cause of action is not a challenge to inventorship of the patent, it is not clear

18  what it could be.  Without that allegation, the fifth cause of action is merely a redundant echo of

19  the sixth cause of action for "Theft of Trade Secrets."  *Compare* FAC ¶103 ("Plaintiff is entitled

20  to compensatory relief and other damages for the misappropriation of its Trade Secrets and

21  Confidential Information into a Cisco patent") *with* FAC ¶113 ("In a gross breach of fiduciary

22  duty and an obvious misappropriation of trade secrets, Defendant Bechtolsheim not only failed to

23  protect Mosaic's Trade Secrets and Confidential Information, but instead facilitated its

24  misappropriation to Plaintiff Mosaic's detriment.").  The sixth cause of action, as demonstrated

25  elsewhere, is barred by the three year statute of limitations for the misappropriation of trade-

26  secrets, and if the fifth is simply a shadow of the sixth, then it too is barred.

27      The fifth cause of action should be dismissed pursuant to Rule 12(e), so that Mosaic may

28  file a more definite statement as to what it is it actually is seeking. *See, e.g.*, *Intermedics v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                          16                          Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

1    *Ventritex Co.*, 775 F.Supp. 1258, 1268 (N.D. Cal. 1991) ("In the amended complaint that we have

2    ordered plaintiff to file… plaintiff shall identify the person or persons whom plaintiff believes to

3    have been the true inventor(s) and shall aver explicitly, if true, that plaintiff does not know

4    whether the error was inadvertent or not"). As the cause of action currently stands, it is not

5    possible to intelligently respond to the allegations contained within it.

6    **V.    CONCLUSION**

7        For these reasons, Mosaic's complaint must be dismissed with prejudice.

8

9    Dated: August 6, 2007                    MORGAN, LEWIS & BOCKIUS LLP

10

11                                              By____/s/ Howard Holderness_____
                                                   Howard Holderness
12                                                 *Attorneys for Defendant*
                                                   ANDREAS BECHTOLSHEIM
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7584886.2                            17                    Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS