**FILED**

JUL 0 3 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
 Nannette Chapman

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MOSAIC SYSTEMS, INC., <br> Plaintiff, <br> vs. <br> ANDREAS BECHTOLSHEIM, et al.. <br> Defendants. | Case No. 1-06-CV-072920 <br> ORDER RE: DEMURRER TO COMPLAINT. |

The demurrer by defendant Andreas Bechtolsheim ("Defendant") to the Complaint filed by plaintiff Mosaic Systems, Inc. ("Plaintiff") came on for hearing before the Honorable Kevin E. McKenney on July 3, 2007 at 9:00 a.m. in Department 16. The matter having been submitted, the Court orders as follows:

The demurrer to the First Cause of Action for Breach of Fiduciary Duty on the ground that it is barred by the statute of limitations is SUSTAINED with 10 days leave to amend. "To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." (*Lehman v. Sup. Ct.* (2006) 145 Cal.App.4th 109, 122.) Here, though labeled a cause of action for breach of fiduciary duty, the gravamen appears to lie in fraud, since it is predicated largely upon

1

allegations that Defendant made misrepresentations and false promises. An action for fraud must be brought within three years after the cause of action accrues. (Code Civ. Proc., § 338, subd. (d).) A fraud cause of action is not deemed to have accrued "until the discovery, by the aggrieved party, of the facts constituting the fraud." (*Id.*) Plaintiff filed the instant Complaint on October 13, 2006, and alleges that it "did not begin learning of Defendant's breaches of duty until 2003 and commenced its investigation thereof in a reasonable fashion." (Complaint at ¶ 58.) While the Court recognizes that a demurrer will typically not lie unless the running of the statute of limitations appears "clearly and affirmatively" from the dates alleged (see *Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403), the Court also recognizes that Plaintiff has the burden in pleading a fraud cause of action to "show the times and the circumstances under which the facts constituting the fraud were brought to his knowledge, so that the court may determine whether the discovery of these facts was within the time alleged. . . . (*Consolidated Reservoir & Power Co. v. Scarborough* (1932) 216 Cal. 698, 702.) Here, Plaintiff's vague allegation that it did not learn of Defendant's breaches "until 2003" is insufficient, because if Plaintiff discovered facts constituting the fraud or mistake prior to October 13, 2003, then this cause of action would be time-barred.

The demurrer to the Second Cause of Action for Negligent Misrepresentation is SUSTAINED with 10 days leave to amend. Based on the face of the Complaint, the cause of action appears to be time-barred. The gravamen of the claim is for negligence because Plaintiff alleges that Defendant's false promises and assurances on behalf of Cisco to provide financial remuneration were false and/or misleading, and that Defendant had reason to know that they were false, but did not exercise diligence to confirm the veracity of said promises and assurances. (See Complaint at ¶¶63-66.) Code of Civil Procedure section 339.1 governs actions on an obligation or liability not founded upon a written instrument and sets forth a two-year statute of limitations on such claims. Here, the Complaint alleges that Plaintiff began to learn of Defendant's misconduct in 2003 and commenced its investigation thereafter. (Complaint at ¶ 58.) This cause of action was not brought within two years of 2003 and is therefore untimely.

The demurrer to the Third Cause of Action for Constructive Fraud and the Fourth Cause of Action for Concealment is also SUSTAINED with 10 days leave to amend for the same reasons as stated above with regard to the First Cause of Action.

The demurrer to the Fifth Cause of Action for Unfair Competition under California Business & Professions Code section 17200, *et seq.* is SUSTAINED with 10 days leave to amend. Plaintiff fails to state sufficient facts to constitute a cause of action. Two remedies are available to private litigants suing under the Unfair Competition Act: injunction and restitution. (See Bus. & Prof. C., § 17203.) Plaintiff fails to allege facts giving rise to either injunctive or restitutionary relief. Plaintiff is not entitled to injunctive relief because the Complaint is devoid of factual allegations giving rise to a reasonable inference that Plaintiff will continue to be harmed by any misconduct on the part of Defendant. Nor is Plaintiff entitled to restitution because the Complaint fails to allege that Defendant was unjustly enriched.

Dated: July 3, 2007

Kevin E. McKenney
Judge of the Superior Court