JACK RUSSO (State Bar No. 96068)
CHRISTOPHER SARGENT (State Bar No. 246285)
RUSSO & HALE LLP
401 Florence St.
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
Email: csargent@computerlaw.com

Attorneys for Plaintiff
MOSAIC SYSTEMS, INC.

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOSAIC SYSTEMS, INC., a California corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>ANDREAS BECHTOLSHEIM, an Individual,<br><br>             Defendants. | Case No. C-07-03892 SI<br><br>**PLAINTIFF MOSAIC SYSTEMS, INC.'S OPPOSITION TO DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS**<br><br>Date:         September 21, 2007<br>Time:        9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge:       Hon. Susan Illston |

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CHRONOLOGY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   THE STATUTE OF LIMITATIONS FOR BREACH OF FIDUCIARY DUTY, MOSAIC'S PRIMARY CLAIM AGAINST THE DEFENDANT, IS FOUR (4) YEARS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Mosaic Filed Within the Applicable Four Year Statue of Limitations. . . . . . . . . . . . 2

    B.   The First Cause of Action is for "Pure" Breach of Fiduciary Duty. . . . . . . . . . . . . . 2

    C.   The Remaining Causes of Action Are Primarily Fiduciary Duty Claims. . . . . . . . . 4

II.  THE REMAINING FIDUCIARY BREACH CLAIMS WERE DISCOVERED LESS THAN THREE YEARS BEFORE FILING.. . . . . . . . . . . . . . . . . . . . . 5

    A.   The Allegations Are Crystal Clear that All Claims Beside the First Were Discovered Less than Three Years Before the Complaint Was Filed. . . . . . . . . . . . . . . . . . . . . 5

    B.   The Second through Eighth Claims Were Discovered Less than Three Years Before the Complaint Was Filed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.   In All Events, There Can Be No Doubt that the Mosaic Claims Related to Cisco's Federal Patent Were Filed within the Statutory Period. . . . . . . . 7

    D.   The Discovery Date Is Alleged with Sufficient Particularity. . . . . . . . . . . . . . . . . . 8

III. THE FIFTH CAUSE OF ACTION IS SUFFICIENTLY PLED. . . . . . . . . . . . . . . . . . . . . 8

IV.  AT A MINIMUM, MOSAIC SHOULD BE GRANTED LEAVE TO AMEND. . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**:

Balistreti v. Pacifica Police Dept.,
    901 F.2d 696 (9th Cir. 1988) .................................................. 2, 5

Briano v. Rubio,
    46 Cal. App. 4th 1167 (1996) .................................................. 2

Cellars v. Pacific Coast Packaging, Inc.,
    189 F.R.D. 575 (N.D. Cal. 1999) .............................................. 9

City of Vista v. Robert Thomas Sec.,
    84 Cal. App. 4th 882 (2000) ................................................... 4

Curtis v. Kellogg & Andelson,
    73 Cal. App. 4th 492 (1999) ................................................... 5

Federal Sav. & Loan Ins. Corp. v. Musacchio,
    695 F. Supp. 1053 (N.D. Cal. 1988) ........................................... 9

Forcier v. Microsoft Corp.,
    123 F. Supp. 2d 520 (N.D. Cal. 2000) ......................................... 8

Foman v. Davis,
    371 U.S. 178 (1962) ........................................................... 10

Hatch v. Collins,
    225 Cal. App. 3d 1104 (1990) ................................................. 4

Hensler v. City of Glendale,
    8 Cal. 4th 1 (1994) ............................................................ 5

Hobart v. Hobart Estate Co.,
    26 Cal. 2d 412 (1945) .......................................................... 6

Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.,
    115 Cal. App. 4th 1145 (2004) ................................................ 4

Interactive Multimedia Artists v. Superior Court,
    62 Cal. App. 4th 1546 (1998) ................................................. 3

Lehman v. Superior Court,
    145 Cal. App. 4th 109 (2006) ................................................ 2, 3

Mendoza v. Continental Sales Co.,
    140 Cal. App. 4th 1395 (2006) ................................................ 3

**Statutes**:

Cal. Corp. Code §309(a)(2007) .................................................. 3, 4

**Secondary Sources**:

3 Witkin, Cal. Proc. 4th (1997) Actions, § 606 ................................. 6

## INTRODUCTION

The fundamental gravamen of this case is simple: the Defendant used his status as a member of the board of directors and largest shareholder to dominate the Plaintiff to his own benefit in violation of his fiduciary duties as a director. The statute of limitations for breach of fiduciary duty under California law is four (4) years, and there is no dispute that Plaintiff Mosaic Systems, Inc. ("Mosaic") filed its claims against Defendant Andreas Bechtolsheim within that timeframe.

