JACK RUSSO (State Bar No. 96068)
CHRISTOPHER SARGENT (State Bar No. 246285)
RUSSO & HALE LLP
401 Florence St.
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 327-3737
Email: jrusso@computerlaw.com
Email: csargent@computerlaw.com

Attorneys for Plaintiff
MOSAIC SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOSAIC SYSTEMS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>ANDREAS BECHTOLSHEIM, an individual, and DOES 1-20,<br><br>                    Defendants. | Case No. C-07-3892-SI<br><br>**PLAINTIFF MOSAIC SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        October 19, 2007*<br>Time:       9:00 a.m.<br>Courtroom: 10, 19th Floor<br><br>Judge:      Hon. Susan Illston<br><br>*NOTE: Plaintiff seeks advancement of the Motion to the current September 21, 2007 hearing date on the co-pending Motion by Defendant Bechtolsheim. |
| MOSAIC SYSTEMS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>CISCO SYSTEMS, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>                    Defendants. | |

# **TABLE OF CONTENTS**

NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER
     THE *MOSAIC V. CISCO* CASE, AND THAT CASE MUST BE REMANDED. . . . . . . . . 3

     A.   The Well-Pleaded Complaint Does Not Contain Any Federal Question. . . . . . . . . . 3

     B.   Nothing in the *Mosaic v. Cisco* Case Raises Any Federal Question. . . . . . . . . . . . . 3

II.  DEFENDANTS' PROCEDURAL GAMING IS OBVIOUS;
     THE *MOSAIC V. CISCO* CASE MUST BE REMANDED IN ALL EVENTS. . . . . . . . . . 4

     A.   The Court Does Have Subject
          Matter Jurisdiction Over Defendant Bechtolsheim.. . . . . . . . . . . . . . . . . . . . . . . . . . 5

          1.   Bechtolsheim Is a Declared Citizen of Nevada. . . . . . . . . . . . . . . . . . . . . . . . 5

          2.   The Amount in Controversy Is Well Over the Jurisdictional Minimum. . . . 6

     B.   In All Events, the *Mosaic v. Cisco* Case Must be Remanded. . . . . . . . . . . . . . . . . . 6

          1.   There Is No Diversity Between Cisco and
               Mosaic, Nor Any Federal Question in That Dispute. . . . . . . . . . . . . . . . . . . 7

          2.   The *Mosaic v. Bechtolsheim* Case and the *Mosaic v.
               Cisco* Case Are Separate and Should Be Treated as Such. . . . . . . . . . . . . . . 8

               a.   Exercising Supplemental Jurisdiction
                    Will Confuse the Jury and Prejudice Mosaic. . . . . . . . . . . . . . . . . . 8

               b.   The Two Cases Are at Very Different Stages of Litigation. . . . . . . 9

III. MOSAIC SHOULD BE AWARDED
     ITS REASONABLE ATTORNEY'S FEES AND COSTS.. . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**Cases**:

Bahrampour v. Lampert,
    356 F.3d 969 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Fristoe v. Reynolds Metals Co.,
    615 F.2d 1209 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Gibson v. Chrysler Corp.,
    261 F.3d 927 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hall v. N. Am. Van Lines, Inc.,
    476 F.3d 683 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

Kantor v. Wellesley Galleries, Ltd.,
    704 F.2d 1088 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Kroske v. US Bank Corp.,
    432 F.3d 976 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Manufactured Home Cmtys., Inc. v. City of San Jose,
    420 F.3d 1022 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Martin v. Franklin Capital Corp.,
    546 U.S. 132 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MCV, Inc. v. King-Seeley Thermos Co.,
    870 F.2d 1568 (Fed. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Singer v. State Farm Mut. Auto. Ins. Co.,
    116 F.3d 373 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Uroplasty, Inc. v. Advanced Uroscience,
    239 F.3d 1277 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Williams v. Costco Wholesale Corp.,
    471 F.3d 975 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

**Statutes**:

28 U.S.C. § 1332 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1367(c) (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

28 U.S.C. § 1446 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1447(c) (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

**NOTICE OF MOTION**

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on October 19, 2006, at 9:00 a.m., or such earlier date as is set by the Court[1], or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff Mosaic Systems, Inc. ("Mosaic") will and hereby does move the Court to remand Mosaic's case against Defendant Cisco Systems, Inc. ("Cisco") on the ground that the Court lacks subject matter jurisdiction over such case.

