1  HOWARD HOLDERNESS, State Bar No. 169814
   LORELEI A. CRAIG, State Bar No. 244104
2  STEPHANIE L. JOHNSON, State Bar No. 246073
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market - Spear Street Tower
   San Francisco, CA  94105-1126
4  Tel:    415.442.1000
   Fax:    415.442.1001
5
   Attorneys for Defendant
6  CISCO SYSTEMS, INC.
   ANDREAS BECHTOLSHEIM
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF SANTA CLARA**

10

11  MOSAIC SYSTEMS, INC.,                 Case No. 1-04 CV 016867
                                          [Proposed to be Consolidated with Case No. 1-
12              Plaintiff,                06 CV 072920]

13         vs.                            **DEFENDANTS CISCO SYSTEMS, INC.'S
                                          AND ANDREAS BECHTOLSHEIM'S**
14  CISCO SYSTEMS, INC., and DOES 1-      **MEMORANDUM OF POINTS AND**
    20,                                   **AUTHORITIES IN SUPPORT OF THEIR**
15                                        **MOTIONS TO CONSOLIDATE CASE NO.
                                          1-04 CV 016867 AND CASE NO. 1-06 CV**
16              Defendant.                **072920, TO VACATE TRIAL SETTING
                                          CONFERENCE DATE AND FOR**
17  MOSAIC SYSTEMS, INC.,                 **SANCTIONS**

18              Plaintiff,                Hearing Date:   Thursday May 24, 2007
                                          Dept:           16
19         vs.                            Time:           9:00 AM
                                          Judge:          Kevin E. McKenney
20  ANDREAS BECHTOLSHEIM, and DOES
    1-20,                                 Action Filed:   March 29, 2004
21                                        Trial Date:     Not yet set
                Defendant.
22

23

24

25

26

27                                       ┌──────────────────────────┐
                                         │  **REQUEST FOR**          │
28                                       │  **JUDICIAL NOTICE:**     │
                                         │  **EXHIBIT 2**            │
                                         └──────────────────────────┘

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                                    Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS
TO CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   SUMMARY OF RELEVANT FACTS ................................................................. 2

III.  ARGUMENT ........................................................................................................ 5

    A.    This Court Should Consolidate Both Actions.............................................. 5

        1.    Common Questions of Law and Fact Justify Consolidation................... 5

        2.    The Defendants Will Be Prejudiced By Defending Two Nearly
             Identical Actions By The Same Plaintiff. ............................................... 6

        3.    This Motion Is As Timely As Possible Given Mosaic's Ethically
             and Legally Questionable Tactics. .......................................................... 7

    B.    This Court Should Vacate The Trial Setting Conference Date In the Cisco
        Matter ........................................................................................................... 7

        1.    Mosaic Intentionally Failed to Comply With Its Statutory Duty To
             Provide Notice Of Related Cases............................................................ 8

        2.    Mosaic Made A Mockery Of The Case Management Process ................. 9

        3.    Mosaic Has No Excuse For Failing to Timely Serve Mr.
             Bechtolsheim........................................................................................... 10

        4.    The Defendants Should Be Given Adequate Time To Prepare Their
             Defense.................................................................................................... 12

    C.    Mosaic Should Be Sanctioned For Its Outrageous Conduct................................ 13

        1.    Mosaic's Counsel Intentionally Mislead The Court and Defendants ...... 13

        2.    Sanctions Are Authorized and Wholly Warranted.................................... 14

IV.  CONCLUSION.................................................................................................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

# TABLE OF AUTHORITIES

**Page**

## CASES

*Di Sabatino v. State Bar,*
    27 Cal. 3d 159 (1980) ..................................................................................... 13

*Furlong v. White,*
    51 Cal. App. 265 (1921).................................................................................. 13

*Paine v. State Bar,*
    14 Cal. 2d 150 (1939) ..................................................................................... 13

*Todd-Stenberg v. Dalkon Shield Claimants Trust*
    48 Cal.App.4th 976 (1996)............................................................................... 5

## STATUTES

Cal. Bus. & Prof. Code § 6068(d)........................................................................ 13

Cal. Bus. & Prof. Code § 6077 ........................................................................... 14

California Code of Civil Procedure §1048(a) ........................................................ 5

## OTHER AUTHORITIES

Cal. Rules Prof. Conduct R. 5-200....................................................................... 13

## RULES

California Rules of Court 2.30(b) ........................................................................ 14

California Rules of Court 3.110............................................................................ 5

California Rules of Court 3.110(e) ....................................................................... 10

California Rules of Court 3.110(f)........................................................................ 14

California Rules of Court 3.300(a)........................................................................ 8, 9

California Rules of Court 3.300(b) ....................................................................... 8, 15

California Rules of Court 3.300(d) ....................................................................... 9

California Rules of Court 3.300(e) ....................................................................... 9

California Rules of Court 3.725(a)........................................................................ 9, 15

California Rules of Court 3.725(c)........................................................................ 10, 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4

ii

California Rules of Court 3.727 ............................................................................. 10, 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I.    INTRODUCTION

Mosaic Systems, Inc. ("Mosaic" or "Plaintiff") and its counsel, Jack Russo and Michael Risch of Russo & Hale LLP, have run afoul of many legal principles and have conducted themselves in a manner that is nothing short of dumfounding. In summary, Mosaic actively concealed the fact that it filed a lawsuit against Andreas Bechtolsheim ("Mr. Bechtolsheim"), a case clearly related to Mosaic's case against defendant Cisco Systems, Inc.'s ("Cisco"), for over five months. The only explanation for this is that they hoped to gain an unfair advantage over defendants Cisco and Mr. Bechtolsheim (collectively, the "Defendants"). Mosaic effectuated this concealment by making numerous misrepresentations and omissions to mislead different departments of this Court, presumably so that they could achieve their dual goal of taking Mr. Bechtolsheim's deposition without revealing the pending action against him and obtaining a trial setting conference date in this matter pending against Cisco.

