HOWARD HOLDERNESS, State Bar No. 169814
BRETT M. SCHUMAN, State Bar No. 189247
LORELEI A. CRAIG, State Bar No. 244104
MORGAN, LEWIS & BOCKIUS LLP
One Market - Spear Street Tower
San Francisco, CA 94105-1126
Tel:    415.442.1000
Fax:   415.442.1001
Email: hholderness@morganlewis.com

Attorneys for Defendants
ANDREAS BECHTOLSHEIM and
CISCO SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAIC SYSTEMS, INC.,<br><br>              Plaintiff,<br><br>       vs.<br><br>ANDREAS BECHTOLSHEIM, and DOES 1-20,<br><br>              Defendants. | Case No. C-07-3892-SI<br><br>**DEFENDANT BECHTOLSHEIM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>**[F.R.C.P. RULE 9(b), 12(b)(6) AND 12(e)]** |
| MOSAIC SYSTEMS, INC.,<br><br>              Plaintiff,<br>       vs.<br><br>CISCO SYSTEMS, INC., and DOES 1-20,<br><br>              Defendants. | Date:          September 21, 2007<br>Time:          9:00 a.m.<br>Courtroom:  10<br>Judge:         Hon. Susan Illston<br><br>**JURY TRIAL DEMANDED** |

1-SF/7597111.3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS REPLY BRIEF

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT............................................................................................................................2

    A. Mosaic's First Four "Causes Of Action" Are Legally Unchanged From Its Original Complaint And Should Therefore Be Dismissed Again. .........................2

        1. Mosaic's first through fourth "causes of action" are really separate counts of a single cause of action that together are no different than the claim already disposed of by the state court. .....................................2

        2. The gravamen of Mosaic's breach of fiduciary duty causes of action is that it suffered damages as a result of Mr. Bechtolsheim's fraudulent conduct. ..............................................................................................3

        3. Mosaic's admits that it was suspicious of Mr. Bechtolsheim more than three years before filing suit. ......................................................5

    B. Mosaic's Sixth Cause Of Action For Theft Of Trade Secrets Is Barred By The Three Year Statute of Limitations ...............................................................7

    C. Mosaic's Fifth Cause of Action Is Still Unclear.................................................8

III. CONCLUSION........................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**CASES**

Bard v. M3 Systems, Inc.,
 157 F.3d 1340 .................................................................................................................. 9

Bedolla v. Logan,
 52 Cal. App. 3d 118 ......................................................................................................... 6

Cadence Design Systems, Inc. v. Avant! Corp.,
 29 Cal. 4th 215 ............................................................................................................... 10

Christianson v. Colt Industries Operating Corp.,
 486 U.S. 800 .................................................................................................................... 9

Eichler Homes of San Mateo, Inc. v. Superior Court,
 55 Cal. 2d 845 ................................................................................................................. 2

Ford Motor Co. v. Superior Court,
 35 Cal. App. 3d 676 ........................................................................................................ 2

Hensler v. City of Glendale,
 8 Cal. 4th 1 ...................................................................................................................... 3

Hobart v. Hobart Estate Co.,
 26 Cal. 2d 412 ................................................................................................................. 5

Intermedics, Inc. v. Ventritex, Inc.,
 822 F. Supp. 634 ............................................................................................................. 8

Lehman v. Sup. Ct.
 (2006) 145 Cal. App. 4th 109 ...................................................................................... 3, 4

MCV Inc. v. King-Seeley Thermos Company,
 870 F.2d 1568 ................................................................................................................. 9

**STATUTES**

28 U.S.C.
 §1338 ............................................................................................................................... 9

35 U.S.C.
 §256 ................................................................................................................................. 9

California Civil Code
 §3426.6 ...................................................................................................................... 7, 10

## I. INTRODUCTION

Mosaic System, Inc. ("Mosaic") filed its original complaint against Andreas Bechtolsheim on October 13, 2006, but in its Opposition ("Opp."), Mosaic admits not once but twice that it was suspicious of and had a duty of inquiry regarding Mr. Bechtolsheim more than three years before filing its first complaint against him. It alleges that it "discovered in February 2003" that Mr. Bechtolsheim breached his duties to the company. Opp. at 3:26. And it alleges that it had "a duty to inquire [by] September 4, 2003." Opp. at 7:8. These allegations in the Opposition are not isolated as they underscore allegations in the First Amended Complaint ("FAC"). They also provide all the justification needed for dismissal. If Mosaic knew of a breach in February 2003 and that it had a duty of inquiry in September 2003, this knowledge conclusively demonstrates reasonable suspicion and is fatal to any cause of action governed by a three year statute of limitations.

