HOWARD HOLDERNESS, State Bar No. 169814
BRETT M. SCHUMAN, State Bar No. 189247
LORELEI A. CRAIG, State Bar No. 244104
MORGAN, LEWIS & BOCKIUS LLP
One Market - Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
Email: hholderness@morganlewis.com

Attorneys for Defendants
ANDREAS BECHTOLSHEIM and
CISCO SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAIC SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREAS BECHTOLSHEIM, and DOES 1-20,<br><br>    Defendants. | Case No. C-07-3892-SI<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO REMAND**<br><br>Date: October 19, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 19th Floor<br>Judge: Hon. Susan Illston |
| MOSAIC SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., and DOES 1-20,<br><br>    Defendants. | |

1-SF/7604156.9

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | ISSUES PRESENTED TO THE COURT | 1 |
| II. | INTRODUCTION | 1 |
| III. | BACKGROUND | 2 |
|  | A. Mosaic Claims That Cisco's Employees Were Not The Inventors Of The '385 Patent And Demands Compensation For The '385 Patent. | 2 |
|  | B. The Allegations Against Mr. Bechtolsheim Contain Virtually Identical Allegations And Are Predicated On Similar Legal Theories. | 4 |
| IV. | ARGUMENT | 6 |
|  | A. Subject Matter Jurisdiction Exists Because The Complaint Raises A Disputed Question Of Federal Law. | 6 |
|  | B. This Court Has Supplemental Jurisdiction Over The Remaining Consolidated Claims. | 10 |
|  | C. Mosaic Provides No Reason Why This Court Should Not Exercise Supplemental Jurisdiction. | 12 |
|  |    1. There is no prohibition on exercising supplemental jurisdiction over consolidated cases, and in fact there are cases in which district courts have done precisely that. | 13 |
|  |    2. There is no reason to believe that a jury will be confused in a single trial. | 14 |
|  |    3. There is no reason to believe that the superior court was incorrect when less than four months ago it concluded that consolidating these cases would help to avoid unnecessary cost and delay. | 14 |
|  | D. Plaintiff Is Not Entitled To Fees And Costs | 15 |
| V. | CONCLUSION | 16 |

# TABLE OF AUTHORITIES

Page

## CASES

*Bard v. M3 Systems, Inc.*,
  157 F.3d 1340 (Fed.Cir. 1998) ........................................................................................... 8

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800 (1988) ............................................................................................................ 7

*City of Chicago v. International College of Surgeons*,
  522 U.S. 156 (1997) .......................................................................................................... 10

*City of Oakland v. Abend*,
  2007 WL 2023506 (N.D. Cal.) ..................................................................................... 11, 13

*Durham v. Lockheed Martin Corp.*,
  445 F.3d 1247 (2006) ........................................................................................................ 15

*Eli Lilly and Co. v. Aradigm Corp.*,
  376 F.3d 1352 (Fed.Cir. 2004) ...................................................................................... 8, 13

*Hamilton v. Asbestos Corp.*,
  22 Cal.4th 1127 (2000) ................................................................................................ 11, 13

*In re Methyl Tertiary Butyl Ether Products Liability Litigation*,
  399 F.Supp.2d 340 (S.D.N.Y. 2005) ...................................................................... 11, 12, 13

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) .......................................................................................................... 15

*MCV, Inc. v. King-Seeley Thermos Co.*,
  870 F.2d 1568 (Fed.Cir. 1989) ........................................................................................ 8, 9

*Parkhill Produce Co. v. Pecos Valley S. Ry. Co.*,
  196 F.Supp. 404 (S.D. Texas 1961) .................................................................................. 11

*Rustevader Corp. v. Cowatch*,
  842 F.Supp. 171 (W.D. Pa. 1993) ............................................................................... 7, 8, 9

*Self v. General Motors Corp.*,
  588 F.2d 655 (9th Cir. 1978) ............................................................................................. 11

*Todd-Stenberg v. Dalkon Shield Claimants Trust*,
  48 Cal.App.4th 976 (1996) ................................................................................................ 12

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) ....................................................................................... 10, 12, 13, 15

*Uroplasty v. Advanced Uroscience, Inc.*,
  239 F.3d 1277 (Fed.Cir. 2001) ............................................................................................ 9

## TABLE OF AUTHORITIES
(continued)

Page

*Weems v. Louis Dreyfus Corp.*,
  380 F.2d 545 (5th Cir. 1967) .......................................................................................... 11

### STATUTES

28 U.S.C.
  §1331 ................................................................................................................................ 6

28 U.S.C.
  §1338 ................................................................................................................................ 6

28 U.S.C.
  §1338(a) ..................................................................................................................... 2, 7, 8

28 U.S.C.
  §1367 ......................................................................................................................... 10, 15

