1 | JACK RUSSO (State Bar No. 96068)
CHRISTOPHER SARGENT (State Bar No. 246285)
2 | RUSSO & HALE LLP
401 Florence St.
3 | Palo Alto, CA 94301
Telephone: (650) 327-9800
4 | Facsimile: (650) 327-3737
Email:  jrusso@computerlaw.com
5 | Email: csargent@computerlaw.com

6 | Attorneys for Plaintiff
MOSAIC SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOSAIC SYSTEMS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREAS BECHTOLSHEIM, an individual, and DOES 1-20,<br><br>    Defendants. | Case No.  C-07-03892-SI<br><br>**PLAINTIFF MOSAIC SYSTEMS, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Date:        October 19, 2007<br>Time:       9:00 a.m.<br>Courtroom: 10, 19th Floor<br><br>Judge:      Hon. Susan Illston |
| MOSAIC SYSTEMS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>    Defendants. | |

**INTRODUCTION**

May the Defendants decide what is in a Plaintiff's well-pleaded Complaint or does the Plaintiff control its own case? Of course, the Plaintiff controls its case, but here, the Defendants seek to read claims into a complaint that are not there in order to support the baseless removal of a long simmering state court/state law case to delay trial yet again in the Santa Clara Superior Court in San Jose. Indeed, that is the very effect of what the Defendants have done here. The well-pleaded complaint that Plaintiff Mosaic Systems, Inc. ("Mosaic") filed against Defendant Cisco Systems, Inc. ("Cisco") does not contain any federal questions nor is there any diversity between Cisco and Mosaic. Accordingly, this Court lacks subject matter jurisdiction over the *Mosaic v. Cisco* case and should remand it.

The well-pleaded complaint against Defendant Andreas Bechtolsheim also does not contain any federal questions. There is, however, diversity between Defendant Bechtolsheim and Mosaic such that this Court does have subject matter jurisdiction over that case.[1] Because there is subject matter jurisdiction over the *Mosaic v. Bechtolsheim* case alone, the *Mosaic v. Cisco* case should be remanded and the *Mosaic v. Bechtolsheim* case should remain before this Court.

**ARGUMENT**

**I.   THE COURT LACKS FEDERAL QUESTION JURISDICTION BECAUSE THE COMPLAINT DOES NOT CONTAIN ANY FEDERAL QUESTIONS.**

**A.   The Well-Pleaded Complaint Proves That There Is No Federal Question.**

The First Amended Complaint ("FAC") against Defendant Bechtolsheim does not contain any federal claims on its face, and therefore fails the well-pleaded complaint test. "Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought

---

[1] Removal is arguably untimely in the *Mosaic v. Bechtolsheim* case because diversity was not specified in the removal petition. However, timeliness defects are waivable since they are not issues of subject matter jurisdiction, and Mosaic has not objected to any such defects if they exist. Student A. v. Metcho, 710 F. Supp. 267 (N.D. Cal. 1989). Additionally, the fact that the Defendants did not argue diversity in either their Removal or their Opposition to this Motion to Remand does not prevent the Court from finding subject matter jurisdiction on the basis of diversity of citizenship. Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006). If diversity is found in the *Mosaic v. Bechtolsheim* case, the Court cannot extend supplemental jurisdiction to the *Mosaic v. Cisco* case because that would destroy complete diversity. See Section II, *infra*.

in federal court originally. 'The presence or absence of federal-question jurisdiction is governed by the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686-687 (9th Cir. 2007). Here, all eight (8) claims are based in state law such as breach of fiduciary duty and fraud. While Defendants contend that the FAC has a claim based upon inventorship under 35 U.S.C. § 256, there is no claim, remedy or other reference, to or under Section 256 in the FAC. Because no federal question is presented on the face of the FAC, there is no subject matter jurisdiction on the basis of a federal question against both Defendants.

### B. The Complaint Makes Clear that the Patent-Related Allegations Do Not Create Federal Jurisdiction Under Well-Settled Federal Circuit Holdings.

