IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAIC SYSTEMS, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREAS BECHTOLSHEIM, and DOES 1-20<br><br>    Defendants.<br>_____<br>MOSAIC SYSTEMS, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC., and DOES 1-20,<br><br>    Defendants.<br>_____/ | Case No. C 07-3892-SI<br><br>**ORDER REMANDING CONSOLIDATED CASES FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Before the Court are two motions: (1) the motion of plaintiff Mosaic Systems, Inc. to remand the Mosaic v. Cisco Systems, Inc. portion of the case to state court, and (2) defendant Bechtolsheim's motion to dismiss. The matter is scheduled for a hearing on October 19, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, the Court finds that removal to this Court was improper because the Court does not have subject matter jurisdiction. Accordingly, the Court DISMISSES both consolidated actions and REMANDS them to the Superior Court for the County of Santa Clara for further proceedings.

## PROCEDURAL BACKGROUND

On March 29, 2004, plaintiff Mosaic Systems sued defendant Cisco Systems in Santa Clara County Superior Court, alleging breach of contract and breach of the covenant of good faith and fair dealing, trade secret misappropriation, breach of fiduciary duty, constructive fraud, negligent misrepresentation, unfair competition, and other claims. These allegations arose out of Cisco's contemplated acquisition of plaintiff, which never came to fruition. Plaintiff amended its complaint several times, filing a third amended complaint against Cisco on June 7, 2005.

Subsequently, on October 13, 2006, plaintiff filed a separate action against defendant Andreas Bechtolsheim in Santa Clara County Superior Court, alleging five causes of action for (1) breach of fiduciary duty, (2) negligent misrepresentation, (3) constructive fraud, (4) concealment, and (5) statutory unfair competition. Bechtolsheim, a resident of California at the time the complaint was filed, was a former member of plaintiff's board of directors, and was also the former Vice President and General Manger of Cisco's Gigabit Systems Business Unit. Plaintiff's allegations against Bechtolsheim are factually related to the allegations in plaintiff's third amended complaint against Cisco.

On June 26, 2007, the Superior Court ordered the two cases consolidated for purposes of discovery and motions, and reserved its decision on whether to consolidate the cases for trial.

On July 3, 2007, the Superior Court sustained Bechtolsheim's demurrer to the complaint on all five causes of action, and granted plaintiff leave to amend within ten days. The court dismissed the first four causes of action because it found those claims were essentially allegations of fraud, and accordingly, they were barred by the three-year statute of limitations. The court dismissed the fifth cause of action because plaintiff had failed to state a claim.

On July 18, 2007, plaintiff filed a first amended complaint against Bechtolsheim, this time alleging eight causes of action: (1) Breach of Fiduciary Duty - Duty of Loyalty; (2) Breach of Fiduciary Duty - Duty of Honesty; (3) Breach of Fiduciary Duty - Duty of Care; (4) Breach of Fiduciary Duty - Duty of Good Faith; (5) Breach of Fiduciary Duty - Duty of Loyalty - Patent Theft; (6) Breach of Fiduciary Duty - Duty of Care - Theft of Trade Secrets; (7) Constructive Fraud; and (8) Concealment.

On July 30, 2007, defendants Cisco and Bechtolsheim removed the consolidated action to this

court pursuant to 28 U.S.C. § 1441(b) on the ground that plaintiff's new allegations regarding "patent theft" created a federal question under 35 U.S.C. § 256. Specifically, defendants contend that plaintiff's cause of action calls for resolution of a dispute over the inventorship of a patent owned by Cisco. Defendants argued that the Cisco action should be removed concurrently with the Bechtolsheim action either on the ground that the cases were consolidated, or on the ground that this Court should exercise supplemental jurisdiction pursuant to 23 U.S.C. § 1376.

Now before the Court are two motions. First, Bechtolsheim moves the Court to dismiss plaintiff's First Amended Complaint against him because: (1) the statute of limitations for fraud has run for the first, second, third, fourth, seventh, and eighth causes of action; (2) the statute of limitations for misappropriation of trade secrets has run for the sixth cause of action; and (3) the fifth cause of action is vague and ambiguous and should be dismissed so that a more definite statement can be provided. Second, plaintiff moves to remand only the Cisco action, but contends the Bechtolsheim action should remain in this Court. Plaintiff denies the existence of a federal question, however, and instead contends the Bechtolsheim action is properly before this Court because Bechtolsheim has moved his domicile from California to Nevada, creating diversity jurisdiction. Plaintiff seeks recovery of its costs and attorney's fees in bringing its motion to remand.

Before the Court may consider Bechtolsheim's motion to dismiss, it must decide whether removal was proper under 28 U.S.C. § 1441(b); that is, whether it has jurisdiction at all.

## LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c).

The existence of federal jurisdiction must be determined on the face of the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co.*

3

*v. Taylor*, 481 U.S. 58, 63 (1987). A well pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The Court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

**1.    Removal was improper**

Defendants, in their notice of removal, contend this Court has subject matter jurisdiction pursuant to 35 U.S.C. § 256. Specifically, they assert that plaintiff's first amended complaint against defendant Bechtolsheim contests the inventorship of U.S. Patent No. 7,047,385 B1 ("the '385 patent"). Defendants point to the following language in the amended complaint: "Defendant did not inform Mosaic that a patent was being filed on its ideas nor did he give credit to Plaintiff Mosaic in the '385 patent." Notice of Removal ¶ 4 (quoting First Amend. Compl. ("FAC") at 20:12-13). Defendants also quote plaintiff's assertion that Cisco employees wrongfully applied "for a patent stolen from, derived from, and based upon Plaintiff's Trade Secrets and Confidential Information and other Mosaic knowledge." *Id.* (quoting FAC at 1-20-22). Defendants contend plaintiff has raised a "substantial federal question" concerning inventorship of the '385 patent, giving rise to original and exclusive federal jurisdiction under 28 U.S.C. § 1338(a).