The other claims were discovered, as alleged in the First Amended Complaint ("FAC") during the course of the ongoing litigation between Mosaic and Cisco Systems, Inc. ("Cisco"), Mosaic v. Cisco, Santa Clara Superior Court Case Number 1-04 CV 016867 (the "Mosaic-Cisco Case"), and were included in the FAC against Defendant Bechtolsheim. However, the Defendant now attempts to manipulate the claims into something they are not, and to ignore the clear allegations about when each claim was discovered. While even those efforts cannot create a theoretical basis for a motion to dismiss, the Defendant also claim that it is not clear enough to respond to – although that same claim forms the basis of their removal. Defendant Bechtolsheim now continues a long tradition from the long dispute between Cisco and Mosaic – delay at every imaginable opportunity. This motion is nothing more than a delaying tactic as it is contrary to the pleadings, contrary to the facts and contrary to the law. For all those reasons, it must be denied.

## CHRONOLOGY

The key chronology clearly pled in this case is as set forth in the following table:

| Date | Event |
| --- | --- |
| July 28, 2000 | Mosaic closes a financing round, and Defendant joins the Board of Directors. FAC, ¶12 |
| June 6, 2002 | The Defendant and others encourage Mosaic to begin working on customized SRAM [static random access memory] technologies for Cisco. FAC, ¶23 |
| September – October 2002 | Cisco agrees to acquire Mosaic, a process encouraged and aided by Defendant. FAC, ¶¶28, 29, 30 |
| December 2002 | Cisco agrees to an exclusive sales deal with Mosaic, again with Defendant's knowledge and encouragement. FAC, ¶¶31-34. |
| January 2003 | Cisco reneges on its promises to Mosaic, both for acquisition and exclusive sales. FAC, ¶41. |

| September 4, 2003 | Mosaic sends a demand letter to Cisco, and the Defendant resigns from the Board of Directors. FAC, ¶50. |
|---|---|
| December 2003 | Defendant resigns from Cisco's employment. FAC, ¶51. |
| October 13, 2006 | After filing suit against Cisco and engaging in discovery in that case in the Santa Clara Superior Court, Mosaic completes its investigation of its claims against Defendant Bechtolsheim and files this lawsuit against Bechtolsheim. Mosaic v. Bechtolsheim, Santa Clara Superior Court, Case No. 1-06 CV 072920 (the "Mosaic-Bechtolsheim Case"). |
| July 18, 2007 | Mosaic files its First Amended Complaint against Bechtolsheim. |

## STANDARD OF REVIEW

For purposes of a motion to dismiss under Rule 12(b)(6), "the court accepts the facts alleged in the complaint as true." Balistreti v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). "A complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id.

## ARGUMENT

**I. THE STATUTE OF LIMITATIONS FOR BREACH OF FIDUCIARY DUTY, MOSAIC'S PRIMARY CLAIM AGAINST THE DEFENDANT, IS FOUR (4) YEARS.**

**A.  Mosaic Filed Within the Applicable Four Year Statute of Limitations.**

California law is clear: the statute of limitations for breach of fiduciary duty is four (4) years. Briano v. Rubio, 46 Cal. App. 4th 1167, 1179-80 (1996). This was very recently reaffirmed in Lehman v. Superior Court, 145 Cal. App. 4th 109, 121-122 (2006). The first six (6) causes of action are all for breach of fiduciary duty, and were all filed within the four (4) year period.