This Motion is based upon this Notice of Motion and Motion to Remand, and the points and authorities therein; the declaration of Jack Russo; the concurrently filed Request for Judicial Notice; all pleadings and papers on file in this action; and upon such other matters as may be presented to the Court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Is federal removal proper in *Mosaic v. Cisco*, Santa Clara Superior Court Case Number 1-04 CV 016867[2], where the parties are not diverse and there is no federal question present in the Third Amended Complaint which has been the operative pleading in state court for over twenty-six (26) months? Of course not; yet, in their latest dilatory tactic – in a case with a long history of such tactics by the Defendants – the Defendants have now removed the case against Defendant Cisco to federal court <u>over three (3) years after the inception of the case and more than two (2) years since the state court pleadings have been settled between Mosaic and Cisco</u>. This improper removal cannot stand, and the long-running case against Cisco should be remanded and Mosaic should be awarded its attorney's fees and costs in bringing this motion. 28 U.S.C. § 1447(c) (2007).

/ / /

/ / /

---

[1] Plaintiff seeks advancement of the Motion to the current September 21, 2007 hearing date on the co-pending Motion by Defendant Bechtolsheim.

[2] With an exceptional degree of hubris, Cisco purported to remove two separate state court cases together as though there were a single case and as though they had just one case number. This is wrong on its face and underscores the degree of Defendants' gamesmanship.

However, in the recently filed *Mosaic v. Bechtolsheim* case (Santa Clara Superior Court, Case No. 1-06 CV 072920[3]), though removal is untimely, this Court can assert its jurisdiction as Defendant Andreas Bechtolsheim is diverse with Mosaic and therefore, the *Mosaic v. Bechtolsheim* case can remain before this Court.[4] This case is separate and distinct from *Mosaic v. Cisco* and there is no reason for this Court to even consider exercise of supplemental jurisdiction over the *Mosaic v. Cisco* case, as the interests of justice and efficiency require a remand of that case to the state court which has the most experience managing it, namely, the Santa Clara Superior Court. Accordingly, the *Mosaic v. Cisco* case should be remanded for lack of subject matter jurisdiction and the *Mosaic v. Bechtolsheim* case should remain in this Court since there is complete diversity jurisdiction between Mosaic and Defendant Bechtolsheim.

**SUMMARY OF FACTS**

On July 28, 2000, Mosaic closed a major financing round, and Defendant Bechtolsheim joined Mosaic's Board of Directors. Request for Judicial Notice, Exh. 1, First Amended Complaint filed by Mosaic against Defendant Bechtolsheim ("FAC"), ¶12. On June 6, 2002, the Defendant and others encouraged Mosaic to begin working on customized SRAM for Cisco. FAC, ¶23. From September to October 2002, Cisco agreed to acquire Mosaic, a process encouraged and aided by Defendant. FAC, ¶¶28-30.

In December 2002, Cisco agreed to an exclusive sales deal with Mosaic, again with Defendant's knowledge and encouragement. FAC, ¶¶31-34. However, in January 2003, Cisco reneged on its promises to Mosaic, both for acquisition and exclusive sales. FAC, ¶41. In December 2003, Defendant resigned from Cisco's employment. FAC, ¶51. At some point before March 2007, Defendant Bechtolsheim became a citizen of Nevada. Declaration of Jack Russo ("Russo Decl."), Exhibit A, at 151:2-4 and 152:8-15.

///

---

[3] See Footnote 2.

[4] The thirty day period can be waived by the plaintiff, and Mosaic does so waive the thirty day requirement. See Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980). Further, the remand was filed before the one-year absolute bar for diversity, as the state court complaint against Bechtolsheim was filed on October 13, 2006. 28 U.S.C. § 1446(b) (2007).