There is absolutely no excuse for Mosaic's concealment. Mosaic's lawsuits against Cisco and Mr. Bechtolsheim are very similar. While there are legal obstacles that are obvious on the face of the Bechtolsheim complaint that will be addressed on demurrer (e.g. statue of limitation issues), the two complaints are based upon the same series of events, involve the same parties and witnesses, and have many of the same causes of action. In fact, it is patently obvious that Mosaic employed a lot of cutting and pasting from the complaint against Cisco to create the complaint against Mr. Bechtolsheim. And, Mosaic's counsel has even admitted in an application to the Court that the two matters are related. However, when it came to informing this department of the Court, Cisco, Mr. Bechtolsheim, or any of Cisco's or Mr. Bechtolsheim's lawyers of the existence of the Bechtolsheim complaint, Mosaic and its lawyers affirmatively opted to give no notice. In doing so, they violated ethical rules, rules of court and orders of this Court.

This Court should thwart Mosaic's attempt to pull a fast one on the Court and the Defendants. These two matters are highly related and should be consolidated to minimize any prejudice that may occur from separate trials with disparate outcomes and to promote judicial economy. Mosaic became well aware of the "facts" it relies upon in the complaint against Mr. Bechtolsheim years before it decided to file suit against him. There was no groundbreaking new

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                    1                          Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, VACATE TRIAL SETTING CONFERENCE AND FOR SANCTIONS

1  evidence that emerged to explain Mosaic's filing suit against Mr. Bechtolsheim so late in the

2  game. Moreover, even if there was, there is no justification for concealing the existence of the

3  suit until after taking Mr. Bechtolsheim's deposition and getting a trial setting conference date.

4  Therefore, in the interest of fairness and justice, the Defendants respectfully ask the Court to

5  vacate the trial setting conference date so that the Defendants have a chance to respond to

6  Mosaic's actions and coordinate their defenses.

7          Finally, Mosaic and its counsel's unscrupulous conduct should not be tolerated. Mosaic

8  and its counsel have failed to fulfill several statutory obligations, have intentionally misled

9  judges, have failed to fulfill promises made in declarations filed with the Court, and have

10  otherwise acted in a manner that cannot be condoned. Many of these actions taken alone would

11  justify sanctions, but when viewed as a whole, the case for sanctions is that much more stark.

12  Therefore, the Defendants respectfully request that the Court issue monetary sanctions against

13  Mosaic and its counsel. Cisco, Mr. Bechtolsheim, counsel, and this Court have all been laboring

14  under a misconception caused by Mosaic and its counsel for almost six months. That is simply

15  not equitable. Sanctions should be ordered and paid in full before this case continues.

16  **II.    SUMMARY OF RELEVANT FACTS**

17          In 2001 and 2002, Mosaic and Cisco discussed the possibility of a business arrangement.

18  *See* Mosaic's Third Amended Complaint against Cisco ("TAC"), Exh. 1 to the accompanying

19  Declaration of Lorelei A. Craig ("Craig Decl."). During this time, Mr. Bechtolsheim was a

20  primary investor in Mosaic and sat on its board of directors. *See* TAC ¶ 11. He was also the head

21  of the business unit within Cisco most likely to use any Mosaic product. *See* TAC ¶ 12. Mr.

22  Bechtolsheim's relationship with Cisco was well-known at Mosaic and that company attempted

23  to leverage Mr. Bechtolsheim's position at Cisco. *See* TAC ¶¶ 10 -13. Their efforts, however,

24  came to naught and Cisco ultimately decided not to enter into a business relationship with

25  Mosaic. *See* TAC ¶¶ 35-38. Thereafter, Mosaic lawyers interviewed Cisco's executive, Mr.

26  Bechtolsheim, without informing Cisco's lawyers. *See* accompanying Declaration of Howard

27  Holderness ("Holderness Decl.") ¶ 2. On September 4, 2003, through its counsel Russo & Hale,

28  Mosaic sent a demand letter to Cisco claiming that Cisco had breached an oral contract and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                    2                        Case No. I-04 CV 016867

1  misappropriated trade secrets. *See* Exh. 3 to Craig Decl. That same day, Mr. Bechtolsheim

2  resigned from Mosaic's board of directors. *See* Exh. 2 to Craig Decl. After failed mediation

3  efforts, Mosaic filed suit against Cisco on March 29, 2004 (the "Cisco Matter"). *See* Craig Decl.

4  ¶ 2; Exh. 1. In the Cisco Matter, there was considerable motion practice regarding the pleadings

5  and a motion to disqualify Mosaic's counsel. *See* Holderness Decl. ¶ 2. Eventually, however,

6  Mosaic's counsel identified witnesses it would like to depose, including Mr. Bechtolsheim. *See*

7  Holderness Decl. ¶ 3. Mosaic's counsel then asked if Cisco's counsel could accept service on

8  behalf of these witnesses. On July 13, 2006, Cisco's counsel wrote that it could accept service of

9  a subpoena on Mr. Bechtolsheim's behalf in the Cisco Matter. *Id.*

10      Then, on October 13, 2006, almost two and a half years after the filing of the Cisco

11  Matter, Mosaic filed suit against Mr. Bechtolsheim in the same court ("Bechtolsheim Matter").

12  *See* Craig Decl. ¶ 5; Exh. 4. It was assigned to Judge Elfving in Department 2. *Id.* Twelve days

13  later, on October 25, 2006, Mosaic filed and served a case management statement in the Cisco

14  Matter which failed to identify the Bechtolsheim Matter as a related case, despite that question

15  being directly asked on the Case Management Questionnaire. *See* Craig Decl. ¶ 6; Exh. 5.