Mosaic attempts to avoid a three year statute by first slicing, dicing and renaming a claim that the state court already found to be untimely. With the exception of an ambiguous patent claim that Mosaic needs at a minimum to clarify, there is nothing substantively new here. Rather, Mosaic seems to assume that rearranging the same allegations once found to be untimely magically revives them. Mosaic is wrong. This Court should see the FAC's various breach of fiduciary claims as the same untimely cause of action alleged in the original complaint and reject it. Alternatively, the Court could examine each of the claims individually and determine that a three year statute applies to each as all are predicated on either fraud or misappropriation of trade secrets.

Recognizing the reality that a three year statute should be applied to its claims, Mosaic also asserts that the applicable statutes begin to run upon discovery. To the contrary, both fraud and misappropriation of trade secrets are governed by three year statutes of limitations that begin to run when one becomes reasonably suspicious that a tort may have been committed. There is ample evidence on the face of the FAC and in the Opposition to demonstrate Mosaic's suspicion with regards to Mr. Bechtolsheim more than three years before the complaint was filed.

Ultimately, while the case has now found its way to a different court, the result should be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597111.3                                1                              Case No. C-07-3892-SI
DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS

the same. The state court did not buy Mosaic's efforts to rename causes of action, and neither should this Court. The gravamen of this FAC is fraud and misappropriation of trade secrets, and it should be dismissed.

## II. ARGUMENT

### A. Mosaic's First Four "Causes Of Action" Are Legally Unchanged From Its Original Complaint And Should Therefore Be Dismissed Again.

#### 1. Mosaic's first through fourth "causes of action" are really separate counts of a single cause of action that together are no different than the claim already disposed of by the state court.

Mosaic does not contest the assertion in Mr. Bechtolsheim's Motion to Dismiss ("Motion") that there are no new substantive allegations in the first four causes of action. Motion at 6:27 – 7:1. Rather, it implicitly relies on the assumption that rearranging the original allegations and drafting ostensibly separate "causes of action" produces a different legal result. It does not.

While Mosaic has styled most of its claims as separate causes of action for breach of fiduciary duty, this does not mean that these individual "causes of action" are now separate and distinct claims that must each receive independent analysis regarding the applicable statute of limitations. 'The cause of action is simply the obligation sought to be enforced. The same cause of action, of course, may be stated variously in separate counts. In California, the phrase 'causes of action' is often used indiscriminately to mean what it says and to mean counts which state differently the same cause of action." *Eichler Homes of San Mateo, Inc. v. Superior Court*, 55 Cal. 2d 845, 847 (1961) (internal citations omitted). Moreover, "pursuant to California's so-called 'primary right theory' of what constitutes a single cause of action, even if a plaintiff has various forms of relief available to him, or can present different legal theories for relief, there remains only one cause of action if the facts indicate that only one primary right of the plaintiff has been violated. *Ford Motor Co. v. Superior Court*, 35 Cal. App. 3d 676, 679 (1973) (internal citations omitted).

Given that Mosaic's first through fourth "causes of action" are no less and no more than the core of its original breach of fiduciary duty cause of action, these now separate "causes of action" can and should be analyzed as one cause of action. To this end, the state court has already

examined the issue before this Court. The state court determined that Mosaic's original breach of fiduciary duty cause of action, which now has been rewritten as four "causes of action," was really a fraud cause of action. The state court opined in its demurrer Order:

> To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. (*Lehman v. Sup. Ct.* (2006) 145 Cal. App. 4th 109, 122). Here, though labeled a cause of action for breach of fiduciary duty, the gravamen appears to lie in fraud, since it is predicated largely upon allegations that the Defendant made misrepresentations and false promises. An action for fraud must be brought within three years after the cause of action accrues.