28 U.S.C.
  §1367(c) .......................................................................................................................... 12

28 U.S.C.
  §1388(a) ............................................................................................................................ 6

28 U.S.C.
  §1441(c) ............................................................................................................... 10, 11, 15

28 U.S.C.
  §1446(b) .......................................................................................................................... 15

28 U.S.C.
  §1447(c) .......................................................................................................................... 15

35 U.S.C.
  §256 .................................................................................................................................. 7

California Code of Civil Procedure
  §1048(a) ....................................................................................................................... 6, 10

California Code of Civil Procedure
  §1048(b) .......................................................................................................................... 13

### OTHER AUTHORITIES

A.L.R., 3 Pat. L. Fundamentals
  §17:9 ................................................................................................................................. 7

California Practice Guide:
  Federal Civil Procedure Before Trial, 2:149 (2007) ...................................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7604156.9                                                   iii

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants Andreas Bechtolsheim and Cisco Systems, Inc. ("Cisco") respectfully submit this memorandum of points and authorities in opposition to the Motion to Remand and Request for Sanctions ("Motion") filed by Plaintiff Mosaic Systems, Inc. ("Mosaic").

## I.   ISSUES PRESENTED TO THE COURT

1. Whether subject matter jurisdiction exists over claims against Mr. Bechtolsheim where the operative complaint brought against him raises a federal question by contesting the inventorship of a patent and where Mosaic in its motion to remand explicitly alleges diversity jurisdiction.

2. Whether supplemental jurisdiction exists over related state law claims against Mr. Bechtolsheim and Cisco where all of Mosaic's claims against both defendants arise out of a common nucleus of operative facts, where the claims against the two defendants were already consolidated in state court, and where the claims against the two defendants are based on similar legal theories.

## II.   INTRODUCTION

Remand is not the goal of Mosaic's Motion. In fact, Mosaic in its Motion alleges subject matter jurisdiction for the first time in one of two cases removed to this Court by claiming that there is diversity of citizenship. It then, however, proceeds to argue that the state court got it wrong when it consolidated the two cases. Rather than remand, the result Mosaic obviously seeks is the opportunity to litigate one case in federal court and one case in state court. While cleaving apart these two highly intertwined cases might provide Mosaic two bites at the same apple, it would, as a practical matter, be an unnecessary burden on the courts and the parties. Moreover, as a matter of law, there is no reason to allow Mosaic to impose this burden. If Mosaic continues to allege it was the inventor of a patent granted to Cisco, jurisdiction over this entire matter, both as to Mr. Bechtolsheim and as to Cisco, should rest in federal court for the following reasons:

<u>First</u>, this Court has subject matter jurisdiction over Mosaic's claims. Mosaic now alleges that Mr. Bechtolsheim is a resident of Nevada, and the federal courts may have diversity jurisdiction for that reason. This Court, however, will find firmer ground for subject matter jurisdiction by relying upon the federal question presented by Mosaic in its First Amended

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Complaint against Mr. Bechtolsheim ("FAC-Bechtolsheim"). Under 28 U.S.C. §1338(a) federal courts are given original jurisdiction over cases "arising under" any Acts of Congress relating to patents. Because Mosaic's FAC-Bechtolsheim contests the inventorship of a patent, this Court has federal question jurisdiction.

<u>Second</u>, Mosaic's allegations of false claims of inventorship arise out of the same facts that form the basis of all of the allegations against both Mr. Bechtolsheim and Cisco. Mr. Bechtolsheim served as a Cisco manager and a Mosaic board member at the same time. Mosaic alleges that this relationship led it to provide trade secrets to Cisco, including trade secrets that later formed the basis of a Cisco patent, because it believed that a deal of some sort was imminent with Cisco. The deal never happened, and Mosaic alleges that Mr. Bechtolsheim and Cisco not only broke their respective promises but did so in order to get Mosaic's intellectual property. All of the claims against both Mr. Bechtolsheim and Cisco derive from this same common nucleus of operative facts. Moreover, all of these facts arise in cases that have been consolidated by the state court into a single case. Given this consolidation and the existence of a common nucleus of facts, this Court can and should exercise supplemental jurisdiction.

### III.     BACKGROUND

In its Motion, Mosaic reports dates of certain filings in state court, but it neither acknowledges its patent invention allegations nor concedes the similarities between the operative complaints against Mr. Bechtolsheim and Cisco – similarities already noted by the state court as the basis to consolidate these two actions. As these are the allegations that justify the exercise of both federal question jurisdiction and supplemental jurisdiction over related state law claims, Mr. Bechtolsheim and Cisco highlight Mosaic's own allegations below.