Claims for breach of fiduciary duty that involve a patent do not present a federal question or create subject matter jurisdiction, and Federal Circuit holdings are well-established. "**[T]he mere presence of the patent does not create a substantial issue of patent law**." Uroplasty, Inc. v. Advanced Uroscience, 239 F.3d 1277, 1280 (Fed. Cir. 2001); see also Mannsfeld v. Phenolchemie, Inc., 466 F. Supp. 2d 1266, 1270 (S.D. Ala. 2006) (Applying Uroplasty, the District Court held that "federal question jurisdiction does not exist for claims brought by a putative inventor against one who, in breach of an agreement or other confidential relationship, wrongfully disclosed and misappropriated the plaintiff's invention by obtaining a patent on it.").

The Uroplasty decision is on all fours with the present case. There, the former CEO of the Plaintiff Uroplasty filed for a patent after leaving the company. 239 F.3d at 1279. Uroplasty sued, claiming trade secret misappropriation, breach of fiduciary duty and breach of contract due, in part, to the use and disclosure of trade secrets in the preparation and filing of a patent. Id. at 1280. The Federal Circuit held that this use of trade secrets in a patent application was not sufficient to establish subject matter jurisdiction and dismissed the case. Id.

This is the exact situation before this Court now. The Complaint alleges that Mr. Bechtolsheim, in breach of his fiduciary duties as a director of Mosaic, allowed and supervised the patenting of technology by Cisco (which has its own contractual and legal obligations to respect the confidentiality and ownership of Mosaic's technology) based upon misappropriated Mosaic

1  technology. FAC, ¶¶53, 97-106. As with the issues in the Uroplasty case, the burden on Plaintiff

2  can be met without resort to substantive patent law – Mosaic need only show that some of its

3  technology ended up in the Cisco Patent to prove its state law fiduciary duty and fraud claims. Such

4  claims cannot create subject matter jurisdiction as a federal question. Therefore, this Court lacks

5  federal question subject matter jurisdiction over both Defendants.

**1.     Section 256 Only Applies as a Defense and Only to
Innocent Mistakes; Mosaic Makes No Claim Under
Section 256 and the Conduct at Issue Was Anything but Innocent.**

8  A defense, as Defendants appear to argue they have under Section 256, is not relevant in this

9  context as the federal question must be raised by Plaintiff in its well-pleaded complaint, not by

10 Defendants as a defense. Section 256 however, has no application to the claims alleged by Mosaic

11 or any defense to them, as is obvious from the face of the FAC. For an action under Section 256 to

12 take place, one basic prerequisite is that the failure to attribute inventorship be innocent. 35 U.S.C. §

13 256. ("[S]uch error arose **without any deceptive intention** on his part..."). Mosaic's many claims

14 against Mr. Bechtolsheim, and indeed Cisco, make clear that the conduct alleged is anything but

15 innocent, precluding any application of Section 256, including as any sort of "defense". The

16 inapplicability of Section 256 is shown in the title of the Fifth Cause of Action: "Breach of

17 Fiduciary Duty- Duty of Loyalty-**Theft of Patent**." FAC, ¶¶96-97 (emphasis added). Because

18 Section 256 does not apply, it too cannot form the basis of federal question subject matter

19 jurisdiction for this Court.

**2.     The Case Law Cited by the Defendants Is Inapposite.**

21 The Uroplasty decision controls, and the cases relied upon by the Defendants are inapposite.

22 First, MCV, Inc. v. King-Seely Thermos Co., 870 F.2d 1568 (Fed. Cir. 1989) was a decision that

23 held for the first time that claims that fall under 35 U.S.C. Section 256 are federal questions for

24 purposes of subject matter jurisdiction. 870 F.2d at 1571. In MCV, the Plaintiff alleged a claim for

25 correction of inventorship under Section 256. Id. Uroplasty did not have any such claim and this

26 matter was an attempt by the Defendant to read into state law claims an inventorship dispute under

27 Section 256. Uroplasty remains controlling because Mosaic has not made any claims under Section

28 256, has not requested a correction of inventorship, but instead has a number of state law claims that

1  involve Mosaic technologies that were wrongfully incorporated into a patent application by Cisco
2  employees under Defendant Bechtolsheim's supervision.