Plaintiff argues that the Cisco action and the Bechtolsheim action are separate, and that the Court should remand the former but not the latter. First, plaintiff asserts that removal of the Cisco action was improper because no federal question is presented in the third amended complaint against that

4

defendant. Second, plaintiff asserts that the removal of the Bechtolsheim action was improper because the first amended complaint in that action also did not present a federal question. Nevertheless, plaintiff argues that the Court should retain jurisdiction over the Bechtolsheim action because Bechtolsheim became diverse from plaintiff by establishing residence in Nevada prior to March of 2007, and that the amount in controversy exceeds $75,000.

Plaintiff relies on *Uroplasty, Inc., v. Advanced Uroscience*, 239 F.3d 1277 (Fed. Cir. 2001), for the proposition that the use of trade secrets in a patent application is not sufficient to establish federal question subject matter jurisdiction. The facts in *Uroplasty* are nearly identical to those in this case. In that case, plaintiff sued a competitor technology company alleging misappropriation of trade secrets, breach of contract, and breach of fiduciary duties. 239 F.3d at 1278. Underlying the claims was a factual allegation that the plaintiff's former chief executive officer, after leaving plaintiff to work for the competitor, filed a patent application that made improper use of plaintiff's trade secrets and confidential information. *Id.* at 1279. In remanding the case to the district court with orders to dismiss for lack of jurisdiction, the Federal Circuit reasoned:

> The only mention of a patent in Uroplasty's well-pleaded complaint are the allegations that Lawin used and divulged Uroplasty's trade secrets and confidential information by acts that included the preparation and filing of the application for the 406 patent and his involvement in the testing of urological bulking agents described in the patent. *The 406 patent may be evidence in support of Uroplasty's allegations, but the mere presence of the patent does not create a substantial issue of patent law*.

*Id.* at 1280 (emphasis added) (citing *Consol. World Housewares, Inc. v. Finkle*, 831 F.2d 261, 265 (Fed. Cir. 1987) ("[A]s this court has repeatedly said, the mere presence of a patent issue cannot of itself create a cause of action arising under the patent laws."); s*ee also AT&T Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1992) (holding that claims of misappropriation of proprietary information, breach of fiduciary duty, and breach of contract did not present a substantial question of patent law where a company sued its former employees and their new company after those employees allegedly divulged proprietary information that was later included in a patent).

In this case, just as in *Uroplasty*, plaintiff's well-pleaded complaint only mentions the patent in the context of supporting allegations that Bechtolsheim breached his fiduciary duty to plaintiff. The complaint cannot clearly be read as contesting the inventorship of the '385 patent. Although defendants

point to plaintiff's allegation that Bechtolsheim did not "give credit" to plaintiff in the '385 patent, they concede this allegation is ambiguous. Indeed, that ambiguity is the entire basis for defendant's motion to dismiss plaintiff's fifth cause of action against Bechtolsheim "so that a more definite statement can be provided" pursuant to Rule 12(e). Whether the gravamen of plaintiff's first amended complaint is a claim of fraud or a claim of breach of fiduciary duty—a question the Superior Court will have to answer—it is clearly not a challenge to patent inventorship.

Mindful that the removing party has the burden of establishing federal jurisdiction, and that all doubts must be resolved in favor of remand, the Court holds that removal was improper and that it does not have subject matter jurisdiction over the consolidated actions. Neither the first amended complaint in the Bechtolsheim action, nor the third amended complaint in the Cisco action stated a federal question. There was no basis for removal in the first instance, and thus neither case is properly before this Court.

To the extent plaintiff moves the Court to retain jurisdiction over only the Bechtolsheim action on the ground that diversity jurisdiction was created after the filing of the original complaint, the Court DENIES that portion of plaintiff's motion for two reasons. First, if there was no diversity when the original complaint was filed, defendant Bechtolsheim cannot change his citizenship to create diversity. *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002). Second, the Court notes that the defendants did not remove on the basis of diversity. Accordingly, the Court construes that part of plaintiff's motion as a separate notice of removal for which plaintiff bears the burden of establishing jurisdiction. Because a plaintiff may not remove an action, that portion of the motion is improper. *See* 28 U.S.C. § 1441(a) (a civil action "may be removed by the *defendan*t or the *defendants*") (emphasis added); *see also Southland Corp. v. Estridge*, 456 F. Supp. 1296, 1300 (C.D. Cal. 1978) (a plaintiff who has chosen to commence the action in state court cannot later remove to federal court, even to defend against a counterclaim).

### 2.     **Costs and Attorney's Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual

6

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. " *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiff's seek an award of costs and attorney's fees for bring their motion to remand. Plaintiff justifies the request by arguing that there was no basis for the removal of the Cisco action (though not the Bechtolsheim action). The Court finds, however, that plaintiff's motion to remand the Cisco action but retain the Bechtolsheim action militates against an award of fees.

## CONCLUSION

For the foregoing reasons, and for cause shown, the Court GRANTS in part and DENIES in part plaintiff's motion to remand, and DENIES plaintiff's requests for costs and fees associated with bringing that motion (Docket No. 22). The Court DECLINES to entertain defendant Bechtolsheim's motion for summary judgment (Docket No. 16). The court also GRANTS the parties' requests for judicial notice (Docket Nos. 17 and 24). The Court DISMISSES the consolidated actions for lack of subject matter jurisdiction, and REMANDS them to the Santa Clara County Superior Court for further proceedings.

**IT IS SO ORDERED.**

Dated: October 15, 2007

SUSAN ILLSTON
United States District Judge