**B.  The First Cause of Action Is for "Pure" Breach of Fiduciary Duty.**

Mosaic's first cause of action, even under the chronology argued by the Defendant, is timely filed. Defendant's view of the world seems to be that every breach of fiduciary duty is, in reality, a claim for fraud. This grossly misapprehends what fraud is and what a breach of fiduciary duty is. The essence of any breach of fiduciary duty is a fiduciary relationship, like that most fundamental of all fiduciary relationships, the director to his corporation. "The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) its breach, and (3) damage

///

1  proximately caused by that breach." Mendoza v. Continental Sales Co., 140 Cal. App. 4th 1395,

2  1405 (2006). Fraud's essential element is a false statement.

3        The First Cause of Action could not more clearly be a pure claim for breach of fiduciary duty.

4  It alleges self-serving conduct and unlawful domination, which are breaches of the statutorily

5  established duty of loyalty. For example, Mosaic alleged that Defendant Bechtolsheim "dominated"

6  Mosaic's board, and as a result of that domination Mosaic wasted millions of dollars. FAC, ¶60-61.

7  This allegation has nothing to do with any false statements or concealments, but instead the

8  Defendant's lack of loyalty to Mosaic.

9        A director must, of course, act in the interests of the corporation before his or her own

10 interests. Cal. Corp. Code §309(a)(2007) ("A director shall perform the duties of a director ... in a

11 matter such director believes to be in the best interests of the corporation."). "The fiduciary duty of a

12 controlling shareholder or director to a minority shareholder is based on powers in trust. For that

13 power is at all times subject to the equitable limitation that it may not be exercised for the

14 aggrandizement, preference, or advantage of the fiduciary." Interactive Multimedia Artists v.

15 Superior Court, 62 Cal. App. 4th 1546, 1555 (1998) ) (internal citations and quotation marks

16 omitted). Mosaic alleged that Defendant Bechtolsheim breached his duty of loyalty to Mosaic by

17 using his dominant position to force the company down a path not in Mosaic's interests, but in his

18 own. FAC, ¶¶ 60-61. This is a breach of fiduciary duty, not fraud, and a four year statute of

19 limitations applies.

20       The Lehman case, cited by the Defendant, further shows the "gravamen" of this case is

21 breach of fiduciary duty. Lehman, 145 Cal. App. 4th at 122. The claim there was for

22 mismanagement that led the company into bankruptcy. Id. The Lehman Court rejected the argument

23 that the claim might be based in other laws. Id. at 123. The First Cause of Action is the same – a

24 claim for breach of fiduciary duty based on mismanagement and self-dealing by the Defendant.

25 Under the Lehman decision, a four year statute of limitations applies to this claim.

26       The First Cause of Action was discovered in February 2003. FAC, ¶65. This is well within

27 the four year statute of limitations for breach of fiduciary duty, a period that must apply to the First

28 ///

Cause of Action under the foregoing authorities. Because it was timely filed within the statutory period, the motion to dismiss the First Cause of Action should be denied.

### C. The Remaining Causes of Action Are Primarily Fiduciary Duty Claims.

The Second through Sixth Causes of Action are all claims for breach of fiduciary duty, and that characterization is based on the nature of the relationship between Mosaic and Defendant Bechtolsheim. As a member of Mosaic's governing body, its board of directors, the Defendant was one of Mosaic's most important fiduciaries. This critical fact permeates all of these causes of action and is an essential element of a breach of fiduciary duty claim – the existence of a fiduciary relationship.

The cases cited by the Defendants on the "gravamen" principle are all distinguishable on this basis. None of those cases involved a director breaching fiduciary duties, but a more distant agent. In fact, in many of the cases cited, the agency itself was disputed. Here, it is undisputable that Defendant Bechtolsheim had a fiduciary relationship with Mosaic. Cal. Corp. Code § 309 (2007).

**First,** in Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc., 115 Cal. App. 4th 1145 (2004) the Court was unsure if the Defendant even had a fiduciary duty to the Plaintiff. . Hydro-Mill, 115 Cal.App.4th at 1156 ("For one thing, it is unclear whether a fiduciary relationship exists between an insurance broker and an insured."). Here, a fiduciary relationship could not be more clear or obvious – the Defendant was a member of the Board of Directors, the governing body of Mosaic with clear, statutorily established fiduciary duties to Mosaic. See Cal. Corp. Code § 309 (2007).