**PROCEDURAL HISTORY**

On March 29, 2004 – over three (3) years ago – Mosaic brought suit in state court against Cisco for breach of written agreement, misappropriation of trade secrets, breach of fiduciary duty, and breach of covenant of good faith and fair dealing. See Docket #1, Notice of Removal, Exh. A. On June 7, 2005 – over two (2) years ago – Mosaic filed its Third Amended Complaint ("TAC") against Cisco. Request for Judicial Notice, Exh. 3. On October 13, 2006, Mosaic also filed suit in state court against Bechtolsheim. Notice of Removal, Exh. B. On June 26, 2007, the Santa Clara Superior Court ordered the cases consolidated for discovery purposes. Notice of Removal, Exh. C. In response to the Court's granting of Defendant Bechtolsheim's Demurrer to the original complaint, Mosaic filed the FAC on July 18, 2007, which included a claim for breach of fiduciary duty relating to a recently discovered federal patent owned by Cisco. Notice of Removal, Exh. D. On July 20, 2007, Defendants purported to remove **both** state court suits to this Court. See Notice of Removal.

**ARGUMENT**

**I.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE *MOSAIC V. CISCO* CASE, AND THAT CASE MUST BE REMANDED.**

The alleged basis for the Defendants' removal of the Cisco action is without merit because it is without basis in the well-pleaded complaint. For this reason and others, this Court lacks subject matter jurisdiction over the *Mosaic v. Cisco* case, and it must be remanded to the Santa Clara Superior Court.

**A.  The Well-Pleaded Complaint Does Not Contain Any Federal Question.**

The TAC against Defendant Cisco does not contain any federal claims on its face, and therefore fails the well-pleaded complaint test. "Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally. 'The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686-687 (9th Cir. 2007). Here, all claims against Cisco are based in state law. See TAC. Because

/ / /

no federal question is presented on the face of the TAC, there is no subject matter jurisdiction over Defendant Cisco, and that case should be remanded for lack of subject matter jurisdiction.

### B. Nothing in the Mosaic v. Cisco Case Raises Any Federal Question.

Even if this Court or the Defendant went beyond the well-pleaded complaint in the *Mosaic v. Cisco* case, there is still no federal question to be found in that case. All of the causes of action in the *Mosaic v. Cisco* case are predicated in state law and none of them so much as hints at any federal question. See TAC. This complete lack of reference to any form of federal law further shows how baseless the Defendants removal is, and why the *Mosaic v. Cisco* case must be remanded.

## II. DEFENDANTS' PROCEDURAL GAMING IS OBVIOUS; THE *MOSAIC V. CISCO* CASE MUST BE REMANDED IN ALL EVENTS.

Defendants' removal activities in this Court now fully exposes Defendants' procedural game playing. There is simply no basis for removal of the *Mosaic v. Cisco* case. On the face of the Complaint, there is no federal question; and, there is absolutely no diversity whatsoever between the parties in that action. In addition, the time frame for removal of that case occurred and expired long ago. It was simply wrong for there to be any attempt at removal of Case No. 1-04 CV 016867.

The recent filing by Mosaic against Andy Bechtolsheim stands on a different footing. Bechtolsheim claims to live in Nevada (Russo Decl., Exh A), and as such was entitled to remove his case immediately. 28 U.S.C. § 1446 (2007). Instead of doing so and using the same lawyers as those representing Cisco, he moved to consolidate, claiming that "the cases are also intricately intertwined." Request for Judicial Notice, Exh. 2, at p. 5, ln. 28. In response to Bechtolsheim's (and Cisco's) request, the Superior Court consolidated these cases for discovery, but not for trial. See Docket #1, Notice of Removal, Exh. C.

Given that fact, Bechtolsheim lost the right to removal under 28 U.S.C. section 1446 because it has been more than thirty days since the service of the complaint against him. That, however, did not stop the defendants. When Mosaic amended its case against Bechtolsheim to allege the fiduciary breach claim as to the federal patent which Mosaic recently discovered, the Defendants filed for removal on a purported "federal question" grounds in both cases even though no federal question exists in the *Mosaic v. Cisco* case. The Defendants' gaming is clear – Bechtolsheim never really

wanted to be in federal court in a separate case – only to drag the *Mosaic v. Cisco* case into federal court to delay the trial of that case as long as possible. It is within the powers of this Court's discretion to remand the *Mosaic v. Cisco* case even if it finds it could have supplemental jurisdiction over that separate case. However, Defendants' game playing should not be rewarded, and the *Mosaic v. Cisco* case should be remanded; and, because there was no objectively valid basis for removal in the first place, attorney's fees and costs should be awarded to Mosaic and to be paid by Cisco.