16  Obviously, Mosaic and its lawyers could not have forgotten the complaint filed twelve days

17  earlier.

18      Mosaic, however, did not serve Mr. Bechtolsheim with the complaint against him.

19  Rather, on December 13, 2006, Mosaic made an ex parte application to extend the time to serve

20  Mr. Bechtolsheim. *See* Exh. 6 to Craig Decl. In support of this application, Mosaic submitted the

21  declaration of Michael Risch which stated that service had been attempted on Mr. Bechtolsheim

22  at his home at least three times and that Mosaic was going to continue to attempt to serve Mr.

23  Bechtolsheim, including at his place of work. *See* Exh. 7 to Craig Decl. There was no mention of

24  the fact that Mosaic's lawyer knew that Mr. Bechtolsheim was represented in the Cisco Matter.

25  *Id.* Based in part on this incomplete representation of the facts, the Court issued an order

26  extending Mosaic's time to serve Mr. Bechtolsheim until January 31, 2007. *See* Exh. 8 to Craig

27  Decl.

28      On January 16, 2007, counsel for Cisco and Mosaic attended another case management

1    conference. *See* Holderness Decl. ¶ 4. Mosaic never filed or served a case management

2    statement for this conference, and Mosaic's counsel did not identify the Bechtolsheim Matter as

3    being a related case at this conference. *Id.* On January 31, 2007, however, Mosaic again made an

4    ex parte application to extend the time to serve Mr. Bechtolsheim. *See* Exh. 9 to Craig Decl. In

5    support of this application, Mosaic submitted the declaration of Michael Risch which stated that

6    service had been attempted on Mr. Bechtolsheim at his home at least three times, that Mr.

7    Bechtolsheim worked for Sun Microsystems, a very large company with multiple locations, that

8    Mosaic intended to continue to attempt service, including at Mr. Bechtolsheim's place of work,

9    and that Mosaic would serve Mr. Bechtolsheim at his deposition in the "related" Cisco Matter if

10   they were not successful in serving him beforehand. *See* Exh. 10 to Craig Decl. Again, there was

11   no mention of the representation of Mr. Bechtolsheim in the Cisco Matter. *Id.* The Court issued

12   an order extending Mosaic's time to serve Mr. Bechtolsheim until March 31, 2007 and setting a

13   case management conference for April 10, 2007. *See* Exh. 11 to Craig Decl.

14          On March 6, 2007, counsel for Cisco and Mosaic *yet another* attended another case

15   management conference in the Cisco Matter. *See* Craig Decl. ¶ 13. Mosaic never filed or served

16   a case management statement for this conference, and Mosaic's counsel did not identify the

17   Bechtolsheim Matter as being a related case at this conference. *Id.* The Court issued an Order

18   setting a trial setting conference for July 17, 2007. *See* Craig Decl. ¶ 14; Exh. 12. On March 9,

19   2007, Mosaic took Mr. Bechtolsheim's deposition in the Cisco Matter at the office of Russo &

20   Hale in Palo Alto, California. *See* Craig Decl. ¶ 15. Despite the representation made to the Court

21   by Mr. Risch in his January 31, 2007 declaration, Mosaic did not serve Mr. Bechtolsheim or his

22   counsel with the summons and complaint for the Bechtolsheim Matter at this deposition and did

23   not otherwise inform Mr. Bechtolsheim or Cisco of the Bechtolsheim Matter. *Id.*

24          On April 2, 2007, counsel for Cisco received a copy of the complaint against Mr.

25   Bechtolsheim by mail. *See* Holderness Decl. ¶ 5. Mosaic's counsel asked if Cisco's counsel

26   could accept service of this complaint on Mr. Bechtolsheim's behalf. *Id.* On April 10, 2007,

27   there was, according to the court docket, a case management conference in the Bechtolsheim

28   Matter. *See* Craig Decl. ¶ 16; Exh. 13. Mr. Bechtolsheim did not attend this conference because,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    as of this date, Mr. Bechtolsheim had not been properly served. *Id.* According to the court

2    docket, at this hearing the Court issued an order to show cause for sanctions and dismissal

3    pursuant to California Rules of Court 3.110 on May 24, 2007. *Id.* On April 17, 2007, Cisco filed

4    and served a notice of related cases. *See* Exh. 14 &15 to Craig Decl. This motion followed.

5    **III.    ARGUMENT**

6        **A.    This Court Should Consolidate Both Actions**

7          The Cisco and Bechtolsheim Matters are textbook examples of related cases that should

8    be consolidated to protect the party's rights and judicial resources. California Code of Civil

9    Procedure §1048(a) provides that:

10           When actions involving a common question of law or fact are
     pending before the court, it may order a joint hearing or trial of any
11           or all of the matters in issue in the actions, it may order all the
     actions consolidated, and it may make such orders concerning
12           proceedings therein as may tend to avoid unnecessary costs or
     delay.