This is precisely the result that this Court should reach. There is only one cause of action here among the first four alleged breach of fiduciary duty claims. It sounds in fraud and is completely dependent on the sort of allegations of misrepresentations that Mosaic admits are characteristic of a fraud cause of action. Opp. at 3:2. Fraud, however, also has a three year statute of limitations that has run, and dismissal thus follows for the first four "causes of action" in the FAC.

### 2. The gravamen of Mosaic's breach of fiduciary duty causes of action is that it suffered damages as a result of Mr. Bechtolsheim's fraudulent conduct.

Even if the FAC's first four "causes of action" are analyzed separately, they still should be dismissed as they are each fundamentally predicated on fraud. Mosaic's nomenclature does not control the applicable statute of limitations. Rather, as the state court found, the gravamen of a cause of action or nature of the right sued upon governs the application of a statute of limitations. *Hensler v. City of Glendale,* 8 Cal. 4th 1, 22-23 (1994). While Mosaic attempts to argue that these individual "causes of action" do not sound in fraud, a review of the FAC demonstrates that the gravamen of Mosaic's alleged injury is that it suffered damages as a result of Mr. Bechtolsheim's alleged concealments, misrepresentations and false promises – all fraudulent conduct. Each of Mosaic's separate breach of fiduciary duty counts incorporates Mosaic's more than ten pages of background facts which liberally contain allegations of false statements by Mr. Bechtolsheim. And, as explained fully in Mr. Bechtolsheim's Motion to Dismiss (Motion at 9:6 – 11:11) and illustratively demonstrated below, each of Mosaic's first through fourth separate breach of fiduciary duty counts also contain allegations and elements of fraud:

- First – Breach of Duty of Loyalty: "Plaintiff reasonably acted on Defendant's reassurances and information as a member of the Board of Directors, and consequently suffered irreparable harm from his intentional breach of fiduciary duty." FAC ¶64.

- Second – Breach of Duty of Honesty: "Bechtolsheim chose to omit material facts," "Defendant hid several material facts from Plaintiff," "Bechtolsheim repeatedly assured Plaintiff … such representations and assurances were untrue," and "all of these misrepresentations were negligent and/or made in bad faith." FAC ¶¶70-74.

- Third – Breach of Duty of Care: "Defendant made repeated promises and assurances, which he knew to be false or misleading in light of omitted facts." FAC ¶84.

- Fourth – Breach of Duty of Good Faith: "Bechtolsheim utilized his power over Mosaic to convince Mosaic," "Defendant promised an acquisition offer by Cisco to prevent Plaintiff Mosaic from seeking out other business opportunities while also hiding several material facts from Mosaic." FAC ¶¶88 & 91.

In viewing each of Mosaic's first through fourth "causes of action," it is clear that the basis for each claim is that Mr. Bechtolsheim breached his fiduciary duty through misrepresentations and concealments and that Mosaic relied upon these misrepresentations and concealments to its detriment. Accordingly, this Court should see Mosaic's breach of fiduciary "causes of action" for what they are – a single cause of action for fraud – and apply the three year statute of limitations for fraud to each.

Mosaic attempts to avoid the conclusion that the gravamen of its claims is fraud by arguing in its Opposition that the cases cited by Mr. Bechtolsheim on the gravamen issue are inapplicable. This attempt is identical to the same discussion in its opposition to Mr. Bechtolsheim's original demurrer in state court, and the value of these efforts to distinguish the case law can be measured by the reaction of the state court. It dismissed every cause of action in the original complaint and actually cited in its Order the same *Lehman* case that Mosaic continues

to find so beneficial to its cause.

That rejection of Mosaic's effort to distinguish applicable case law was well-founded. The essence of Mosaic's efforts to distinguish the cases cited by Mr. Bechtolsheim is the claim that the cases do not involve a director's breach of fiduciary duty but rather breaches of fiduciary duty in other contexts. Mosaic's position incorrectly assumes that there are degrees of fiduciary relationships and that some are more important than others. Mosaic has, however, provided no support for distinguishing the cases cited by Mr. Bechtolsheim on the basis of the type of fiduciary relationship involved, and thus, these cases remain persuasive on the gravamen issue.