      **A.    Mosaic Claims That Cisco's Employees Were Not The Inventors Of The '385 Patent And Demands Compensation For The '385 Patent.**

In addition to having a cause of action entitled in part "Theft of Patent," Mosaic alleges at least seven times in the FAC-Bechtolsheim that it was the true inventor, rather than Cisco or its employees, of the '385 Patent. Mosaic's allegations that it invented the technology in the '385 Patent begin on the first page of the FAC-Bechtolsheim when Mosaic claims that Cisco

wrongfully applied for "a patent stolen from, derived from, and based upon Plaintiff's Trade Secrets and Confidential Information and other Mosaic knowledge." FAC-Bechtolsheim at ¶1. Mosaic backs up that claim by repeating it in several forms and adding limited specifics:

- Mosaic alleges that two Cisco employees, Dipankar Bhattacharya and Jeff Hirschman, the named inventors of Cisco's '385 Patent, developed the patent using "Plaintiff's Trade Secrets and Confidential Information." FAC-Bechtolsheim at ¶53.
- Mosaic contends that Cisco's '385 Patent used "essentially Mosaic proprietary ideas" and that Cisco deprived it of the "credit" it was due for inventing the '385 Patent. FAC-Bechtolsheim at ¶92.
- It claims, "Mosaic's Trade Secrets and Confidential Information were being used to apply for a patent by Cisco." FAC-Bechtolsheim at ¶98.
- Cisco's patent application, according to Mosaic, was "based upon and derived from [Mosaic's] information." FAC-Bechtolsheim at ¶98.
- Mosaic alleges, "Not only did [Mr. Bechtolsheim] fail to protect Mosaic's proprietary and confidential information, [Mr. Bechtolsheim] instead purported ownership of it and actively helped others take the credit." FAC-Bechtolsheim at ¶101.
- Cisco "applied for a patent derived from and based upon Mosaic's Trade Secrets and Confidential Information." FAC-Bechtolsheim at ¶129(v).

Mosaic also demands to be compensated for this failure to acknowledge its role as an inventor. Specifically, Mosaic claims that it is "entitled to compensatory relief and other damages for the misappropriation of its Trade Secrets and Confidential Information into a Cisco patent, and any subsequently developed related patents...." FAC-Bechtolsheim at ¶103. Mosaic further requests punitive damages specifically related to Mr. Bechtolsheim's alleged participation in the process that resulted in Mosaic not receiving credit as the inventor of the '385 Patent. FAC-Bechtolsheim at ¶104.

It should be noted as well that Mosaic treats its inventorship claim differently than its other claim based on the theft of trade secrets. The FAC-Bechtolsheim's Fifth Cause of Action contains inventorship claims, and the Sixth Cause of Action contains more generalized trade secret misappropriation allegations. FAC-Bechtolsheim at ¶¶97-116. If the claim in the Fifth Cause of Action was merely that Cisco misappropriated trade secrets and that Mr. Bechtolsheim assisted in these efforts, there would be no need for separate causes of action. To the contrary, however, the Fifth Cause of Action alleges more – specifically that neither Cisco nor its employees developed or invented the technology behind the '385 Patent.

Finally, it should be noted that Mosaic filed its most recent complaint against Cisco, the Third Amended Complaint ("TAC-Cisco"), in June 2005, significantly before March 2007 when Mosaic allegedly "discovered" Cisco's and Mr. Bechtolsheim's false claims of inventorship. FAC-Bechtolsheim at ¶102. It remains unclear whether Mosaic will amend its allegations against Cisco again to assert the inventorship claim or if at a hypothetical separate trial, Mosaic would attempt to introduce evidence that Cisco misused Mosaic trade secrets by incorporating them into the '385 Patent. The possibility and even likelihood of such efforts does, however, exist.

### B. The Allegations Against Mr. Bechtolsheim Contain Virtually Identical Allegations And Are Predicated On Similar Legal Theories.

While Mosaic implies that its case against Cisco is very different than its case against Mr. Bechtolsheim, *see, e.g.,* Motion at 7:17-18, its factual allegations and legal theories run to the contrary. Even on the face of the Motion, it is clear how closely related the FAC-Bechtolsheim is to the operative complaint against Cisco. In the Motion's Summary of Facts, for example, Mosaic mentions "Cisco" five times in two short paragraphs. Motion at 2:12-23. This prominent mention of Cisco's involvement does not, however, do justice to the amount of overlap between the FAC-Bechtolsheim and the TAC-Cisco.