3  Second, RustEvader Corp. v. Cowatch, 842 F. Supp. 171 (W.D. Pa. 1993) is similarly
4  inapposite.  There, one of the key factors in the District Court's decision was the fact that one of the
5  Defendants was not a party to the contracts in question, so the claims against him had to be patent
6  claims of inventorship.  Id.  There is no defendant or claim here that the Defendants can point to
7  where Mosaic's claim must be for patent ownership.  RustEvader is therefore distinguishable.

8  Third, the other cases cited by the Defendants are even more irrelevant.  C.R. Bard, Inc. v.
9  M3 Systems, Inc., 157 F.3d 1340, 1342 (Fed. Cir. 1998) does not address any issues of subject
10 matter or federal question jurisdiction and therefore does not affect the analysis of whether any of
11 Mosaic's claims present a federal question.  Eli Lilly & Co. v. Aradigm Corp., 376 F.3d 1352, 1356-
12 7 (Fed. Cir. 2004) involved a claim under Section 256 regarding who were the properly named
13 inventors.  Also, Eli Lilly did not contain any analysis of jurisdiction issues, such that is it not
14 precedent on the issue of whether any of Mosaic's claims present a federal question.

15 The applicable case law is clear:  Mosaic's state law claims against Defendant Bechtolsheim
16 do not present any federal questions.  Subject matter jurisdiction cannot be based on a federal
17 "defense" either, it can only be based on diversity of citizenship.  For the reasons spelled out below,
18 there is such diversity with Defendant Bechtolsheim but not Defendant Cisco; accordingly, the
19 *Mosaic v. Cisco* case must be remanded to the Santa Clara Superior Court.

**II.    THE COMPLETE DIVERSITY RULE ALSO
        REQUIRES A REMAND TO THE SUPERIOR COURT.**

The only basis for subject matter jurisdiction over the *Mosaic v. Bechtolsheim* case is
diversity between Mr. Bechtolsheim and Mosaic.  However, there is no such diversity between
Mosaic and Cisco.  Because there is no diversity between Mosaic and Cisco, and Cisco is not a
necessary party to the *Mosaic v. Bechtolsheim* case, the *Mosaic v. Cisco* case must be remanded.[2]
/ / /

---

[2] Alternatively, should the Court decide these two cases must be treated as one and Cisco is a necessary party, this Court should remand both cases for lack of subject matter jurisdiction because there is no federal question and no complete diversity.

Russo & Hale LLP
Palo Alto, CA
www.computerlaw.com
**Plaintiff's Reply in
Support of Motion to Remand**    4    Case No. C-07-03892 SI

For diversity jurisdiction to stand, the plaintiff must be diverse from each defendant. Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001). Federal courts dismiss dispensable non-diverse parties to perfect diversity jurisdiction. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989). That is the exact situation here. Mosaic and Cisco are both headquartered in California, defeating complete diversity. Cisco, though, is not a party, nor a necessary party, to the *Mosaic v. Bechtolsheim* case. Therefore, to preserve diversity, the *Mosaic v. Cisco* case should be remanded.

### III. BECAUSE DIVERSITY WOULD BE DESTROYED, THE COURT CANNOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THE CISCO DISPUTE.

#### A. The Court Lacks Supplemental Jurisdiction Over the Mosaic-Cisco Dispute.

Contrary to the Defendants' assertions, Mosaic did not and does not concede, in any way, that the Court can or should exercise supplemental jurisdiction. Indeed, diversity is destroyed upon joinder of Cisco. See Section II *above*. As argued in its moving papers, the two matters are "fundamentally different." The Court does not have supplemental jurisdiction over such fundamentally different cases. 28 U.S.C. § 1367 (2007). Because the Court does not have supplemental jurisdiction over the *Mosaic v. Cisco* case, it should be remanded.