**Second**, in City of Vista v. Robert Thomas Sec., 84 Cal. App. 4th 882, 886 (2000), the "fiduciary" relationship between the Plaintiff and Defendant was that of an investor to a broker, not, as here, of a member of the Board to the corporation.

**Third**, in Hatch v. Collins, 225 Cal. App. 3d 1104, 1112-3 (1990) the Court found that the four year statute for breach of fiduciary duty did not apply because the defendant did not owe the plaintiff any fiduciary duties. Here, there can be no doubt that the Defendant owed Mosaic several different, statutorily established fiduciary duties.

///

**Fourth**, in Curtis v. Kellogg & Andelson, 73 Cal. App. 4th 492, 503 (1999), the Court found that the gravamen of the breach of fiduciary duty claim was a claim for professional malpractice. Here, the fundamental gravamen of the claim is breach of fiduciary duty, and there are no issues of professional negligence.

**Fifth**, in Hensler v. City of Glendale, 8 Cal. 4th 1, 6 (1994) did not involve any claim of breach of fiduciary duty, and instead was a real property dispute regarding inverse condemnation.

All of these decisions, independently, collectively and coupled with the Lehman case, all demonstrate that when a claim is for breach of fiduciary duty against a director of a corporation and is premised on that type of fiduciary relationship, the "gravamen" is breach of fiduciary duty, and the applicable statute of limitations is four (4) years, not three (3) years. Even under the most aggressive chronology Defendant devised, all of these claims were filed within the four (4) year statutory period. Accordingly, the Defendant's Motion to Dismiss the First through Sixth Causes of Action should be denied.

## II.   THE REMAINING FIDUCIARY BREACH CLAIMS WERE DISCOVERED LESS THAN THREE YEARS BEFORE FILING.

### A.   The Allegations Are Crystal Clear that All Claims Beside the First Were Discovered Less than Three Years Before the Complaint Was Filed.

The facts alleged in the complaint must be accepted at true on a motion to dismiss. Balistreti, 901 F.2d at 699. The clearly pled facts in the FAC regarding the discovery of the causes of action preclude dismissal based on the statute of limitations because all such claims were filed within three (3) years of discovery.

Regardless of whether or not a three (3) year statute of limitations applies, and Plaintiff contends that it does not, the other causes of action that the Defendant claims are time-barred were all discovered less than three (3) years before the filing of the original Complaint. Defendant's Motion to Dismiss completely disregards each and every paragraph of Plaintiff's FAC which explicitly state when and how Mosaic came to facts sufficient to put Mosaic on suspicion and inquiry notice. Ignoring these facts, which plead specificity as to when Mosaic learned of Defendant's breaches, do not make them any less true or any less relevant to this matter.

///

Indeed, each cause of action in the First Amended Complaint has its own paragraph regarding when that specific claim was discovered. FAC, ¶¶ 71 (2nd claim), 80 (3rd claim), 94 (4th claim), 102 (5th claim), 114 (6th claim), 124 (7th claim), and 131 (8th claim); see also FAC ¶¶48-54. While Mosaic disputes the application of the three (3) year statute of limitations to the breach of fiduciary duty claims, those claims were nevertheless brought less than three years after their discovery.

### B.   The Second through Eighth Claims Were Discovered Less than Three Years Before the Complaint Was Filed.

As described in detail in the chronology above, the claims against Defendant Bechtolsheim were not discovered until documents were produced by Cisco in the Mosaic-Cisco Case. The Seventh and Eighth Causes of Action are for species of fraud with a three (3) year statute of limitations. A claim for fraud does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code of Civ. Proc. § 338(d) (2007).

The documents produced by Cisco during the course of the Mosaic-Cisco Case revealed information directly contrary to all the information and facts Mosaic had in its possession before then, namely, that Defendant Bechtolsheim had breached his fiduciary duties to Mosaic in a multitude of ways, including fraud. For example, Mr. Bechtolsheim told Mosaic that he was not involved in decision-making at Cisco relating to Mosaic. FAC, ¶52. During document discovery in the Mosaic-Cisco Case; however, Mosaic learned the truth – that Defendant Bechtolsheim was, in fact, intimately involved in such decision making. FAC, ¶52.