### A. The Court Does Have Subject Matter Jurisdiction Over Defendant Bechtolsheim.

Federal Courts are, of course, courts of limited jurisdiction. But, this Court has subject matter jurisdiction over Defendant Bechtolsheim under diversity grounds, but not under federal question principles.[5] Under 28 U.S.C. Section 1332, the Court has subject matter jurisdiction over an action when it occurs between citizens of different states and the amount in controversy exceeds $75,000. Plaintiff Mosaic is a corporation duly organized under California law, with its principal offices based in Santa Clara County, California. See, FAC at 3:2-4. Defendant Bechtolsheim, under his own admission during deposition, is in fact a Nevada resident and considers Nevada his primary domicile. See Russo Decl., Exhibit A at 151:2-4 and 152:8-15.

#### 1. Bechtolsheim Is a Declared Citizen of Nevada.

A party is considered a citizen of the state in which he is domiciled, and domicile is determined as the state in which a party takes up residence with the intent to remain there indefinitely. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). It is well-known that Nevada has no state income tax, but California does. From Bechtolsheim's statement that he is "trying to get to Nevada," because he has his residence there, coupled with his Nevada

---

[5]Federal question jurisdiction is lacking, as the Federal Circuit's rulings are clear that state law fiduciary breach claims do not arise under the Patent Act. See Uroplasty, Inc. v. Advanced Uroscience, 239 F.3d 1277, 1280 (Fed. Cir. 2001); *compare*, MCV, Inc. v. King-Seeley Thermos Co., 870 F.2d 1568, 1571 (Fed. Cir. 1989). The cases do allow this Court to use its diversity jurisdiction over diverse parties (here Mosaic and Bechtolscheim) to continue its subject matter jurisdiction even when a federal question removal may otherwise be questionable. Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006).

driver's license, it is clear that his intent is to remain permanently or indefinitely as a citizen of Nevada.[6]

## 2. The Amount in Controversy Is Well Over the Jurisdictional Minimum.

When an amount in controversy is not facially apparent from the complaint, the court may consider the facts set forth to determine the finding of a requisite amount.  Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005);  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).

The Complaint against Defendant Bechtolsheim does not allege an amount in controversy on its face.  However, consideration of the facts set forth in the Complaint demonstrates that the amount in controversy exceeds the $75,000 minimum.  For example, Plaintiff Mosaic alleges that it was promised exclusivity as a supplier for Cisco's SRAM needs, as well as a payment of at least five-six ($5-6) million dollars for non-recurring engineering costs.  See FAC at 9:20-23.  Mosaic received neither of these due to Bechtolsheim's breaches of his fiduciary duties.  This substantial non-recurring engineering cost is one of several possible remedies for the Second, Third and Fourth Causes of Action (breach of fiduciary duty of care, of honesty, and of good faith).

In addition, the promised compensation of at least $5-6 million more than exceeds the diversity minimum.  Further, these amounts do not include any punitive damages, which the court should also consider when determining the amount in controversy.  Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).

Because Mosaic and Mr. Bechtolsheim are diverse in citizenship and the amount in controversy far exceeds the statutory minimum, this Court has subject matter jurisdiction over Bechtolsheim under diversity principles.  Accordingly, this Court may retain jurisdiction over the *Mosaic v. Bechtolsheim* case even though it is doubtful that any federal question jurisdiction exists since the diversity jurisdiction exists in this case.  Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006)

---

[6] The fact that the California Franchise Board ("CFB") sees things differently for tax purposes due to the fact that Bechtolsheim works here is irrelevant as it is Bechtolsheim's objectively manifested intent in declaring his Nevada residence and driver's license that is key.