13

14   The purpose of consolidation is to enhance trial court efficiency (i.e., to avoid unnecessary

15   duplication of evidence and procedures) and to avoid the substantial danger of inconsistent

16   adjudications (i.e., different results because trials before different juries, or a judge and jury). *See*

17   *Todd-Stenberg v. Dalkon Shield Claimants Trust,* 48 Cal.App.4th 976, 978-99 (1996).

18           1.    **Common Questions of Law and Fact Justify Consolidation**

19         Consolidating the Cisco and Mr. Bechtolsheim Matters at this time would serve judicial

20   economy because common issues, evidence and witnesses predominate both cases.

21         Both cases contain the same causes of action.   *See* Exh. 1 & 4 to Craig Decl. In fact,

22   even a cursory comparison of the two complaints demonstrates that the complaint in the

23   Bechtolsheim Matter was primarily a cut and paste job from the complaint in the Cisco Matter.

24   As a result of this obvious copying, the issues in each of these cases are basically the same. Only

25   one cause of action in the Bechtolsheim Matter, concealment, is not contained in the Cisco

26   Matter. *Id.* However, this allegation is based upon the same allegations used to support the other

27   causes of action contained in the complaints for both the Cisco and Bechtolsheim Matters. *Id.*

28         The cases are also intricately intertwined. Causes of action against Cisco are predicated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4

5

Case No. 1-04 CV 016867

1   on and derivative of Mr. Bechtolsheim's conduct and causes of action against Mr. Bechtolsheim

2   are predicated on Cisco's conduct. For example, Mosaic's sixth cause of action against Cisco is

3   for aiding and abetting Mr. Bechtolsheim's alleged breach of fiduciary duty to Mosaic. *See* TAC;

4   Exh. 1 to Craig Decl. A breach of fiduciary duty claim is Mosaic's first cause of action against

5   Mr. Bechtolsheim. *See* Exh. 4 to Craig Decl. Similarly, but in reverse, Mosaic's fifth cause of

6   action against Mr. Bechtolsheim is for statutory unfair competition. *Id*. Mosaic alleges that as a

7   result of Mr. Bechtolsheim's actions, "Cisco has been unjustly enriched and Plaintiff has provided

8   value to Cisco, which must be repaid in restitution in an amount to be proven at trial." *Id*. Again,

9   Mosaic has relied upon facts pertinent to one party to assert a claim against another party.

10  Mosaic's actions in doing so clearly demonstrate a need for consolidation.

11              2.    **The Defendants Will Be Prejudiced By Defending Two Nearly**
                      **Identical Actions By The Same Plaintiff.**
12

13          If the parties are forced to try the Cisco Matter separate and apart from the Bechtolsheim

14  Matter, it will certainly involve costly and wasteful duplicative efforts by the Defendants as well

15  as this Court. More importantly, however, separate trials may give rise to inconsistent

16  adjudications on factual issues such as whether Mr. Bechtolsheim breached his fiduciary duty to

17  Mosaic, and thus, whether Cisco aided and abetted Mr. Bechtolsheim in breaching his fiduciary

18  duty, and whether Cisco, by Mr. Bechtolsheim's actions on behalf of Cisco, is liable for negligent

19  misrepresentation. Therefore, the Defendants could be severely prejudiced in the event that these

20  cases are not tried together.

21          On the other hand, Mosaic will not be prejudiced at all by consolidating these cases. On

22  the contrary, Mosaic, a shell company legally existing solely to pursue these lawsuits, will greatly

23  benefit from coordinated discovery, motion practice and trial – a fact further supporting the

24  inference that Mosaic concealed the Bechtolsheim Matter solely to gain an unfair tactical

25  advantage in both cases. As the facts and issues of both cases are almost indistinguishable, there

26  is no risk of making the trial too confusing or complex for a jury.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                          6                        Case No. 1-04 CV 016867
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1            3.      **This Motion Is As Timely As Possible Given Mosaic's Ethically and**

2                      **Legally Questionable Tactics.**

3          As will be discussed in detail, Mosaic and its counsel have engaged in an ethically and

4     legally questionable strategy with regard to these cases.  Suffice it to say, Mosaic waited two and

5     half years before filing the complaint in the Bechtolsheim Matter, and it waited five and a half

6     months, after taking Mr. Bechtolsheim's deposition, and before giving notice of the Bechtolsheim

7     Matter.  As a result, while consolidation of these cases will cause some delay in the trial for the

8     Cisco Matter, Defendants respectfully request that the Court authorize such a necessary delay.

9     This delay, however, is wholly a result of Mosaic's tactics.  The Defendants should not be

10    penalized and prejudiced by Mosaic's unscrupulous conduct, and so any delay in Cisco's trial

11    should not weigh against consolidation.

12      **B.**      **This Court Should Vacate The Trial Setting Conference Date In the Cisco**

13               **Matter**

14         The dispute between Cisco and Mosaic concerning the failed negotiations for a potential

15    business arrangement began on September 4, 2003, when Mosaic served its demand letter on

16    Cisco.  *See* Exh. 3 to Craig Decl.  Mosaic's investigation of the matter began even earlier in at

17    least July of 2003, when Mosaic's counsel interviewed Mr. Bechtolsheim.  *See* Exh. 2 to Craig

18    Decl.  These actions led to Mosaic filing suit against Cisco on March 29, 2004.  *See* Exh. 1 to

19    Craig Decl.  Cisco acknowledges that Mosaic's case against it has been pending for some time.

20    Nevertheless, this Court set a trial setting conference date of July 17, 2007 for the Cisco Matter

21    with the goal of setting trial ninety days out after having been intentionally deceived by Mosaic

22    about the related action filed against Mr. Bechtolsheim.  *See* Craig Decl. ¶ 14; Exh. 12.