### 3. Mosaic's admits that it was suspicious of Mr. Bechtolsheim more than three years before filing suit.

Much ink is spilled in Mosaic's Opposition trying to demonstrate that it did not actually learn of the various claimed breaches of fiduciary duty, fraud and concealment causes of action until sometime within the three year statutory period for fraud. Mosaic's effort in this regard helps to demonstrate its true belief that fraud is the gravamen of the first four causes of action. More fundamentally, however, the effort misstates the law and ignores the allegations and concessions made in Mosaic's Opposition to this Motion.

The trigger point for the fraud statute of limitations is when a reasonably prudent person would be suspicious, and thus on inquiry notice. *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 437 (1945). It is not discovery of the cause of action as Mosaic contends. Opp. at 5:18-20. To attempt to alter the trigger point for the statute of limitations from suspicion to discovery of the cause of action, Mosaic flagrantly misstates the holding of *Hobart*. Mosaic claims that *Hobart* holds that where there is a confidential relationship, there is no duty of inquiry until that relationship is repudiated. This is, however, simply not the case, and courts have rebuffed similar attempts to interpret *Hobart* in this fashion:

> Hobart, upon which appellant primarily relies, makes it abundantly clear that the general rules relating to pleading and proof of facts excusing a late discovery of fraud remain applicable to cases involving a confidential relationship. The only distinction between the rules of discovery in the ordinary fraud case and those in the confidential relationship category is that in the latter situation the duty to investigate may arise later by reason of the fact that the plaintiff is entitled to rely upon the assumption that his fiduciary is acting in his behalf. But, once the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597111.3                               5                        Case No. C-07-3892-SI
DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS REPLY BRIEF

plaintiff becomes aware of facts which would make a reasonably prudent person suspicious, the duty to investigate arises and the plaintiff may then be charged with knowledge of facts which would have been discovered by such an investigation.

*Bedolla v. Logan*, 52 Cal. App. 3d 118, 131 (1975).

With the proper legal standard in mind, the admissions and concessions of Mosaic readily demonstrate that the statute of limitations for fraud began to run more than three years before the original complaint was filed against Mr. Bechtolsheim. Mosaic alleges in its FAC that Mr. Bechtolsheim "dominated Mosaic['s] Board," and "exerted a significant influence over Mosaic project development," and that as a result of "Defendant's domination and direction, Mosaic wasted thousands of person-hours and millions of dollars ..." FAC ¶¶60-61. Mosaic further alleges that "Defendant Bechtolsheim utilized his position as a director and manipulated Plaintiff Mosaic's business and product development to the severe detriment of Plaintiff, and to the benefit of Cisco and himself." FAC ¶63. Mosaic then clearly admits that it "discovered Defendant's breaches of fiduciary duty of loyalty starting in February 2003 following the collapse of Mosaic's relationship with Cisco." FAC ¶65. Armed with knowledge of all the foregoing facts pled by Mosaic, a reasonably prudent person would have been suspicious of fraud upon learning that Mr. Bechtolsheim breached his duty of loyalty. According to Mosaic, Mr. Bechtolsheim was a trusted fiduciary who commanded Mosaic's business activities. Upon learning that he violated that trust to Mosaic's detriment and to his and Cisco's benefit, Mosaic should have been suspicious of the alleged fraud. As a result, as a matter of law, Mosaic was on inquiry notice regarding any alleged fraudulent conduct by Mr. Bechtolsheim in February of 2003, making Mosaic's fraud allegations untimely.

While Mosaic's admissions are more than enough to put this issue to rest, there is even further evidence of the un-timeliness of Mosaic's fraud allegation. Not only do the facts pled by Mosaic illustrate that Mosaic should have been suspicious of fraud, they indicate that Mosaic was admittedly suspicious of fraud outside of the statute of limitations period. Mosaic's FAC clearly concedes that it began investigating potential legal claims against Cisco in March of 2003. FAC ¶48. Mosaic would like to separate Mr. Bechtolsheim's role from Cisco's role in the failed negotiations between Cisco and Mosaic to avoid this investigation being considered as evidence