Both complaints are predicated on the fact that during the relevant time period, Mr. Bechtolsheim served as both the head of the GSBU, a business unit within Cisco hoping to contract with a supplier for high speed memory chips, and as a board member of and primary investor in Mosaic. FAC-Bechtolsheim at ¶¶8, 12; TAC-Cisco at ¶¶11-12. Mr. Bechtolsheim's

service in these capacities, the allegation that significant information passed between the companies due to Mr. Bechtolsheim's positions, and the fact that a relationship between Mosaic and Cisco never blossomed into the written agreement Mosaic hoped for, all led directly to two strikingly similar complaints. Even the most cursory examination quickly reveals that the language in as many as 20 paragraphs of factual allegations is virtually identical:

| Paragraph in Bechtolsheim First Amended Complaint | Corresponding Paragraph in Cisco Third Amended Complaint |
|---|---|
| 8 | 11 and 12 |
| 24 | 18 |
| 27 | 20 |
| 28 | 21 |
| 29 | 22 |
| 30 | 23 |
| 31 | 24 |
| 32 | 26 |
| 33 | 27 |
| 34 | 28 |
| 35 | 29 and 30 |
| 37 | 31 |
| 38 | 32 |
| 39 | 33 |
| 40 | 34 |
| 41 | 35 |
| 42 | 36 |
| 43 | 37 |
| 44 | 38 |
| 45 | 39 |

Moreover, beyond the striking similarities in the complaints, the prominent mention of Cisco in the FAC-Bechtolsheim further demonstrates a nucleus of common facts. "Cisco," for example, is mentioned over 250 times in the FAC-Bechtolsheim, and over 65% of the numbered paragraphs in the FAC-Bechtolsheim refer to Cisco. Perhaps most striking, however, is the Prayer for Relief in the complaint filed against Mr. Bechtolsheim. It asks for judgment to be entered against Cisco. FAC-Bechtolsheim at 26:2.

Furthermore, Mosaic attempts to allege causes of action that are rooted in almost identical legal theories. Both operative complaints include claims for constructive fraud, breach of fiduciary duty, and theft of trade secret. Moreover, some of the causes of action that Mosaic

asserts against Cisco in the TAC-Cisco are expressly predicated on the alleged misconduct of Mr. Bechtolsheim, and some of the causes of action Mosaic asserts against Mr. Bechtolsheim in the FAC-Bechtolsheim are predicated on Cisco's conduct. For example, Mosaic's Sixth Cause of Action against Cisco is for aiding and abetting Mr. Bechtolsheim's alleged breach of fiduciary duty to Mosaic. Similarly, Mosaic's Fifth and Sixth Causes of Action against Mr. Bechtolsheim are based on the alleged conduct of certain Cisco employees.

When these actions still resided in state court, these similarities led Cisco and Mr. Bechtolsheim to move for consolidation of the two actions under California Code of Civil Procedure §1048(a). On June 18, 2007, Judge McKenney of the Santa Clara County Superior Court agreed with the rationale of the Defendants and ordered the actions to be consolidated. Judge McKenney reserved judgment on the issue of consolidation for purposes of trial. *See* June 18, 2007 Court Order, attached to the Notice of Removal as Exhibit C.

## IV.   ARGUMENT

Mosaic's Motion concedes that this Court has subject matter jurisdiction over the complaint against Mr. Bechtolsheim, but bases this concession on diversity between the parties. Motion at 5:10. It alleges that there is diversity on the grounds that Mr. Bechtolsheim is a citizen of Nevada and that Mosaic has its principle place of business in California.[1] While Defendants agree that this Court has subject matter jurisdiction, Mr. Bechtolsheim and Cisco contend that it exists on the basis that the FAC-Bechtolsheim necessarily raises a federal question, rather than just on the basis of diversity.

### A.   Subject Matter Jurisdiction Exists Because The Complaint Raises A Disputed Question Of Federal Law.

Federal question jurisdiction exists over actions "arising under" federal law. 28 U.S.C.

---

[1] Traditionally, plaintiff controls his case through pleadings. The FAC-Bechtolsheim alleges that Mr. Bechtolsheim resides in Portola Valley, California. FAC-Bechtolsheim at ¶ 3. This allegation was made in a pleading filed after Mr. Bechtolsheim's deposition. In its Motion, however, Mosaic now relies on that same deposition to allege that Mr. Bechtolsheim is a citizen of Nevada. Motion at 5:14-15. Although Defendants do not agree that a driver's license and the intent eventually to "get to Nevada" are sufficient to establish citizenship, we take this allegation at face value and assume for present purposes that he is a Nevada resident.