#### B. Even if the Court Could Have Supplemental Jurisdiction, Equity Demands that Such Jurisdiction Should Not be Exercised Here.

If the Court were to find that it has supplemental jurisdiction over the *Mosaic v. Cisco* case, it should nevertheless decline to exercise such jurisdiction due to the equitable factors involved. Two of the three rationales under the framework presented by Defendants prove that the equitable factors compel remand.[3]

First, as argued in the moving papers, state law issues not only predominate, they are exclusive to **both cases**. See Motion, p. 8, lns. 5-22. As shown above, there is no federal question in either complaint, such that all issues are, in fact, matters of state law. And the Complaint against Cisco does not even mention the patent or related issues at all. Because state law claims not only

---

[3] Contrary to the Defendants' arguments, Mosaic did argue in its moving papers that the Section 1367(c) factors are met here. *Compare* Opposition, p. 12, lns. 22-28, to Motion, p. 7, lns. 17-24.

dominate, but are the exclusive claims alleged in the *Mosaic v. Cisco* case, this Court should decline supplemental jurisdiction.

Second, there are many "other compelling reasons," including those argued in the Motion for why this Court should decline to exercise supplemental jurisdiction. For example, the Defendants did not challenge in any way the argument that the Superior Court has far more expertise in the *Mosaic v. Cisco* case and could see it to trial in a far more efficient manner for both parties. In other words, the compelling reason of judicial efficiency supports remand of the *Mosaic v. Cisco* case.

Other compelling reasons exist as well. A jury will be confused by any consolidation of these two cases because of the varied roles that Mr. Bechtolsheim plays in these matters. On the one hand, the case against Mr. Bechtolsheim is a case of breach of fiduciary duty of a director to the corporation he worked for. On the other hand, in the case against Cisco, Mr. Bechtolsheim's role is primarily as a Vice President of Cisco of the unit Mosaic was doing business with. This variety of roles is confusing enough as it is, but when combined with the different claims against Cisco and Mr. Bechtolsheim, the jury would be in a complicated maze that will prejudice Mosaic. This confusion constitutes another compelling reason why supplemental jurisdiction should not be exercised.

"In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity.'" Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004); see also Manufactured Home Cmtys., Inc. v. City of San Jose, 420 F.3d 1022, 1034 (9th Cir. 2005) ("[T]he court may exercise its discretion to decline supplemental jurisdiction ."). All the equitable factors show that this Court should decline to exercise supplemental jurisdiction over the *Mosaic v. Cisco* case. Accordingly, Mosaic's motion to remand should be granted.

### IV.    MOSAIC SHOULD BE AWARDED ITS ATTORNEY'S FEES.

Defendants removed this case to delay trial of this matter, not because they had any reasonable basis for removal. Therefore, Mosaic is entitled to an award of attorney's fees and costs for the bringing of this motion. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447

(c) (2007). Mosaic has incurred at least $8,000.00 in attorney's fees in bringing this Motion to Remand. Declaration of Jack Russo, ¶3-4. Mosaic should be awarded all such fees and costs.[4]

### CONCLUSION

For the foregoing reasons, the *Mosaic v. Cisco* case should be remanded to the Santa Clara Superior Court; the *Mosaic v. Bechtolsheim* case can remain in this Court; but both cases must be remanded together if the Court would otherwise destroy diversity by attempting to retain both cases here.

Dated:    October 5, 2007               Respectfully submitted,
                                         RUSSO & HALE LLP

                                         By:    /s/ Jack Russo
                                                Jack Russo

                                         Attorney for Plaintiff
                                         MOSAIC SYSTEMS, INC.

---

[4] If Defendants now seek a remand of both cases in lieu of one remaining here (*Mosaic v. Bechtolsheim*) and one being remanded (*Mosaic v. Cisco*), sanctions would certainly be appropriate given the delay and expense caused by this set of exercises.