Without internal Cisco communications, Mosaic had no basis on which to suspect Defendant Bechtolsheim's statements. Indeed, under California law, "If the plaintiff and defendant are in a confidential relationship, there is no duty of inquiry until the relationship is repudiated." 3 Witkin, Cal. Proc. 4th (1997) Actions, § 606; see also Hobart v. Hobart Estate Co., 26 Cal. 2d 412, 443-444.

The Defendant's moving papers also make much about the date that Mosaic sent its demand letter to Cisco. See Defendant Bechtolsheim's Notice of Motion, Motion, and Memorandum of Points and Authorities in Support of Motion to Dismiss ("Defendant's Motion"), section IV.A.3., p. 14, 20-21. The revealing aspect of this fact is that Defendant Bechtolsheim did not resign from Mosaic's Board until **after** the demand letter was sent. This proves that Mosaic had every reason to

believe that the Defendant was still acting in Mosaic's best interests up to and after that time, and it was perfectly reasonable for Mosaic to not suspect the Defendant of defrauding Mosaic until Mosaic had the damning documents in hand after document production occurred in early 2005.

The First Amended Complaint states in each cause of action when that claim was discovered, and such allegations must be accepted as true. For the second through eighth claims, all were discovered less than three years before the complaint was filed, making them all timely under any chronology. The allegations are also supported by the law and facts. Mosaic did not have a duty to inquire until September 4, 2003, and it did not discover the claims until early 2005 or early 2007.

### C.    In All Events, There Can Be No Doubt that the Mosaic Claims Related to Cisco's Federal Patent Were Filed within the Statutory Period.

Despite the Defendant's attempt to manipulate the date they filed the patent into the date by which Mosaic should have known about any claims related to it, such arguments are belied by the allegations of the complaint and the facts. Defendant misrepresents Plaintiff's FAC when it states that Mosaic could have discovered this misappropriation as early as June 16, 2003. Defendant's Motion IV.B., p. 18-19. The FAC, in fact, alleges that Mosaic did not learn of the patent until March 2007 and specifically alleges that the earliest Mosaic could have learned of such claims was the patent issue date of May 16, 2006. FAC, ¶53-54.

The FAC does note that Cisco applied for the patent on June 16, 2003, but it does so to illustrate the overlap between the patent application and the Defendant's tenure on Mosaic's board, not to admit that it could have discovered the patent on that date. FAC, ¶49, *compare*, Defendant's Motion, IV.B., p. 15, 18-19. Indeed, quite the opposite is true because there is no allegation (and cannot be because it is contrary to the facts) that the patent application was a matter of public record from that date. Under 35 U.S.C. section 122, patent applications "shall be kept in confidence" and only after eighteen (18) months does the application get published. Eighteen months after June 16, 2003 is December 2005, less than one year before the filing of the complaint. Even the decision cited by the Defendant implicitly acknowledges that the date a patent application is filed is different from the date is published: "an international Patent Cooperation Treaty ('PCT') patent application

///

1  that Forcier **had filed** was published." Forcier v. Microsoft Corp., 123 F. Supp. 2d 520, 522 (N.D.
2  Cal. 2000) (emphasis added).

3  Finally, the date the patent was applied for is irrelevant to the statute of limitations questions
4  because the critical date is when the patent issued. That date, May 16, 2006, is less than one year
5  before the complaint was filed. There can be no question that claims related to the patent, the fourth
6  and fifth causes of action, are timely filed.

## D. The Discovery Date Is Alleged with Sufficient Particularity.

8  The Defendant conveniently ignores the specific facts alleged about when and how Mosaic
9  learned of the frauds he committed, facts which show that each claim is alleged with sufficient
10 particularity. Even assuming Rule 9(b) applies to claims for breach of fiduciary duty in addition to
11 the two fraud claims, Mosaic sufficiently alleged its discovery of those claims.[1]

12 These facts are laid out in the section of the facts starting under the heading "Investigation
13 and Discovery of Claims." FAC, ¶¶48-54. Specific dates are laid out about when and how Mosaic
14 discovered its claims against Defendant, the most significant of which is the production of
15 documents by Cisco in the Mosaic-Cisco Case. FAC, ¶52. The Defendants produced documents
16 after Mosaic received their objections on or about November 18, 2004, less than two years before the
17 complaint was filed. FAC, ¶52. The documents produced revealed information previously unknown
18 to Mosaic about the Defendant's true role in Cisco and his authority in regards to Mosaic. FAC, ¶52.
19 This is explains both exactly how and when Mosaic learned of its claims against the Defendant, and
20 this is sufficient particularly for Rule 9(b).