### B.    In All Events, the *Mosaic v. Cisco* Case Must be Remanded.

Despite having subject matter jurisdiction over Mosaic's case against Mr. Bechtolsheim, the *Mosaic v. Cisco* case should still be remanded. The only possible basis for keeping such claims under such a scenario would be the exercise of supplemental jurisdiction, and the Court should not use its discretion to exercise any such supplemental jurisdiction.

No prior federal case in this Circuit has extended supplemental jurisdiction over an entirely separate party in an entirely separate case; and, none where the separate case is over three (3) years old. Thus, even though the exercise of supplemental jurisdiction is a discretionary decision within the power of this Court, the equities strongly favor a return of the *Mosaic v. Cisco* case to the Santa Clara Superior Court. 28 U.S.C. § 1367(c) (2007). "In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity.'" Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004); see also Manufactured Home Cmtys., Inc. v. City of San Jose, 420 F.3d 1022, 1034 (9th Cir. 2005) ("[T]he court may exercise its discretion to decline supplemental jurisdiction.").

Even if these separate cases were so closely-related that there was enough to form the basis for a possible exercise of supplemental jurisdiction (which Mosaic contests), this Court should still exercise its discretion to remand the *Mosaic v. Cisco* case because: (a) that case is completely based on state law and predominates over the claims against Defendant Bechtolsheim, (b) the Santa Clara Superior Court has extensive experience with the case, having managed it for almost four years, (c) the legal issues are fundamentally different between the two cases, (d) the two cases are at very different stages of the litigation such that keeping them together would create judicial inefficiency, and (e) a single trial would confuse the jury, thereby prejudicing Mosaic.

#### 1.    There Is No Diversity Between Cisco and Mosaic, Nor Any Federal Question in That Dispute.

There is no subject matter jurisdiction over the claims between Mosaic and Cisco because there is no federal question in the TAC, and there is no diversity between Mosaic and Cisco, as

1  Mosaic is a California corporation and Cisco's principal place of business is in California. Because
2  there is no original jurisdiction, supplemental jurisdiction is the only possible basis to keep the
3  *Mosaic v. Cisco* case before this Court and applying that jurisdiction here makes no sense given the
4  procedural history of that case in state court.

### 2. The *Mosaic v. Bechtolsheim* Case and the *Mosaic v. Cisco* Case Are Separate and Should Be Treated as Such.

Mosaic's two separate cases against Defendant Bechtolsheim and Defendant Cisco are fundamentally different. The case against Defendant Bechtolsheim is about the failure of a key member of Mosaic's Board of Directors to uphold his fiduciary duties to Mosaic, thereby causing Mosaic substantial damages and other harm. See FAC (Mosaic v. Bechtolsheim). The case against Cisco is about Cisco's misappropriation of Mosaic's confidential information, breaches of contract and multiple frauds. See TAC. The two cases have different parties, different legal theories, different key facts, different witnesses and different remedies; in addition, the two cases were filed several years apart, making them procedurally distant as well as factually distant. No federal issues are raised in *Mosaic v. Cisco*; only state law issues exist in that case.

It is within the Court's discretion to decline supplemental jurisdiction when state law "substantially predominates" over the claims in which the Court has original jurisdiction. 28 U.S.C. § 1367(c). Mosaic's pleading against Cisco is established in its TAC, and that shows that state law claims will continue to dominate, if not solely control the case. Given the exceptional nature of the procedural history of this case, and the prejudice suffered by Mosaic if it is not remanded because of the exclusivity of state law issues, the *Mosaic v. Cisco* case must be remanded to the Santa Clara Superior Court.

### a. Exercising Supplemental Jurisdiction Will Confuse the Jury and Prejudice Mosaic.

Keeping the case against Cisco before this Court will prejudice Mosaic and lead to judicial inefficiencies. A trial date was about to be set in *Mosaic v. Cisco* and the Santa Clara Superior Court has been managing the *Mosaic v. Cisco* case for almost four (4) years, making it the most efficient location for that case to finish. Additionally, any combination of the case against Defendant Bechtolsheim and Cisco will confuse the jury because of the multiple roles Defendant Bechtolsheim

has played. Defendant Bechtolsheim was a member of Mosaic's board of directors, and his breaches of fiduciary duty and other wrongful conduct while a board member harmed Mosaic, which is central to the case against him personally.