23         For what can only be its own strategic reason, Mosaic chose to delay service of the

24    complaint in the Bechtolsheim Matter until approximately three months before the trial setting

25    conference date in the Cisco Matter.  *See* Holderness Decl. ¶ 5.  In doing so, Mosaic has run afoul

26    of several laws and standards of professionalism.  Mosaic's egregious actions against the

27    Defendants and this Court should **not** be tolerated, and certainly should not result in an

28    advantageous outcome for Mosaic.  As previously discussed, these cases are intricately

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4           7           Case No. 1-04 CV 016867

1  intertwined and should be consolidated. However, consolidation should not prejudice Mr.

2  Bechtolsheim's right to attack the complaint against him, or the Defendants' right to coordinate

3  their defense strategy and efforts. Accordingly, the Court should vacate the trial setting

4  conference date of July 17, 2007, and set a conference date at a future case management

5  conference, to give the Defendants adequate time to prepare their defense in light of the recent

6  case developments sprung on them by Mosaic.

7      1.    **Mosaic Intentionally Failed to Comply With Its Statutory Duty To Provide Notice Of Related Cases**

8

9      In recognizing the importance of minimizing wasteful duplicative efforts and potential

10  prejudice, the California Legislature has created an affirmative duty to notify applicable courts

11  and parties of cases related to pending civil actions. Specifically, California Rules of Court

12  3.300(b) provides that "[w]henever a party in a civil action knows or learns that the action or

13  proceeding is related to another action or proceeding pending, dismissed or disposed of by

14  judgment in any sate or federal court in California, the party **must** serve and file a Notice of

15  Related Case" (emphasis added).

16      The definition of related cases is fairly broad. Pursuant to California Rules of Court

17  3.300(a), cases are related if they:

18          (1) Involve the same parties and are based on the same or similar
19          claims; (2) Arise from the same or substantially identical
            transactions, incidents, or events requiring the determination of the
20          same or substantially identical questions of law or fact; (3) Involve
            claims against title to, possession of, or damages to the same
21          property; **or** (4) Are likely for other reasons to require substantial
            duplication of judicial resources if heard by different judges
22          (emphasis added).

23  As demonstrated more fully in the discussion regarding consolidation above, these cases involve

24  the same parties, are based on the same or similar claims, arise from the same events requiring the

25  determination of the same questions of law and fact, and because of the complicated nature of

26  some of Mosaic's claims, would require a substantial duplication of judicial resources if heard by

27  different judges. They are unquestionable related under the statute, which deems cases to be

28  related if *only one* of the four criteria is met. See C.R.C. 3.300(a). The cases against Cisco and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4

8

Case No. 1-04 CV 016867

1  Mr. Bechtolsheim, however, are so related that they meet three out of the four criteria.  Thus,

2  there should be no question that these cases are related as defined by California Rules of Court

3  3.300(a), and accordingly, there is no excuse for Mosaic's failure to abide by its duty to file and

4  serve a Notice of Related Case ("Notice").  *See* Craig Decl. ¶ 17.  In fact, Mosaic even

5  acknowledged in an ex parte application that the Bechtolsheim Matter is "related" to the Cisco

6  Matter.  *See* Exh. 9 to Craig Decl.

7          The required Notice should be filed "as soon as possible, but no later than 15 days after

8  the facts concerning the existence of related cases become known."  Cal. Rules of Ct. 3.300(e).

9  And, the Notice "must be served on all parties in those actions."  Cal. Rules of Ct. 3.300(d).

10  Since Mosaic filed the Bechtolsheim Matter, which its counsel admitted is related to the pending

11  Cisco case, on October 13, 2006, it was required to file a Notice by October 30, 2006, and serve

12  such Notice on Cisco.  To date, Mosaic has **never** filed or served a Notice.  *See* Craig Decl. ¶ 17.

13  Cisco, on the other hand, in recognition of the fact that the Court has a strong interest in learning

14  of related cases, and that the statutory duty to file a Notice falls on any party that learns of a

15  related case, has fulfilled its duty by filing such a Notice on April 17, 2007, within 15 days from

16  learning about the Bechtolsheim Matter on April 2, 2007.  *Id.*

17                  2.      **Mosaic Made A Mockery Of The Case Management Process**

18          Mosaic has blatantly disregarded the requirements and spirit of the case management

19  process.  First, Mosaic made a false representation on a case management statement by failing to

20  identify the clearly related Bechtolsheim Matter.  *See* Craig Decl. ¶ 6.  Second, Mosaic failed to

21  file case management statements for the last two case management conferences in the Cisco

22  Matter, presumably to avoid having to make further misrepresentations in its attempts to conceal

23  the Bechtolsheim Matter from the Court and the Defendants.  *See* Craig Decl. ¶ 13; *See*

24  Holderness Decl. ¶ 4.    Lastly, Mosaic failed to inform this department of the Court and Cisco

25  that a related case had been filed when the Court was inquiring about trial readiness and setting

26  the trial setting conference date.  *See* Craig Decl. ¶ 13.