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597111.3    6    Case No. C-07-3892-SI
DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS REPLY BRIEF

of Mosaic's suspicion against Mr. Bechtolsheim. However, it is abundantly clear from Mosaic's FAC that Mr. Bechtolsheim was not just an integral part of Mosaic's relationship with Cisco, but allegedly the catalyst for that relationship and the person responsible for Mosaic's alleged damages flowing from that relationship. Mosaic credits Mr. Bechtolsheim with being responsible for Mosaic's pursuit of a business relationship with Cisco. *See* FAC ¶¶ 10 & 16. Mosaic also repeatedly alleges that it was Mr. Bechtolsheim's false statements, misrepresentations and omissions that convinced Mosaic to continue negotiations with Cisco. *See* FAC ¶¶ 17, 19, 26, 28, 30, 38, 40 & 46. And, Mosaic claims Mr. Bechtolsheim is responsible for Mosaic's damages flowing from its failed business relationship with Cisco. *See* FAC ¶ 61, 64, 74, 84, 90, 99 & 109.

In light of Mosaic's belief that Mr. Bechtolsheim had a vital role in Mosaic's relationship with Cisco, it is hard to see how an investigation regarding failed negotiations with Cisco would not include Mr. Bechtolsheim. Mosaic suggests otherwise to avoid the consequences of its tardy filing, but on the face of the FAC, that is not a credible position. Rather, Mosaic's investigation into legal claims in March of 2003 demonstrates that it was suspicious of fraud, whether or not that suspicion was communicated to Mr. Bechtolsheim, and Mosaic should be charged with inquiry notice significantly prior to October of 2003.

### B. Mosaic's Sixth Cause Of Action For Theft Of Trade Secrets Is Barred By The Three Year Statute of Limitations

Mosaic does not contest that the gravamen of its sixth cause of action for "Breach of Fiduciary Duty – Duty of Care – Theft of Trade Secrets" is misappropriation of trade secrets or that the applicable statute of limitations is three years. Rather, Mosaic, as it did with the causes of action sounding in fraud, misapplies the statute of limitations analysis. Specifically, Mosaic alleges that this sixth cause of action is timely because it was "discovered less than three years before the complaint was filed." Opp. at 7:5-6. However, as with fraud, there is a duty of inquiry making the discovery of claims irrelevant where the duty has already arisen. "An action for misappropriation must be brought within three years after the misappropriation is discovered *or by the exercise of reasonable diligence should have been discovered.*" Cal. Civ. Code § 3426.6. (emphasis added). Moreover, "California and other UTSA jurisdictions seem to assume that the

primary purpose of trade secret law is to protect the integrity of confidential relationships, and that once a plaintiff has notice that a defendant has violated the plaintiff's confidences *in any respect,* it is unreasonable for that plaintiff to assume that there is no real risk of further violations of the underlying duty and trust." *Intermedics, Inc. v. Ventritex, Inc.,* 822 F. Supp. 634, 652-653 (N.D. Cal. 1993) (emphasis added). As a result, "it is the first known (or reasonably discoverable) breach of that [confidential] relationship that creates the right to sue and thus triggers the running of the statute of limitations." *Id.* Mosaic has admitted that it discovered Mr. Bechtolsheim breached his duty of loyalty to Mosaic in February of 2003. FAC ¶65; Opp. at 3:26. Mosaic's discovery of this breach is sufficient to commence the statute of limitations for misappropriation of trade secrets, and thus, Mosaic's sixth cause of action is untimely.

Besides alleging knowledge of Mr. Bechtolsheim's breach of a confidential relationship more than three years prior to this action, Mosaic's FAC also illustrates that Mosaic should have been and probably was specifically suspicious about its trade secrets. Mosaic alleges that it designed the confidential CSRAM specification and that it provided Defendants Mr. Bechtolsehim and Cisco with Mosaic confidential trade secrets and information numerous times from May 2001 to February of 2003. FAC ¶¶ 24, 28, 30, 34, 40 & 45. Mosaic admits that "Plaintiff first became aware of and concerned with competitors for Cisco's business with respect to CSRAM chips in August 2002." FAC ¶27. Mosaic was also informed of Cisco's decision to use Sony and Samsung as suppliers for the CSRAM chips and told that Cisco would not use Mosaic as a supplier for CSRAM chips in January through February of 2003. FAC ¶39 & 44. If Mosaic was admittedly concerned about competitors in August of 2002 and presumably concerned about what information was provided to competitors, it was by definition suspicious by that date. These facts coupled with Mosaic's admission necessitate a finding that Mosaic's trade secret misappropriation allegations are untimely.