§1331. Under 28 U.S.C. §1338, district courts "shall have original jurisdiction of any civil action arising under any act of Congress relating to patents.... Such jurisdiction shall be exclusive of the courts of the states in patent... cases." 28 U.S.C. §1388(a); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807 (1988). An action "arises under" federal patent law if plaintiff's complaint makes it appear that some right or privilege will be defeated by one construction or sustained by the opposite construction of these laws. *Id.* at 807. A district court's federal question jurisdiction extends over cases in which a well pleaded complaint establishes a cause of action under federal law or in which "that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" in that "federal law is a necessary element of one of the well pleaded... claims." *Id.* Merely "because a claim makes no reference to federal patent law" does not mean the claim does not arise under patent law and plaintiff may not defeat section 1338(a) jurisdiction by omitting to plead necessary federal patent law questions. *Id.* at 809. To the contrary, a court "will not allow the plaintiff to deny the defendants 'a federal forum when the plaintiffs' complaint contains a federal claim 'artfully pled' as a state law claim.'" *Rustevader Corp. v. Cowatch*, 842 F.Supp. 171, 174 (W.D. Pa. 1993).

The specific patent law claim at issue here is one of inventorship. The failure to name in an issued patent less than all persons who jointly contributed to the making of an invention is called "nonjoinder." A.L.R., 3 Pat. L. Fundamentals §17:9. Correction to issued patents is governed ultimately by 35 U.S.C. §256. Under section 256, the "court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned ...." *See also* A.L.R., 3 Pat. L. Fundamentals §17:9 ("the Patent & Trademark Office and U.S. district courts have original concurrent subject-matter jurisdiction to correct nonjoinder.... United States district courts possess original subject-matter jurisdiction to resolve an inventorship dispute apparently even in the absence of patent infringement litigation.") It is well established that inventorship claims arise under an Act of Congress relating to patents and justify the exercise of original federal jurisdiction under 28 U.S.C. §1338(a). *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed.Cir. 1989).

The analysis here as to whether Mosaic has alleged an inventorship claim can begin with

Mosaic's intent. If there truly is no separate patent allegation, why does Mosaic allege separate causes of action for "Theft of Patent" (Fifth Cause of Action) and "Theft of Trade Secrets" (Sixth Cause of Action)? In other words, if Mosaic is not claiming inventorship, why does it allege a separate cause of action for "Theft of Patent?"

Regardless of the motivation of the claims, Mosaic's nonjoinder allegations require this Court to carefully weigh the relative contributions of Mosaic and Cisco in creating the inventions covered by the '385 Patent – a "difficult" question of patent law that necessarily require the expertise of the federal courts. *See Bard v. M3 Systems, Inc.*, 157 F.3d 1340, 1352 (Fed.Cir. 1998). Plaintiff's "Theft of Patent" allegation requires the Court to analyze the patent to compare respective contributions. This triggers precisely the kind of "line [drawing] between actual contributions to conception[,] and the remaining, more prosaic contributions to the inventive process that do not render the contributor a co-inventor" that federal courts must make in an inventorship contest. *Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed.Cir. 2004). Here, notwithstanding Mosaic's attempt in its current Motion to frame the FAC-Bechtolsheim as based solely on state law, federal question jurisdiction exists because Mosaic's claim against Mr. Bechtolsheim and its prayer for relief requesting damages for theft of a patent necessarily depend on the resolution of the issue of inventorship. The Fifth Cause of Action for "Breach of Fiduciary Duty – Duty of Loyalty – Theft of Patent" directly raises the issue of inventorship by calling into question the rightful inventors of the patent. Mosaic claims that Dipankar Bhattacharya and Jeff Hirschman, the two Cisco employees named as inventors of the '385 Patent, developed the patent using Mosaic's "Trade Secrets and Confidential Information." FAC-Bechtolsheim at ¶53:5. The FAC-Bechtolsheim also claims that the patent used "essentially Mosaic proprietary ideas" and that Mosaic was deprived the "credit" it was due for inventing the '385 Patent. FAC-Bechtolsheim at ¶92:12-13. Thus, Mosaic's well pleaded complaint necessarily depends on the resolution of a substantial federal question under the *MCV* decision. *MCV, Inc.*, 870 F.2d 1568; *see also Rustevader Corp. v. Cowatch*, 842 F.Supp. 171 (W.D. Pa. 1993).

The opinion in *Rustevader* is analogous to the facts here. In that case, the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

employee/defendant filed and received a patent while employed by plaintiff Rustevader. 842 F.Supp. at 171. A co-inventor was listed on the patent, but the co-inventor was not an employee. *Id.* at 171. Rustevader sued, claiming that the employee breached his employment agreement by including Rustevader's confidential information in the patent application. *Id.* Because the co-inventor was not an employee and was not a party to any employment agreement, plaintiffs had created an inventorship dispute, *i.e.*, Rustevader's success required that either the employee was the sole inventor or that neither of the listed inventors was the actual inventor. *Id.* at 173. Thus, even though the plaintiff had not explicitly pled relief pursuant to any federal statute, under the well pleaded complaint rule, the federal court still had jurisdiction over the matter. *Id.* at 174. In order for Mosaic to prevail on its "Theft of Patent" claim, it must establish that the two inventors listed in the '385 Patent are not the real, exclusive inventors. Because this necessarily raises the issue of inventorship, this issue gives this Court jurisdiction over this case. Mosaic cannot avoid federal jurisdiction by artfully pleading its federal claim as a state law claim.