## III. THE FIFTH CAUSE OF ACTION IS SUFFICIENTLY PLED.

22 The Fifth Cause of Action is easily understood; it simply does not say what the Defendant
23 wishes it did. Plaintiff is not seeking to void any issued patent. Nor is Plaintiff seeking to invalid it.
24 This case is a breach of fiduciary duty case; it is not one for patent infringement nor one for

---

[1] The Defendant's Rule 9(b) Motion is based entirely on the alleged lack of particularity regarding the discovery date, not the claim as a whole. See Defendant's Motion, IV.A.3., p. 14. Therefore, to deny this motion, the Court only needs to find that the facts surrounding Mosaic's discovery of its claims were pled with sufficient particularity.

Russo & Hale LLP
Palo Alto, CA
www.computerlaw.com
**Opposition to Motion to Dismiss**    8    **Case No. C-07-03892 SI**

determination of the validity or enforceability of any patent rights. Defendant's speculation to the contrary is simply not the proper basis of a motion for more definite statement under Rule 12(e). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. & Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988); see also Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) ("Motions for a more definite statement are viewed with disfavor, and are rarely granted.")

Nor does the Fifth Cause of Action seek resolution to a dispute over inventorship as the Defendant may otherwise try to suggest.[2] Defendant's Motion, IV.C., p. 16, 12-13. Rather, it is clearly an action for breach of fiduciary duty, alleging all of the necessary elements of a fiduciary relationship, its breach, and damage caused by that breach. Defendant was a fiduciary by virtue of being a director on Mosaic's board. FAC, ¶101. He breached that duty by failing to disclose, allowing and even assisting with the application of a patent based on Mosaic technology stolen by individuals working under his direction and control. FAC, ¶¶98, 101, 102. That conduct damaged and substantially harmed Mosaic. FAC, ¶103-106. This is more than sufficient notice of the claims against the Defendant. Accordingly, the Rule 12(e) motion should be denied.

Finally, the irony of this particular aspect of the Defendant's motion is that this Fifth Cause of Action formed the basis of the Defendant's removal. Defendant removed this case on the basis of the alleged "federal" question of substantive patent law presented in this claim. If this claim is clear enough for the Defendant to remove this case, surely it is clear enough for the Defendant to frame a responsive pleading and this Court should so hold given the notice pleading rules applicable under the Federal Rules of Civil Procedure.

**IV.    AT A MINIMUM, MOSAIC SHOULD BE GRANTED LEAVE TO AMEND.**

Should the Court find any reason to grant the Defendant's motion to dismiss, it is well established that the proper remedy is to permit Plaintiff to amend the causes of action at issue.

---

[2] This defense argument makes clear Defendant's true aim here – to have a claim for inventorship to justify the removal to this Court. That, however, is not a proper ground for a motion for more definite statement.

Because a motion to dismiss may only be granted when <u>no</u> set of facts would support the alleged claims, Mosaic respectfully requests an opportunity to amend its complaint to allege additional facts if the Court determines that further factual allegations are required to state any claim for relief. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (leave to amend should be given freely). Thus, even if the Court believes any of the causes of action fail to sufficiently show why they are within the statute of limitations or otherwise sufficiently pled, the Court should grant Plaintiff leave to amend those causes of action.

## **CONCLUSION**

For the foregoing reasons, Defendant Bechtolsheim's Motion to Dismiss should be denied.

Dated: August 31, 2007                    Respectfully submitted,

RUSSO & HALE LLP

By:    /s/ Jack Russo
       Jack Russo

Attorney for Plaintiff
MOSAIC SYSTEMS, INC.