Putting these two cases together will only serve to confuse the jury, especially as to Defendant Bechtolsheim's role. For example, when dealing with the case against Defendant Bechtolsheim, the jury may ask, why is a former member of Mosaic's board of directors sitting at the same table alongside Cisco with the same counsel as Cisco? They will almost certainly be confused by the multiple tort and contract claims against Cisco and the separate multiple fiduciary duty claims against Bechtolsheim. Because of the prejudice Mosaic will face in any combined case against both Defendants, and because there is no federal subject matter jurisdiction whatsoever over Cisco, these two cases are separate and should remain separate. This Court should, therefore, exercise its discretion and refuse any request to exercise supplemental jurisdiction over the *Mosaic v. Cisco* case.

### b. The Two Cases Are at Very Different Stages of Litigation.

Procedurally, the two cases are also very far apart. The *Mosaic v. Cisco* case has been pending for over three (3) years and was ready to be set for trial, while the case against Defendant Bechtolsheim has been pending for less than one (1) year and its trial date is yet to be determined. Extensive discovery has taken place in the *Mosaic v. Cisco* case, while little discovery has taken place in the *Mosaic v. Bechtolsheim* case. Combining these two cases is inefficient, unfair and inconvenient. The time it will take this Court to reach the same level of knowledge about the *Mosaic v. Cisco* case is an unnecessary waste of this Court's resources, as well as the parties' resources. Such waste is unnecessary and should not be allowed to occur. This Court should sensibly accommodate "the values of economy, convenience, fairness and comity," and remand the *Mosaic v. Cisco* case to the Santa Clara Superior Court. Bahrampour, 356 F.3d at 978.

In summary, all applicable principles of economy, convenience, fairness and comity demonstrate that the *Mosaic v. Cisco* case should be remanded to the Santa Clara Superior Court because only state law claims exist in that case and because the case against Defendant Bechtolsheim is fundamentally different.

/ / /

### III. MOSAIC SHOULD BE AWARDED ITS REASONABLE ATTORNEY'S FEES AND COSTS.

Mosaic is entitled to an award of attorney's fees and costs for the bringing of this motion because there was no basis for the removal of the *Mosaic v. Cisco* case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (c) (2007). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

As described above, there is no basis – objective or otherwise – for subject matter jurisdiction over the *Mosaic v. Cisco* case. There is no diversity between Cisco and Mosaic, and there is no federal question alleged in the Third Amended Complaint against Cisco. See TAC. "[F]ederal jurisdiction exists only when a federal question is **presented on the face of the plaintiff's properly pleaded complaint**.'" Hall, 476 F.3d at 687 (emphasis added). There is no federal question presented on the face of Mosaic's properly pleaded complaint against Defendant Cisco; indeed, the TAC has been pending for over two (2) years and the case itself has been in state court for over three (3) years. There is no diversity between Cisco and Mosaic. Accordingly, there is no basis, objectively reasonable or otherwise, for the removal of the *Mosaic v. Cisco* case.

The applicable United States Supreme Court precedent (Martin v. Franklin, 546 U.S. 132, *supra*) is clear: because there is no basis for the removal of the *Mosaic v. Cisco* case, Mosaic must be awarded its attorney's fees incurred in the filing of this motion for remand. Mosaic will provide proof of the amount of its total attorney's fees with the filing of its reply brief so that such proof is as complete and accurate as possible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, the *Mosaic v. Cisco* case should be remanded to the Santa Clara Superior Court. The *Mosaic v. Bechtolsheim* case can remain in this Court based on the diversity jurisdiction that exists between the parties and the decision by Defendant Bechtolsheim to remove the case against him to this Court. In all events, Plaintiff should be awarded its reasonable fees and costs in bringing this motion for remand as there was no legal basis whatsoever for the purported removal of the *Mosaic v. Cisco* case to this Court.

Dated: September 4, 2007                    Respectfully submitted,
                                            RUSSO & HALE LLP

                                            By:    /s/ Jack Russo
                                                   Jack Russo

                                            Attorney for Plaintiff
                                            MOSAIC SYSTEMS, INC.