27          California Rules of Court 3.725(a) provides that "[n]o later than 15 calendar days before

28  the date set for the case management conference or review, each party must file a case

1-SF/7433410.4                              9                          Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1 management statement and serve it on all other parties in the case." The Cisco Matter had case

2 management conferences on January 16, 2007, and March 6, 2007. *See* Craig Decl. ¶ 13; *See*

3 Holderness Decl. ¶ 4. Mosaic never filed or served a case management statement for these

4 conferences. *Id.* In fact, at the March 6, 2007, conference counsel for Cisco specifically asked

5 counsel for Mosaic if they had filed a statement because Cisco had not received a copy and was

6 told that Mosaic had not filed a statement and chose not to because everything was the same as in

7 prior statements. *See* Craig Decl. ¶ 13.

8       California Rules of Court 3.725(c) further provides that "parties must use the mandatory

9 *Case Management Statement* (form CM-110). **All applicable items on the form must be**

10 **completed.**" (emphasis added). Item 14 on the form CM-110 asks for information concerning

11 related cases, consolidation and coordination, and specifically, asks for the identification,

12 description and status of related cases. Mosaic filed its complaint against Mr. Bechtolsheim on

13 October 13, 2006. *See* Craig Decl. ¶ 5. Only twelve days later, Mosaic served Cisco with a copy

14 of its case management statement for the November 14, 2006, case management conference in the

15 Cisco Matter and **failed to identify** the clearly related Bechtolsheim Matter. *See* Craig Decl. ¶ 6.

16       Finally, California Rules of Court 3.727 states that "in any case management conference

17 or review conducted under this chapter, the parties **must address**, if applicable, and the court may

18 take appropriate action with respect to, the following: (1) Whether there are any related cases ...."

19 (emphasis added). In the most recent case management conference on March 6, 2007, Mosaic,

20 again, failed to inform the Court or Cisco of the related Bechtolsheim Matter. *See* Craig Decl.

21 ¶ 13. Instead, Mosaic deceptively urged this department of the Court to set the trial setting

22 conference date as soon as possible. *Id.*

23       3.    **Mosaic Has No Excuse For Failing to Timely Serve Mr. Bechtolsheim**

24       Mosaic has also patently abused the procedures for service of a summons and complaint.

25 Mosaic made use of California Rules of Court 3.110(e), which gives plaintiffs the ability to seek

26 more time to serve the defendant(s) if service can not be completed within the required time, by

27 twice by making ex parte motions to extend the time to serve Mr. Bechtolsheim on December 13,

28 2006, and January 31, 2007. *See* Exh. 6 & 9 to Craig Decl. To achieve these extensions,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                          10                              Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1   Mosaic's counsel, Michael Risch, made several misrepresentations in his declarations

2   accompanying the ex parte applications. *Id.*

3          To begin with, Mr. Risch never described what he knew about Mr. Bechtolsheim in the

4   Cisco Matter, a case that he describes as being "related" to the case against Mr. Bechtolsheim, in

5   his declarations. *Id.* In fact, as of July 13, 2006, Mr. Risch knew that Mr. Bechtolsheim was

6   represented in the Cisco Matter. *See* Holderness Decl. ¶ 3. Why this was sufficient information

7   in April of 2007 to request that counsel accept service, but was not good enough in October, is a

8   question that defies an answer. *See* Holderness Decl. ¶ 5.

9          Moreover, Mr. Risch's declaration accompanying the December 13, 2006, application

10  ("December Decl."), Mr. Risch declared that at least three attempts had been made to serve Mr.

11  Bechtolsheim at his home in Portola Valley, and that Mosaic would continue to attempt service,

12  "including at Mr. Bechtolsheim's place of work." *See* Exh. 7 to Craig Decl. In the declaration of

13  Mr. Risch accompanying the January 31, 2007, application ("January Decl."), Mr. Risch again

14  declared that at least three attempts had been made to serve Mr. Bechtolsheim at his home in

15  Portola Valley. *See* Exh. 10 to Craig Decl. This would indicate that, contrary to the

16  representation made in the December Decl., Mosaic had not attempted further service on Mr.

17  Bechtolsheim at his home. Mr. Risch also indicated that, contrary to the representations in the

18  December Decl., Mosaic did not attempt to serve Mr. Bechtolsheim at his work during the first

19  extension period by declaring in the January Decl. that Sun Microsystems is a very large

20  company with multiple locations but failing to describe any efforts to serve Mr. Bechtolsheim at

21  his work. *Id.*

22         Finally, in the January Decl. Mr. Risch states that Mosaic will serve the summons and

23  complaint on Mr. Bechtolsheim at his deposition to be taken by Mosaic's counsel in the Cisco

24  Matter. *Id.* Mosaic's counsel, Jack Russo, took Mr. Bechtolsheim's deposition on March 9, 2007

25  at his office in Palo Alto, California. *See* Craig Decl. ¶ 15. **Mosaic did not serve Mr.**

26  **Bechtolsheim, or his counsel, with the summons or complaint at the deposition.** *Id.* Prior to

27  his deposition, Mosaic did not even inform Mr. Bechtolsheim that a lawsuit had been filed against

28  him for the conduct he would be questioned about during the deposition. *Id.* And, Mosaic's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                     11                          Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1    counsel never said one word about the Bechtolsheim Matter at the end of the deposition on March

2    9, 2007, or while counsel for Cisco and Mosaic were attempting to meet and confer regarding

3    continuance of the deposition. *Id.*

4        4.    **The Defendants Should Be Given Adequate Time To Prepare Their Defense**

5

6        Notwithstanding all of the foregoing violations by Mosaic, the simple fact of the matter is

7    that where there was one case, now there are two; closely related cases that should be

8    consolidated, necessitating adequate time for the Defendants to coordinate strategy and efforts,

9    and a newly served defendant who should have adequate time to contest a highly flawed

10   complaint against him.