### C. Mosaic's Fifth Cause of Action Is Still Unclear

Interestingly, Mosaic's Opposition regarding its fifth cause of action does not clear up the ambiguity in Mosaic's FAC. Mosaic contends that it is not challenging the ownership or seeking to void or invalidate Cisco's '385 patent. However, at the same time, Mosaic implies that the

1-SF/7597111.3

8

Case No. C-07-3892-SI

DEFENDANT BECHTOLSHEIM'S MOTION TO DISMISS REPLY BRIEF

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

patent holders did not invent the patent.[1] For example, Mosaic vigorously and repeatedly attacks the accuracy of the "two inventors named in the '385 Patent, Dipankar Bhattacharya and Jeff Hirschman," (FAC ¶53) and complains of being deprived the "credit" it was due for inventing the '385 patent. FAC ¶92. It also claims:

- Cisco wrongfully applied for "a patent stolen from, derived from, and based upon Plaintiff's Trade Secrets and Confidential Information and other Mosaic knowledge." FAC ¶1;
- "The '385 Patent contains many of Plaintiff's Trade Secrets and Confidential Information." FAC ¶52;
- Cisco filed "a patent on what was essentially Mosaic proprietary ideas," and did not "give credit to Plaintiff Mosaic in the '385 Patent." FAC ¶92;
- "Mosaic's Trade Secrets and Confidential Information were being used to apply for a patent by Cisco." FAC ¶98;
- Cisco's patent application was "based upon and derived from [Mosaic's] information," FAC ¶98;
- Cisco "applied for a patent derived from and based upon Mosaic's Trade Secrets and Confidential Information," FAC ¶129(v).

This ambiguity is made all the more strange when one considers its implications. Statute

---

[1] A contest over inventorship raises substantial issues under the patent laws, and thus, exclusive jurisdiction lies with the federal courts. Under 28 U.S.C. §1338, federal courts are given original and exclusive jurisdiction over cases "arising under any Acts of Congress relating to patents." See *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 807 (1988). An action arises under patent law if patent law creates the cause of action or if relief under the cause of action necessarily depends on resolution of a substantial question of patent law. *Id.*
    An inventorship challenge is both created by federal patent law and necessarily depends on resolution of substantial questions of federal patent law *MCV Inc. v. King-Seeley Thermos Company*, 870 F.2d 1568, 1570 (Fed.Cir. 1989) (the "cause of action is created by [35 U.S.C.] section 256 which explicitly authorizes judicial resolution of co-inventorship contests over issued patents," and "it is also the case that 'relief necessarily depends on resolution of a substantial question of federal patent law'"). The "inventor" of a patent, "is the person or persons who conceived the patented invention." *Bard v. M3 Systems, Inc.*, 157 F.3d 1340, 1352 (Fed.Cir. 1998).

and case law makes it clear that further evidence of a misappropriation of the same trade secrets does not create a separate cause of action and has no effect on the statute of limitations analysis. "For the purposes of this section, a continuing misappropriation constitutes a single claim." Cal. Civ. Code § 3426.6; *Cadence Design Systems, Inc. v. Avant! Corp.*, 29 Cal. 4th 215, 226 (2002). Stated plainly, if Mosaic has not stated an inventorship claim (and assuming that the Court agrees with Mosaic's assertion of federal diversity jurisdiction), this claim should be dismissed as the gravamen of it is the same untimely trade secret claim. This fifth cause of action, absent inventorship, is nothing more than a reiteration of Mosaic's sixth cause of action for theft of trade secrets which is barred by the three year statute of limitations for misappropriation of trade secrets as discussed above. If, on the other hand, this is a separate cause of action based on Cisco's '385 patent, then Mr. Bechtolsheim is entitled to a more definitive statement to determine what exactly Mosaic is alleging with respect to the patent.

### III.   CONCLUSION

For the forgoing reasons, Mr. Bechtolsheim respectfully requests that the Court grant its Motion to Dismiss without leave to amend. As this is Mosaic's second attempt to allege timely causes of action and its second failure, dismissal should be with prejudice this time.

Dated: September 7, 2007                    MORGAN, LEWIS & BOCKIUS LLP


By    /s/ Howard Holderness
      Howard Holderness
      *Attorneys for Defendant*
      ANDREAS BECHTOLSHEIM