Further, while it implies that it has pled a non-inventorship issue, Motion at 5, fn. 5, Mosaic does not point to any contract or duty that would allow it to assert rights to the Cisco '385 Patent absent the claim of inventorship.[2] Thus, Mosaic cannot allege that their claim is a pure ownership claim arising out of state contract law. Rather, "a substantial federal question is raised when 'co-ownership arises from and [depends] *solely* on the patent law issue of inventorship.'" *Rustevader*, 842 F.Supp. at 173. In *MCV*, for example, it was alleged that a joint inventor had foregone being listed as a co-inventor in exchange for exclusive distribution rights and was thus estopped from asserting his status as co-inventor. The court found that "MCV's co-ownership arises from and depends solely on the patent law of inventorship." 870 F.2d at 1571. Mosaic contends that the patent was derived from its trade secrets, and it did not receive "credit" for the

---

[2] For example, Mosaic cites *Uroplasty v. Advanced Uroscience, Inc.*, 239 F.3d 1277, 1279 (Fed.Cir. 2001). The holding of that case is that ownership of a patent can pass in a contract and that jurisdiction for a breach of that contract will rest in state court. The key distinguishing issue is that in *Uroplasty* there was no claim of inventorship. Here, Mosaic can make no claim with regards to the '385 Patent except to say that it was the true inventor.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

patent. Because inventorship, rather than the transfer of the right to a patent, is the issue here, Mosaic raises a substantial federal question, and thus this action is properly in federal court.

In the end, Mosaic has offered *no* theory that would *both* support the incorrect inventorship they have alleged in the '385 Patent *and* avoid federal jurisdiction. Thus, because Mosaic has raised the issue of inventorship – a federal question under patent law – this Court has subject matter jurisdiction over Mosaic's claims.

### B. This Court Has Supplemental Jurisdiction Over The Remaining Consolidated Claims.

While Mosaic implicitly concedes that the Court should exercise supplemental jurisdiction over the state law claims against Mr. Bechtolsheim, it argues that the Court should not exercise supplemental jurisdiction over parallel claims against Cisco. Practically speaking, this would be a burdensome result for the parties and the courts given the overlap in the factual allegations and legal theories here. It is also a result that this Court can and should avoid by relying on 28 U.S.C. §1367 and exercising supplemental jurisdiction over the previously consolidated state law claims alleged against both Cisco and Mr. Bechtolsheim. *See also* 28 U.S.C. §1441(c).

Under section 1367, "the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367 (emphasis added). This law, passed in 1990, adheres to the principles that the Supreme Court articulated decades before in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). In *Gibbs*, the Supreme Court held that federal jurisdiction would extend over state law claims when the federal court has original jurisdiction over federal claims and the state law claims "derive from a common nucleus of operative fact" such that a party would ordinarily be expected to try them all in one judicial proceeding. *Id.* at 725; *see also City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65 (1997).

That common nucleus of operative facts exists here, and the consolidation of the cases demonstrates legally and factually that the cases against Mr. Bechtolsheim and Cisco constitute "the same case or controversy." Judge McKenney of the Santa Clara County Superior Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7604156.9                    10

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

faced in essence the same question now before the Court. He had to consider whether the two cases involved common questions of law and fact and whether consolidation of the two actions would "tend to avoid unnecessary cost or delay." Cal. Code of Civ. Proc. §1048(a). He had to make precisely this determination when he ordered the cases consolidated. *See* June 18, 2007 Court Order. Moreover, his action created a single case. Under California procedure, there are only two forms of consolidation. A court either may consolidate for purposes of trial, or a court may consolidate for all purposes. *Hamilton v. Asbestos Corp.*, 22 Cal.4th 1127, 1147 (2000). If the court takes the latter route, the case is consolidated under a single case number. *Id.* To the extent that Mosaic claims that there are multiple cases here, it is wrong. There is one case as a matter of law now, and thus removal and the exercise of supplemental jurisdiction over all claims are both proper. *See, e.g. In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 399 F.Supp.2d 340, 353 (S.D.N.Y. 2005)(state-ordered consolidation affects jurisdiction and removability); *City of Oakland v. Abend*, 2007 WL 2023506 (N.D. Cal.) (removal proper when case without federal jurisdiction on its face is consolidated); 28 U.S.C. §1441(c) (when a separate and independent claim arising under the laws of the United States is joined with a non-removable claim, the entire case becomes removable).[3]