11       While Defendants acknowledge that because the cases are so related there will be

12   overlapping evidence and witnesses, this in no way means that the Defendants could roll the

13   Bechtolsheim Matter into the Cisco Matter and stay on target. First, Mr. Bechtolsheim should be

14   given time to exercise his statutory right to challenge Mosaic's complaint against him. As the

15   Court is well aware, this process usually takes at least several months and, if the Cisco Matter is a

16   guide, motions regarding the pleadings can take considerably longer.

17       Second, the landscape has changed. Instead of one corporate defendant, there are two

18   defendants and one is an individual being sued personally. Strategies, risks and efforts need to be

19   discussed and coordinated. This cannot happen overnight, and will be shaped by the outcome of

20   Mr. Bechtolsheim's challenges to Mosaic's complaint. Had Mosaic fulfilled its duty to report

21   related cases, this process could have commenced many months ago. But, Mosaic intentionally

22   ignored their duties and created this issue this late in the game. It is only fair to allow the

23   Defendants the opportunity to re-group and reassess how to defend themselves.

24       Third, the time allotted for witness depositions and expert discovery has been forestalled

25   by the Defendants' need to address Mosaic's actions. *See* Craig Decl. ¶ 19. Much of this

26   discovery has yet to occur. *Id.* As of the date of this motion, only two depositions, including Mr.

27   Bechtolsheim's, have been taken and Mosaic has taken the position that neither has been

28   completed. *Id.* Cisco noticed and served deposition subpoenas on ten individuals and entities,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4    12    Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1   and was ready to proceed with these depositions. *Id.* The parties, however, have postponed these

2   depositions to address the issues raised by Mosaic's eleventh hour move and avoid the need to

3   duplicate depositions and unnecessarily burden the witnesses. *Id.*

4   ### C.   Mosaic Should Be Sanctioned For Its Outrageous Conduct

5   #### 1.   Mosaic's Counsel Intentionally Mislead The Court and Defendants

6       Mosaic's counsel intentionally deceived the Court and the Defendants. It is axiomatic that

7   attorneys must act professionally and honestly. "Counsel should not forget that they are officers

8   of the court, and while it is their duty to protect and defend the interests of their clients, the

9   obligation is equally imperative to aid the court in avoiding error and in determining the cause in

10  accordance with justice and the established rules of practice." *Furlong v. White,* 51 Cal. App.

11  265, 271 (1921). Apparently, Mosaic's counsel does not feel that these mandates apply to them.

12      Attorneys in California have a statutory duty to employ only such means that are

13  consistent with truth and "never seek to mislead the judge or any judicial officer by any artifice or

14  false statement of fact." Cal. Rules Prof. Conduct R. 5-200; Cal. Bus. & Prof. Code § 6068(d).

15  "Honesty in dealing with the courts is of paramount importance, and misleading a judge is,

16  regardless of motives, a serious offense." *Paine v. State Bar,* 14 Cal. 2d 150, 154 (1939)

17  (attorney suspended six months for making false allegations in a petition to the probate court).

18  Furthermore, "[i]t is settled that concealment of material facts is just as misleading as explicit

19  false statements, and accordingly, is misconduct calling for discipline." *Di Sabatino v. State Bar,*

20  27 Cal. 3d 159, 162-163 (1980) (Attorney disciplined for misleading a bail commissioner by

21  failing to disclose all the facts surrounding his efforts to obtain a reduction of bail for his clients).

22      Mosaic's counsel has misled judges on several occasions in the past six months. Mosaic

23  intentionally failed to disclose the existence of the Bechtolsheim Matter during the case

24  management proceedings in the Cisco Matter. *See* Craig Decl. ¶ 13; *See* Holderness Decl. ¶ 4. In

25  doing so, Mosaic's counsel misled the judge into believing that there were no related cases and

26  that the case was ready for a trial setting conference. Mosaic's counsel has also misrepresented to

27  judges its efforts to serve Mr. Bechtolsheim by stating that it would continue to attempt to serve

28  him, where there is no indication that they did this, and by stating that it would ultimately serve

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                      13                              Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1    Mr. Bechtolsheim at his deposition, where they intentionally failed to do so. *See* Exh. 7 & 10 to

2    Craig Decl. In so doing, Mosaic's counsel misled judges into granting extensions to serve the

3    complaint.

4         The Defendants note that, for a willful breach of the rules applicable to attorneys in the

5    California Business & Professions Code, the Board of Governors "has power to discipline

6    members of the State Bar by reproval, public or private, or to recommend to the Supreme Court

7    the suspension from practice for a period not exceeding three years of members of the State Bar."

8    Cal. Bus. & Prof. Code § 6077. However, the Defendants do not seek such drastic measures, and

9    instead, ask this Court to issue sanctions as authorized below.

10              **2.    Sanctions Are Authorized and Wholly Warranted.**

11        The Court is authorized to issue sanctions for Mosaic's failure to properly serve Mr.

12   Bechtolsheim. Pursuant to California Rules of Court 3.110(f), "[i]f a party fails to serve and file

13   pleadings as required under this rule, and has not obtained an order extending time to serve its

14   pleadings, the court may issue an order to show cause why sanctions shall not be imposed." Per

15   the Court's order of January 31, 2007, Mosaic was required to serve the complaint on Mr.