Moreover, there is no reason to suspect that Judge McKenney got it wrong. By mentioning Cisco over 250 times in the FAC-Bechtolsheim and including Cisco in almost two-thirds of the numbered paragraphs in the complaint, Mosaic makes Cisco central to its claims against Mr. Bechtolsheim. Moreover, the basic theories of the two complaints run precisely parallel. Mosaic claims that it trusted Cisco because Mr. Bechtolsheim was a board member and provided trade secrets and confidential information to Cisco. It claims that Mr. Bechtolsheim and Cisco breached that trust by filing a patent based on Mosaic technology, by breaking promises,

---

[3] Defendants previously cited *Parkhill Produce Co. v. Pecos Valley S. Ry. Co.*, 196 F.Supp. 404 (S.D. Texas 1961) in their removal papers for the proposition that a consolidated action is removable in its entirety. *Parkhill* was overruled by *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547-48 (5th Cir. 1967) on the grounds that *Parkhill* consolidated removal of an action based on diversity even though there was no "voluntary" act by Plaintiff to create diversity. *See also Self v. General Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). The case, however, was not overruled with regard to the effect that state court consolidation has on the supplemental jurisdiction issue.

1  and by misappropriating other confidential information. And now it prays for damages to be
2  awarded "jointly and severally." FAC-Bechtolsheim at 26:2. Finally, and on a more granular
3  level, the FAC-Bechtolsheim's Fifth Cause of Action, in addition to containing Mosaic's claim of
4  inventorship, explicitly and repeatedly alleges Cisco's participation in the process that led to
5  Mosaic not receiving credit as the inventor of the '385 Patent. FAC-Bechtolsheim at ¶¶1, 53, 98-
6  101. In fact, without Cisco's participation in the patent application process, there would simply
7  be no such claim.

8   This Court should for these reasons exercise supplemental jurisdiction just as Judge
9  McKenney decided to consolidate these cases. Ultimately, the purposes of consolidation under
10 California procedure are to enhance trial court efficiency and to promote fairness. *See Todd-*
11 *Stenberg v. Dalkon Shield Claimants Trust*, 48 Cal.App.4th 976, 978-99 (1996). The federal
12 rules share these same goals under the heading of supplemental jurisdiction, and the exercise of
13 supplemental jurisdiction is appropriate here. *Gibbs*, 383 U.S. at 726.

14   **C.   Mosaic Provides No Reason Why This Court Should Not Exercise
15        Supplemental Jurisdiction.**

16   Mosaic argues that this Court should not exercise supplemental jurisdiction over Cisco
17 and demands separate proceedings. It presents three primary justifications. First, it claims that
18 the Court should not exercise supplemental jurisdiction because Mosaic opted to sue
19 Mr. Bechtolsheim and Cisco in separate cases. Second, it claims that supplemental jurisdiction
20 will confuse a jury. Finally, it claims that the two cases are at different stages of litigation. These
21 are not persuasive arguments.

22   Mosaic's arguments should be examined within the context of the statute authorizing
23 supplemental jurisdiction. Under section 1367(c), this Court *may* decline to exercise
24 supplemental jurisdiction if the claim raises a novel or complex issue of state law, the claim
25 substantially predominates over the claims over which the district court has original jurisdiction,
26 or if there are other compelling reasons to decline jurisdiction. 28 U.S.C. §1367(c); *see also In re*
27 *MTBE Products Liability Litigation*, 399 F.Supp.2d at 355-56. The failure of Mosaic to articulate
28 reasons within the statute's framework is instructive and understandable given that none of these

exceptions apply here. First and foremost, Mosaic's state law claims raise no novel issues of law. The law governing claims for breach of fiduciary duty, breach of contract and theft of trade secrets is largely settled and not difficult to apply. Moreover, none of these theories are particularly weighty as compared to the inventorship claim that the law recognizes as requiring the expertise of the federal court to draw the "line between actual contributions to conception and the remaining, more prosaic contributions to the inventive process that do not render the contributor a co-inventor...." *Eli Lilly and Company v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed.Cir. 2004).

At best, Mosaic's three articulated reasons for this Court to decline to exercise supplemental jurisdiction fall within the statutory catchall of "compelling reasons to decline jurisdiction." But even there, they fail.

### 1. There is no prohibition on exercising supplemental jurisdiction over consolidated cases, and in fact there are cases in which district courts have done precisely that.