16   Bechtolsheim by March 31, 2007. Mosaic failed to meet this twice-extended deadline, despite

17   Mr. Bechtolsheim being in Mosaic's counsel's offices for over five hours. There is no plausible

18   excuse for Mosaic's failure to carry out the representations made in the December and January

19   Declarations. This conduct is clearly sanctionable. Department 2 of this Court issued an order to

20   show cause why sanctions should not be imposed pursuant to Rule 3.110(f) at the case

21   management conference for the Bechtolsheim Matter on April 10, 2007. The Defendants

22   respectfully submit that good cause cannot be demonstrated and that sanctions including

23   dismissal should thus be imposed.

24        Moreover, Mosaic's blatant violation of many other rules and procedures warrants

25   sanctions. California Rules of Court 2.30(b) provides that "[i]n addition to any other sanctions

26   permitted by law, the court may order a person, after written notice and an opportunity to be

27   heard, to pay reasonable monetary sanctions to the court or an aggrieved person, or both, for

28   failure without good cause to comply with the applicable rules." As discussed above, by failing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7433410.4                                    14                                    Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1    to alert other parties and the Court regarding the related case, Mosaic and its counsel failed to

2    comply with the following California Rules of Court: 3.300(b), 3.725 (a), 3.725(c), and 3.727.

3    Given the facts of these cases, set forth herein, Mosaic cannot demonstrate good cause for its

4    failure to comply with these provisions of the California Rules of Court. Accordingly, Mosaic's

5    actions and the actions of its attorneys should be condemned and sanctioned.

6          In the months since filing the complaint in the Bechtolsheim Matter attorneys for Cisco

7    and Mr. Bechtolsheim have worked over 1400 hours in defense of the Cisco Matter. *See*

8    Holderness Decl. ¶ 6. Many of these hours may be productive in the long run. However, all of

9    them were spent operating under a misconception created by Mosaic and its counsel. This is

10   precisely the sort of untenable situation the rules regarding notice of related cases were designed

11   to avoid. Moreover, to have a duty to tell a third-party of a suit pending against them but failing

12   to do so prior to his deposition is close to unforgivable when the means of notice and service are

13   so readily available. Accordingly, defendants respectfully submit that the sanctions here ought to

14   be significant and in line with the value of the time spent working under this misconception and

15   that such sanctions should be paid in full before this case proceeds.

16   **IV.    CONCLUSION**

17         For all the foregoing reasons, Cisco respectfully requests that its Motion For

18   Consolidation, Postponement of Trial Setting Conference and Sanctions be granted in full.

19   Dated: April 20, 2007              MORGAN, LEWIS & BOCKIUS LLP

20

21                                     By:

22                                        Lorelei A. Craig
                                          Attorneys for Defendant
23                                        CISCO SYSTEMS, INC.
                                          ANDREAS BECHTOLSHEIM

24

25

26

27

28

1-SF/7433410.4                          15                        Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

1

## PROOF OF SERVICE

2

*(Mosaic Systems, Inc. v. Cisco Systems, Inc.;* **Santa Clara Sup. Ct. 1-04 CV 016867)**
*(Mosaic Systems, Inc. v. Andreas Bechtolsheim, et al.;* **Santa Clara Sup. Ct. 1-06 CV 072920)**

3

4

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, CA 94105-1126. On April 20, 2007, I served the within documents:

5

6

**DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASE NO. 1-04 CV 016867 AND CASE NO. 1-06 CV 072920.**

7

8

**DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S NOTICE OF MOTION AND MOTION TO VACATE TRIAL SETTING CONFERENCE DATE.**

9

10

**DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S NOTICE OF MOTION AND MOTION FOR SANCTIONS**

11

12

**DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTIONS TO CONSOLIDATE CASE NO. 1-04 CV 016867 AND CASE NO. 1-06 CV 072920, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS**

13

14

**DECLARATION OF HOWARD HOLDERNESS IN SUPPORT OF DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S MOTIONS TO CONSOLIDATE CASE NO. 1-04 CV 016867 AND CASE NO. 1-06 CV 072920, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS**

15

16

17

**DECLARATION OF LORELEI A. CRAIG IN SUPPORT OF DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S MOTIONS TO CONSOLIDATE CASE NO. 1-04 CV 016867 AND CASE NO. 1-06 CV 072920, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS**

18

19

20

**[PROPOSED] ORDER GRANTING DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S MOTION TO CONSOLIDATE CASE NO. 1-04 CV 016867 AND CASE NO. 1-06 CV 072920.**

21

22

**[PROPOSED] ORDER GRANTING DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S MOTION TO VACATE TRIAL SETTING CONFERENCE DATE.**

23

24

**[PROPOSED] ORDER GRANTING DEFENDANTS CISCO SYSTEMS, INC.'S AND ANDREAS BECHTOLSHEIM'S MOTION FOR SANCTIONS**

25

26

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below.

27

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

1-SF/7433410.4

Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS

| PARTY | REPRESENT | SERVICE |
|-------|-----------|---------|
| Jack Russo, Esq.<br>Michael Risch, Esq.<br>Russo & Hale LLP<br>401 Florence Street<br>Palo Alto, CA 94301<br>Tel:    650 327 9800<br>**Fax:    650 327 3737** | Mosaic | Personal |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on April 20, 2007, at San Francisco, California.

_____
Erika Eberline

1-SF/7433410.4

Case No. 1-04 CV 016867

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO
CONSOLIDATE, TO VACATE TRIAL SETTING CONFERENCE DATE AND FOR SANCTIONS