Contrary to Mosaic's assertion, federal courts may and do exercise supplemental jurisdiction over consolidated cases. *Gibbs* is on point. There, the Supreme Court directed federal courts to examine whether there was a common nucleus of facts such that one would expect a single proceeding. 383 U.S. at 725. Given the overlapping facts and theories in this case, a single proceeding is exactly what one would expect here, regardless of whether Mosaic decided to bring these as two actions. *See also In re MTBE*, 399 F.Supp.2d at 355-56 (jurisdiction over consolidated cases is appropriate); *Abend*, 2007 WL 2023506 at 4 (N.D. Cal.)(same); Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, 2:149 (2007).

Moreover, to the extent that Mosaic bases its assertion on the belief that these once separate cases have not been consolidated, it is incorrect. More than being contrary to state supreme court precedent, *see Hamilton,* 22 Cal.4th at 1147, the argument ignores the powers that a trial court has prior to trial. The same statute that allows consolidation also permits a trial court to order severance prior to trial. Thus, to the extent that Judge McKenney reserved judgment to decide whether the cases might be tried together, he was just reserving the power granted to him by Cal. Code of Civ. Proc. §1048(b). To read more into the Order would require the assumption

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7604156.9

13

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

the Judge McKenney was trying to impose a result that was contrary to the state supreme court precedent.

### 2. There is no reason to believe that a jury will be confused in a single trial.

Mosaic claims that a jury would be confused by a single trial of this matter. The opposite is in fact true. A jury presented the case against Mr. Bechtolsheim without Cisco involved in the case will wonder why the company is not there to defend itself. Moreover, Mosaic ignores the possibility that given the overlap in the legal theories and factual allegations, two trials could very well result in contradictory judgments. One jury, for example, might find the misuse of trade secrets, including those alleged to be part of the '385 Patent, where another jury might find either no misuse or no trade secret.

### 3. There is no reason to believe that the superior court was incorrect when less than four months ago it concluded that consolidating these cases would help to avoid unnecessary cost and delay.

Finally, as to the argument that one piece of litigation would cause unnecessary delay, Mosaic's decision to sue Mr. Bechtolsheim and Cisco separately should not affect the result this Court can and should reach. To the contrary, Mosaic should not be rewarded for its dilatory activities prior to filing the Bechtolsheim action. Mosaic unnecessarily delayed almost two years before filing its complaint against Mr. Bechtolsheim, and then it waited almost another six months before serving Mr. Bechtolsheim with the complaint. During this time Mosaic took Mr. Bechtolsheim's deposition. Before giving any credence to Mosaic's accusations of delay, this Court should ask why Mr. Bechtolsheim was not sued sooner, why Cisco has seen four complaints and Mr. Bechtolsheim has seen two, and how much discovery remains to be done with regards to these matters, particularly given the recent inclusion of patent allegations involving both Mr. Bechtolsheim and Cisco. Then, the Court should recognize that Mosaic's own delays should not be rewarded with multiple attempts at recovery from multiple defendants. The superior court implicitly asked itself these questions and ultimately found that consolidation would be expedient. This Court should exercise supplemental jurisdiction for the same reasons.

In the end, because Mosaic's claims arise out of a "common nucleus of operative fact"

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7604156.9    14

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

and because no exception applies that would necessitate the Court, in its discretion, to decline jurisdiction over related state law claims, the exercise of supplemental jurisdiction over the state law claims brought against both Mr. Bechtolsheim and Cisco is appropriate.

### D. Plaintiff Is Not Entitled To Fees And Costs

Plaintiffs have no basis for requesting attorney's fees and costs associated with its motion to remand. "Absent unusual circumstances, attorney's fees should not be awarded under [section] 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). As established above, Defendants removal was both procedurally proper and substantively warranted by Mosaic's own allegations. First, Defendants timely removed this action. 28 U.S.C. §1446(b) ("Notice of removal… shall be filed within thirty days after receipt by defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ….") Even if Defendants' Notice of Removal was procedurally defective, Mosaic waived its right to object on procedural grounds. 28 U.S.C. §1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal….") Moreover, Defendants' removal is not just "objectively reasonable" – it is warranted under law. The federal courts have subject matter jurisdiction over Mosaic's claims against Mr. Bechtolsheim claim because the parties are allegedly diverse and because it raises a federal question. The federal courts have supplemental jurisdiction over other claims here because they have been consolidated and the issues and allegations arise out of a "common nucleus of operative fact." *Gibbs*, 383 U.S. at 725; *see also* 28 U.S.C. §1367. Because Defendants removal is proper, attorneys' fees should not be awarded. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (2006).

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request the Court deny Mosaic's Motion to Remand.

Dated: September 28, 2007          MORGAN, LEWIS & BOCKIUS LLP

By:     /s/Howard Holderness
Howard Holderness

*Attorneys for Defendants*

ANDREAS BECHTOLSHEIM and CISCO SYSTEMS, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7604156.9

16

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND